CLOSED, JURY, PATENT

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Marshall)
## CIVIL DOCKET FOR CASE #: 2:07-cv-00176-TJW

| | |
|---|---|
| Chi Mei Optoelectronics Corporation v. LG Phillips LCD Co., LTD et al | Date Filed: 05/04/2007 |
| Assigned to: Judge T. John Ward | Date Terminated: 06/09/2008 |
| Cause: 35:271 Patent Infringement | Jury Demand: Plaintiff |
| | Nature of Suit: 830 Patent |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Chi Mei Optoelectronics Corporation**         represented by   **Melissa Richards Smith**
Gillam & Smith, LLP
*a Taiwan Corporation*                                        303 South Washington Avenue
Marshall, TX 75670
903/934-8450
Fax: 903/934-9257
Email: melissa@gillamsmithlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam S Hoffman**
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 310/203-7199
Email: ahoffman@irell.com
*ATTORNEY TO BE NOTICED*

**Alexander Chester Giza**
Irell & Manella LLP
1800 Ave of the Stars
Ste 900
Los Angeles, CA 90067-4276
310/203-7143
Fax: 13102037199
Email: agiza@irell.com
*ATTORNEY TO BE NOTICED*

**Jonathan S Kagan**
Irell & Manella - Los Angeles
1800 Avenue of the Stars

Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 310/203-7199
Email: jkagan@irell.com
*ATTORNEY TO BE NOTICED*

**Maclain Wells**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310.277.1010
Fax: 310.203.7199
Email: mwells@irell.com
*ATTORNEY TO BE NOTICED*

**William Joss Nichols**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310-277-1010
Fax: 310-203-7199
Email: JNichols@irell.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**LG Display Co. Ltd**            represented by    **Franklin Jones, Jr**
*a Korean Corporation*                             Jones & Jones - Marshall
                                                   201 W Houston St
                                                   PO Drawer 1249
                                                   Marshall, TX 75670
                                                   903/938-4395
                                                   Fax: 9039383360
                                                   Email: maizieh@millerfirm.com
                                                   *TERMINATED: 08/15/2007*

                                                   **Gaspare J Bono**
                                                   McKenna Long & Aldridge LLP
                                                   1900 K Street NW
                                                   Washington, DC 20006
                                                   202-496-7211
                                                   Fax: 202-496-7756
                                                   Email: gbono@mckennalong.com
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Jennifer Parker Ainsworth**

Wilson Sheehy Knowles Robertson &
Cornelius PC
909 ESE Loop 323
Suite 400
P.O. Box 7339
Tyler, TX 75711-7339
903-509-5000
Fax: 903-509-5092
Email: jainsworth@wilsonlawfirm.com
*ATTORNEY TO BE NOTICED*

**John William Lomas, Jr.**
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC 20006
202-496-7183
Fax: 202-496-7756
Email: jlomas@mckennalong.com
*ATTORNEY TO BE NOTICED*

**Mike C Miller**
Attorney at Law
201 W Houston
Marshall, TX 75670
903/938-4395
Fax: 19039383360
Email: mikem@millerfirm.com
*TERMINATED: 04/11/2008*

**R Tyler Goodwyn, IV**
McKenna Long & Aldridge LLP
1900 K Street NW
Washington, DC 20006
202-496-7143
Fax: 202-496-7756
Email: tgoodwyn@mckennalong.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**LG Display America, Inc**
*a California Corporation*

represented by **Franklin Jones, Jr**
(See above for address)
*TERMINATED: 08/15/2007*
*LEAD ATTORNEY*

**Gaspare J Bono**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer Parker Ainsworth**
(See above for address)

*ATTORNEY TO BE NOTICED*

**John William Lomas, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mike C Miller**
(See above for address)
*TERMINATED: 04/11/2008*

**R Tyler Goodwyn, IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

| | | |
|---|---|---|
| **Chi Mei Optoelectronics USA, Inc.** | represented by | **Adam S Hoffman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Maclain Wells**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **William Joss Nichols**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **LG Display Co, Ltd**<br>*a Korean Corporation* | represented by | **Gaspare J Bono**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **John William Lomas, Jr.**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **R Tyler Goodwyn, IV**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

| | | |
|---|---|---|
| **Chi Mei Optoelectronics Corporation**<br><br>*a Taiwan Corporation* | represented by | **Alexander Chester Giza**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **LG Display America, Inc** | represented by | **Gaspare J Bono** |

*a California Corporation*

(See above for address)
*ATTORNEY TO BE NOTICED*

**John William Lomas, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**R Tyler Goodwyn, IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**<u>Counter Defendant</u>**

**Chi Mei Optoelectronics Corporation**

*a Taiwan Corporation*

**<u>Counter Claimant</u>**

**Chi Mei Optoelectronics Corporation**    represented by  **Alexander Chester Giza**
(See above for address)
*a Taiwan Corporation*                                      *ATTORNEY TO BE NOTICED*

V.

**<u>Counter Defendant</u>**

**LG Display Co. Ltd**    represented by  **Gaspare J Bono**
*a Korean Corporation*                     (See above for address)
*ATTORNEY TO BE NOTICED*

**John William Lomas, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**R Tyler Goodwyn, IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Counter Defendant</u>**

**LG Display America, Inc**    represented by  **Gaspare J Bono**
*a California Corporation*                     (See above for address)
*ATTORNEY TO BE NOTICED*

**John William Lomas, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**R Tyler Goodwyn, IV**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**LG Display Co. Ltd**          represented by  **Gaspare J Bono**
*a Korean Corporation*                          (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **John William Lomas, Jr.**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **Mike C Miller**
                                                (See above for address)
                                                *TERMINATED: 04/11/2008*

                                                **R Tyler Goodwyn, IV**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**LG Display America, Inc**     represented by  **Gaspare J Bono**
*a California Corporation*                       (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **John William Lomas, Jr.**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **Mike C Miller**
                                                (See above for address)
                                                *TERMINATED: 04/11/2008*

                                                **R Tyler Goodwyn, IV**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Chi Mei Optoelectronics Corporation**

*a Taiwan Corporation*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/04/2007 | 1 | COMPLAINT with JURY DEMAND against LG Phillips LCD Co., LTD, LG Philips LCD America, Inc. (Filing fee $ 350.) , filed by Chi Mei Optoelectronics Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Civil Cover Sheet)(ehs, ) (Entered: 05/04/2007) |

| 05/04/2007 |   | E-GOV SEALED SUMMONS Issued as to Chi Mei Optoelectronics Corporation. (ehs, ) (Entered: 05/04/2007) |
|---|---|---|
| 05/04/2007 | 2 | Magistrate Consent Form Mailed to Chi Mei Optoelectronics Corporation (ehs, ) (Entered: 05/04/2007) |
| 05/04/2007 | 3 | Form mailed to Commissioner of Patents and Trademarks. (ehs, ) (Entered: 05/04/2007) |
| 05/04/2007 |   | Filing fee: $ 350.00, receipt number 2-1-2523 (ehs, ) (Entered: 05/04/2007) |
| 05/09/2007 | 4 | E-GOV SEALED SUMMONS Issued as to LG Phillips LCD Co., LTD, LG Philips LCD America, Inc.. (ch, ) (Entered: 05/09/2007) |
| 05/29/2007 | 5 | ***FILED IN ERROR, PLEASE IGNORE.***<br><br>NOTICE by LG Phillips LCD Co., LTD *Stipulation and Agreement Not to Contest Sufficiency of Process or Sufficiency of Service of Process and to Extend Time to Respond to the Complaint* (Attachments: # 1 Melissa Smith Signature)(Jones, Franklin) Modified on 5/30/2007 (sm, ). (Entered: 05/29/2007) |
| 05/30/2007 |   | ***FILED IN ERROR, WRONG EVENT, MUST REFILE AS A STIPULATION TO EXTEND TIME***<br><br>. Document # 5, Notice. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 05/30/2007) |
| 05/30/2007 | 6 | NOTICE of Attorney Appearance by Franklin Jones, Jr on behalf of all defendants (Jones, Franklin) (Entered: 05/30/2007) |
| 05/30/2007 | 7 | NOTICE of Attorney Appearance by Mike C Miller on behalf of all defendants (Miller, Mike) (Entered: 05/30/2007) |
| 05/30/2007 | 8 | STIPULATION *Joint Stipulation to Extend Time to File Answer* by LG Phillips LCD Co., LTD. (Jones, Franklin) (Entered: 05/30/2007) |
| 06/01/2007 |   | Answer Due Deadline Updated for LG Phillips LCD Co., LTD to 8/13/2007; LG Philips LCD America, Inc. to 8/13/2007 per stipulation filed. (sm, ) (Entered: 06/01/2007) |
| 06/15/2007 | 9 | MOTION to Change Venue *Defendants' Motion to Transfer This Case to Delaware* by LG Phillips LCD Co., LTD, LG Philips LCD America, Inc.. (Attachments: # 1 Affidavit Declaration of Mike C. Miller, Esq.# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E (Part 1 of 2)# 7 Exhibit E (Part 2 of 2)# 8 Exhibit F# 9 Exhibit G# 10 Exhibit H# 11 Text of Proposed Order Order Granting Defendants' Motion to Transfer)(Jones, Franklin) (Entered: 06/15/2007) |
| 06/27/2007 | 10 | MOTION for Extension of Time to File *Plaintiff Chi Mei Optoelectronics Corporation's Opposed Motion to Extend Time to Respond to Defendants' Motion to Transfer This Case to Delaware* by Chi Mei Optoelectronics Corporation. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) |

| | | |
|---|---|---|
| | | (Entered: 06/27/2007) |
| 06/28/2007 | 11 | RESPONSE to Motion re 10 MOTION for Extension of Time to File *Plaintiff Chi Mei Optoelectronics Corporation's Opposed Motion to Extend Time to Respond to Defendants' Motion to Transfer This Case to Delaware Defendants' Response to Plaintiff's Motion to Extend Time to Respond to Defendants' Motion to Transfer filed by LG Phillips LCD Co., LTD.* (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Text of Proposed Order)(Jones, Franklin) (Entered: 06/28/2007) |
| 06/28/2007 | 12 | APPLICATION to Appear Pro Hac Vice by Attorney Jonathan S Kagan for Chi Mei Optoelectronics Corporation (RECEIPT 2-1-2742). (rml, ) (Entered: 07/05/2007) |
| 07/09/2007 | 13 | REPLY to Response to Motion re 10 MOTION for Extension of Time to File *Plaintiff Chi Mei Optoelectronics Corporation's Opposed Motion to Extend Time to Respond to Defendants' Motion to Transfer This Case to Delaware Plaintiff Chi Mei Optoelectronics Corporation's Reply in Support of its Motion to Extend Time to Respond to Defendants' Motion to Transfer filed by Chi Mei Optoelectronics Corporation.* (Smith, Melissa) (Entered: 07/09/2007) |
| 07/10/2007 | 14 | ORDER granting 10 Pla Chi Mei Optoelectronics Corporation Opposed Motion to Extend time to Respond to Dft Motion to Transfer this case to Delaware. Deadline for response is 7/11/07. Signed by Judge T. John Ward on 7/10/07. (ch, ) (Entered: 07/10/2007) |
| 07/11/2007 | 15 | RESPONSE in Opposition re 9 MOTION to Change Venue *Defendants' Motion to Transfer This Case to Delaware Plaintiff Chi Mei Optoelectronics Corporation's Opposition to Defendants' Motion to Transfer filed by Chi Mei Optoelectronics Corporation.* (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Text of Proposed Order)(Smith, Melissa) (Entered: 07/11/2007) |
| 07/18/2007 | 16 | REPLY to Response to Motion re 9 MOTION to Change Venue *Defendants' Motion to Transfer This Case to Delaware Defendants' Reply Memorandum In Support of Their Motion to Transfer This Case To Delaware filed by LG Phillips LCD Co., LTD.* (Jones, Franklin) (Entered: 07/18/2007) |
| 07/26/2007 | 17 | NOTICE by LG Philips LCD America, Inc. *Defendants' Unopposed Notice of Entry of Order of Consolidation by the District Court of Delaware* (Attachments: # 1 Exhibit)(Jones, Franklin) (Entered: 07/26/2007) |
| 07/30/2007 | 18 | SUR-REPLY to Reply to Response to Motion re 9 MOTION to Change Venue *Defendants' Motion to Transfer This Case filed by Chi Mei Optoelectronics Corporation.* (Kagan, Jonathan) (Entered: 07/30/2007) |
| 08/06/2007 | 19 | **\*\*\*FILED IN ERROR, PLEASE IGNORE.\*\*\*** <br><br> MOTION for Extension of Time to File Response/Reply *Defendants' Opposed Motion to Extend Time to Respond to the Complaint* by LG Phillips LCD Co., LTD. (Attachments: # 1 Text of Proposed Order)(Jones, Franklin) Modified on 8/6/2007 (sm, ). (Entered: 08/06/2007) |
| | | |

| 08/06/2007 | | ***FILED IN ERROR, PER ATTY, WRONG DOCUMENT FILED, ATTY WILL REFILE*** <br><br> . Document # 19, Motion. PLEASE IGNORE.*** <br><br> (sm, ) (Entered: 08/06/2007) |
|---|---|---|
| 08/06/2007 | 20 | MOTION for Extension of Time to File Response/Reply *Defendants' Opposed Motion to Extend Time to Respond to the Complaint* by LG Phillips LCD Co., LTD. (Attachments: # 1 Text of Proposed Order)(Jones, Franklin) (Entered: 08/06/2007) |
| 08/06/2007 | 21 | RESPONSE in Opposition re 20 MOTION for Extension of Time to File Response/Reply *Defendants' Opposed Motion to Extend Time to Respond to the Complaint Plaintiff Chi Mei Optoelectronics Corporation's Opposition to Defendants' Motion to Extend Time to Respond to the Complaint filed by Chi Mei Optoelectronics Corporation.* (Attachments: # 1 Text of Proposed Order) (Smith, Melissa) (Entered: 08/06/2007) |
| 08/07/2007 | 22 | MOTION for Leave to File *Defendants' Motion for Leave to File Response to Plaintiff's Sur-Reply* by LG Phillips LCD Co., LTD. (Attachments: # 1 Exhibit A# 2 Text of Proposed Order)(Jones, Franklin) Additional attachment(s) added on 8/8/2007 (sm, ). (Entered: 08/07/2007) |
| 08/07/2007 | 23 | ORDER denying 20 Motion for Extension of Time to File Response/Reply . Signed by Judge T. John Ward on 8/7/07. (ch, ) (Entered: 08/07/2007) |
| 08/07/2007 | 24 | RESPONSE in Opposition re 22 MOTION for Leave to File *Defendants' Motion for Leave to File Response to Plaintiff's Sur-Reply Plaintiff Chi Mei Optoelectronics Corporation's Opposition to Defendants' Motion for Leave to File Response filed by Chi Mei Optoelectronics Corporation.* (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 08/07/2007) |
| 08/13/2007 | 25 | *LG Phillips LCD Co., Ltd's* ANSWER to Complaint with Jury Demand, COUNTERCLAIM *Against Plaintiff and Additional Party Chi Mei Optoelectronics USA, Inc.* against Chi Mei Optoelectronics Corporation by LG Phillips LCD Co., LTD. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E)(Miller, Mike) (Entered: 08/13/2007) |
| 08/13/2007 | 26 | *LG Phillips LCD America Inc.'s* ANSWER to Complaint with Jury Demand, COUNTERCLAIM against Chi Mei Optoelectronics Corporation by LG Philips LCD America, Inc..(Miller, Mike) (Entered: 08/13/2007) |
| 08/14/2007 | 27 | MOTION to Withdraw *Defendants' Unopposed Motion for Withdrawal of Counsel* by LG Phillips LCD Co., LTD. (Attachments: # 1 Text of Proposed Order)(Jones, Franklin) (Entered: 08/14/2007) |
| 08/15/2007 | 28 | ORDER granting 27 Dft's Unopposed Motion for Withdrawal of Counsel . Signed by Judge T. John Ward on 8/15/07. (ch, ) (Entered: 08/15/2007) |
| 08/23/2007 | 29 | MOTION for Extension of Time to File *Agreed and Stipulated Motion for Extension of Time to Answer or Otherwise Respond to Defendants' Counterclaims and Waiver of Service of Process* by Chi Mei Optoelectronics |

| | | |
|---|---|---|
| | | Corporation. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 08/23/2007) |
| 08/23/2007 | 30 | ORDER granting 22 Defendants' Motion for Leave to File Response to Plaintiff's Sur-reply. Plaintiff's response to Defendants' Response to Plaintiff's Sur-reply Regarding the Motion to Transfer this Case to Delaware should be filed within five (5) business days of this order. Such response should not exceed two (2) pages. Signed by Judge T. John Ward on 8/23/07. (kjr, ) (Entered: 08/23/2007) |
| 08/24/2007 | 31 | ORDER granting 29 Motion for Extension of Time to File response to deft's counterclaims. Deadline for pltf to file their response extended to 10/9/07. Signed by Judge T. John Ward on 8/24/07. (ehs, ) (Entered: 08/24/2007) |
| 08/30/2007 | 32 | SURREPLY to SURREPLY to REPLY to Response to Motion re 9 MOTION to Change Venue, Defendants' Motion to Transfer This Case to Delaware< (Plaintiff Chi Mei Optoelectronics Corporation's Response to Defendants' Supplemental Brief Regarding Its Motion to Transfer RE: 30 order) *filed by Chi Mei Optoelectronics Corporation*. (Smith, Melissa) Modified on 8/31/2007 (sm, ). (Entered: 08/30/2007) |
| 09/04/2007 | 33 | Additional Attachments to Main Document: 32 Reply to Response to Motion,.. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Smith, Melissa) (Entered: 09/04/2007) |
| 10/04/2007 | 34 | APPLICATION to Appear Pro Hac Vice by Attorney Alexander Chester Giza for Chi Mei Optoelectronics Corporation. (APPROVED) (FEE PAID) 2-1-3084 (ch, ) (Entered: 10/05/2007) |
| 10/09/2007 | 35 | *CMO's and CMO USA's* ANSWER to Counterclaim *by LPL*, COUNTERCLAIM against all defendants by Chi Mei Optoelectronics Corporation(a Taiwan Corporation). (Attachments: # 1 Exhibit Ex A to Reply/Counterclaims# 2 Exhibit Ex B to Reply/Counterclaims)(Giza, Alexander) (Entered: 10/09/2007) |
| 10/09/2007 | 36 | *CMO's* ANSWER to Counterclaim *by LPLA* by Chi Mei Optoelectronics Corporation(a Taiwan Corporation).(Giza, Alexander) (Entered: 10/09/2007) |
| 10/23/2007 | 37 | EARLY DISCOVERY ORDER - the court, sua sponte, orders the following. Signed by Judge T. John Ward on 10/23/07. (ch, ) (Entered: 10/23/2007) |
| 11/02/2007 | 38 | *LG Phillips LCD Co., Ltd.'s and LG Philips LCD America Inc.'s* ANSWER to Counterclaim *(CMO's Related Counterclaims)*, COUNTERCLAIM *LG. Philips Co., Ltd's and LG. Phillips LCD America Inc,'s Related Counterclaims* against Chi Mei Optoelectronics Corporation by LG Phillips LCD Co., LTD, LG Philips LCD America, Inc..(Miller, Mike) (Entered: 11/02/2007) |
| 11/08/2007 | 39 | NOTICE by LG Phillips LCD Co., LTD *Notice of Compliance with PR 3-1* (Miller, Mike) (Entered: 11/08/2007) |
| 11/08/2007 | 40 | NOTICE of Disclosure by Chi Mei Optoelectronics Corporation *Compliance with PR 3-1 & 3-2* (Giza, Alexander) (Entered: 11/08/2007) |
| 11/26/2007 | 41 | ANSWER to Counterclaim *of LPL and LPLA* by Chi Mei Optoelectronics |

| | | Corporation.(Giza, Alexander) (Entered: 11/26/2007) |
|---|---|---|
| 12/11/2007 | 42 | ORDER - Status Conference set for 1/8/2008 09:00 AM before Judge T. John Ward and Judge Chad Everingham. Signed by Judge T. John Ward on 12/11/07. (ch, ) (Entered: 12/11/2007) |
| 12/13/2007 | 43 | NOTICE of Attorney Appearance by R Tyler Goodwyn, IV on behalf of LG Phillips LCD Co., LTD, LG Philips LCD America, Inc. (Goodwyn, R) (Entered: 12/13/2007) |
| 12/13/2007 | 44 | NOTICE of Attorney Appearance by Gaspare J Bono on behalf of LG Phillips LCD Co., LTD, LG Philips LCD America, Inc. (Bono, Gaspare) (Entered: 12/13/2007) |
| 12/14/2007 | 45 | NOTICE by LG Phillips LCD Co., LTD, LG Philips LCD America, Inc. re 9 MOTION to Change Venue *Defendants' Motion to Transfer This Case to Delaware Notice of Case Reassignment by the District Court of Delaware Related to Defendants' Pending Motion to Transfer this Case to Delaware* (Attachments: # 1 Exhibit A# 2 Exhibit B)(Miller, Mike) (Entered: 12/14/2007) |
| 12/26/2007 | 46 | NOTICE of Attorney Appearance by John William Lomas, Jr on behalf of LG Phillips LCD Co., LTD, LG Philips LCD America, Inc. (Lomas, John) (Entered: 12/26/2007) |
| 12/27/2007 | 47 | NOTICE by LG Phillips LCD Co., LTD, LG Philips LCD America, Inc. *of Compliance with P.R. 3-3* (Lomas, John) (Entered: 12/27/2007) |
| 12/28/2007 | 48 | NOTICE of Disclosure by Chi Mei Optoelectronics USA, Inc., Chi Mei Optoelectronics Corporation *Compliance with P.R. 3-3 & 3-4* (Giza, Alexander) (Entered: 12/28/2007) |
| 01/07/2008 | 49 | NOTICE by Chi Mei Optoelectronics Corporation re 45 Notice (Other), Notice (Other) *regarding Delaware case* (Giza, Alexander) (Entered: 01/07/2008) |
| 01/08/2008 | | Minute Entry for proceedings held before Judge T. John Ward and Judge Chad Everingham: Status Conference held on 1/8/2008. Claim construction hearing date and trial date were given to parties. Parties are to meet and confer regarding a scheduling order and discovery order. (Court Reporter Susan Simmons.) (shd, ) (Entered: 01/09/2008) |
| 01/08/2008 | 50 | Minute Entry for proceedings held before Judge T. John Ward and Judge Charles Everingham: Status Conference held on 1/8/08. Counsel for the parties appeared and were asked if they consented to Judge Everingham. Depending on their answer, they were then given Markman and jury selection dates for the appropriate court. The parties are to meet and confer regarding a scheduling order and discovery order, and the parties have 14 days to submit the proposed orders. The Court further instructed the parties that the time for complying with P.R. 3-1 would be 10 days after the date of the parties filing their proposed orders. Court Adjourned. (Court Reporter Susan Simmons) (jml) (Entered: 01/09/2008) |
| 01/09/2008 | 51 | ORDER - parties shall submit their proposed docket control and discovery orders to the court on January 22, 2007. Deadlines under the local patent rules, the court deems February 5, 2007 to be the date of the initial case management |

| | | |
|---|---|---|
| | | conference. Disclosure of Asserted Claims and Infringement Contentions is due on February 19, 2007.. Signed by Judge T. John Ward on 1/9/08. (ch, ) (Entered: 01/09/2008) |
| 01/10/2008 | 52 | APPLICATION to Appear Pro Hac Vice by Attorney William Joss Nichols for Chi Mei Optoelectronics USA, Inc. and Chi Mei Optoelectronics Corporation. (APPROVED)(FEE PAID) 2-1-3381 (ch, ) (Entered: 01/11/2008) |
| 01/10/2008 | 53 | APPLICATION to Appear Pro Hac Vice by Attorney Maclain Wells for Chi Mei Optoelectronics USA, Inc. and Chi Mei Optoelectronics Corporation. (APPROVED)(FEE PAID) 2-1-3381 (ch, ) (Entered: 01/11/2008) |
| 01/10/2008 | 54 | APPLICATION to Appear Pro Hac Vice by Attorney Adam S Hoffman for Chi Mei Optoelectronics USA, Inc. and Chi Mei Optoelectronics Corporation. (APPROVED)(FEE PAID) 2-1-3381 (ch, ) (Entered: 01/11/2008) |
| 01/23/2008 | 55 | NOTICE of filing proposed docket control and discovery orders by Chi Mei Optoelectronics Corporation, LG Phillips LCD Co., LTD, LG Philips LCD America, Inc. (Attachments: # 1 Proposed Discovery Order)(ehs, ) (Entered: 01/23/2008) |
| 02/01/2008 | 56 | DISCOVERY ORDER. Signed by Judge T. John Ward on 2/1/08. (ch, ) (Entered: 02/01/2008) |
| 02/15/2008 | 57 | NOTICE by LG Phillips LCD Co., LTD *Notice of Setting of Trial Date in Related Delaware Case Relevant to Defendants' Pending Motion to Transfer This Case to Delaware* (Miller, Mike) (Entered: 02/15/2008) |
| 03/04/2008 | 58 | DOCKET CONTROL ORDER - Amended Pleadings due by 11/15/2008.,Discovery due by 7/7/2009.,Joinder of Parties due by 8/1/2008.,Markman Hearing set for 5/7/2009 09:00 AM before Judge T. John Ward.,Motions due by 7/17/2009.,Proposed Pretrial Order due by 7/13/2009., Jury Selection set for 8/3/2009 09:00AM before Judge T. John Ward., Pretrial Conference set for 7/24/2009 09:00 AM before Judge T. John Ward. Mediation deadline 7/7/09. All other deadlines are set forth herein. Signed by Judge T. John Ward on 3/4/08. (ch, ) (Entered: 03/04/2008) |
| 03/05/2008 | 59 | NOTICE of Disclosure by Chi Mei Optoelectronics Corporation (Smith, Melissa) (Entered: 03/05/2008) |
| 03/05/2008 | 60 | NOTICE of Disclosure by LG Phillips LCD Co., LTD, LG Philips LCD America, Inc. (Lomas, John) (Entered: 03/05/2008) |
| 03/10/2008 | 61 | NOTICE by LG Phillips LCD Co., LTD, LG Philips LCD America, Inc. *of Party Name Change* (Lomas, John) (Entered: 03/10/2008) |
| 03/18/2008 | 62 | NOTICE of Attorney Appearance by Jennifer Parker Ainsworth on behalf of LG Phillips LCD Co., LTD, LG Philips LCD America, Inc. (Ainsworth, Jennifer) (Entered: 03/18/2008) |
| 03/18/2008 | 63 | Consent MOTION for Name Changes of Defendants/Counterclaim Plaintiffs and to Amend the Case Caption by LG Phillips LCD Co., LTD, LG Philips LCD America, Inc.. (Attachments: # 1 Text of Proposed Order)(Ainsworth, Jennifer) (Entered: 03/18/2008) |

| | | |
|---|---|---|
| 03/24/2008 | 64 | ORDER granting 63 Motion for Name change of Dft/Counterclaim Plaintiffs and to Amend the case caption. Accordingly, LG Display Co Ltd is the named dft in this action and replaces LG Philips LCD Co Ltd. Also LG Display America, Inc. is the named dft in this action and replaces LG Philips LCD America, Inc. All future filing should reflect such change. Signed by Judge T. John Ward on 3/24/08. (ch, ) (Entered: 03/24/2008) |
| 03/31/2008 | 65 | MEMORANDUM OPINION and ORDER - granting deft's motion to transfer this case to the District of Delaware. Signed by Judge T. John Ward on 3/31/08. (ehs, ) (Entered: 03/31/2008) |
| 03/31/2008 | | Pursuant to Local Rule 83(b) Clerk will hold the transfer of this case for twenty days pending a response by the parties (ehs, ) (Entered: 03/31/2008) |
| 04/07/2008 | 66 | MOTION for Extension of Time to Complete Discovery *Plaintiff Chi Mei Optoelectronics Corporation's Opposed Motion to Extend The Time to Respond to Defendant LG Display Co. LTD's First Set of Interrogatories* by Chi Mei Optoelectronics Corporation. (Attachments: # 1 Exhibit A# 2 Text of Proposed Order)(Smith, Melissa) (Entered: 04/07/2008) |
| 04/08/2008 | 67 | RESPONSE in Opposition re 66 MOTION for Extension of Time to Complete Discovery *Plaintiff Chi Mei Optoelectronics Corporation's Opposed Motion to Extend The Time to Respond to Defendant LG Display Co. LTD's First Set of Interrogatories filed by* LG Display Co. Ltd. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(Ainsworth, Jennifer) (Entered: 04/08/2008) |
| 04/09/2008 | 68 | REPLY TO RESPONSE TO 66 MOTION for Extension of Time to Complete Discovery *Plaintiff Chi Mei Optoelectronics Corporation's Opposed Motion to Extend The Time to Respond to Defendant LG Display Co. LTD's First Set of Interrogatories Plaintiff Chi Mei Optoelectronics Corporation's Reply in Support of Its Opposed Motion to Extend the Time to Respond to Defendant LG Display Co., Ltd.'s First Set of Interrogatories filed by* Chi Mei Optoelectronics Corporation. (Smith, Melissa) Modified on 4/10/2008 (sm, ). (Entered: 04/09/2008) |
| 04/09/2008 | 69 | MOTION to Withdraw as Attorney by LG Display Co. Ltd. (Attachments: # 1 Text of Proposed Order)(Miller, Mike) (Entered: 04/09/2008) |
| 04/10/2008 | | NOTICE FROM CLERK re 68 Response in Support of Motion. THis entry has been modified to reflect that it is a REPLY. (sm, ) (Entered: 04/10/2008) |
| 04/11/2008 | 70 | ORDER granting 69 Motion to Withdraw as Attorney. Attorney Mike C Miller terminated. Signed by Judge T. John Ward on 4/11/08. (ehs, ) (Entered: 04/11/2008) |
| 04/15/2008 | 71 | STIPULATION re 66 MOTION for Extension of Time to Complete Discovery *Plaintiff Chi Mei Optoelectronics Corporation's Opposed Motion to Extend The Time to Respond to Defendant LG Display Co. LTD's First Set of Interrogatories* by Chi Mei Optoelectronics Corporation, LG Display Co. Ltd, LG Display America, Inc. (Ainsworth, Jennifer) (Entered: 04/15/2008) |
| 04/18/2008 | 72 | NOTICE by Chi Mei Optoelectronics Corporation re 65 Memorandum & |

| | | |
|---|---|---|
| | | Opinion *Plaintiff Chi Mei Optoelectronics Corporation's Request for Reconsideration of Order Granting LG Display's Motion to Transfer* (Attachments: # 1 Exhibit A)(Smith, Melissa) (Entered: 04/18/2008) |
| 04/21/2008 | 73 | NOTICE by LG Display Co. Ltd, LG Display America, Inc re 72 Notice (Other), Notice (Other) *(Response to Plaintiff's Request for Reconsideration of Order Granting LG Display's Motion to Transfer)* (Ainsworth, Jennifer) (Entered: 04/21/2008) |
| 04/30/2008 | 74 | NOTICE by LG Display Co. Ltd, LG Display America, Inc *(Notice of Order Denying CMO's Motion to Dismiss in Related Delaware Case That Establishes CMO's Pending Request for Reconsideration of This Court's Transfer Order Should be Denied)* (Attachments: # 1 Exhibit A# 2 Exhibit B)(Ainsworth, Jennifer) (Entered: 04/30/2008) |
| 05/27/2008 | 75 | ORDER - before the court is Plaintiffs Notice of Request for Reconsideration of Order granting LG Display's Motion to Transfer 72 and related briefing. Though filed as notice, the court treats this as a motion for reconsideration. After careful consideration, this motion is DENIED. The court reaffirms its ruling in the Memorandum Opinion and order issued on 3/31/08. Doc # 65 . Signed by Judge T. John Ward on 5/27/08. (ch, ) (Entered: 05/27/2008) |
| 06/09/2008 | | Interdistrict transfer to the District of Delaware. Certified copy of Docket Sheet, Complaint, and transfer order were sent to US District Court District of Delaware, J. Caleb Boggs Federal Building, Lockbox 18, 844 North King Street, Wilmington, DE 19801 (ch, ) (Entered: 06/09/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/13/2008 08:48:44 | | | |
| **PACER Login:** | ud0037 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-00176-TJW |
| **Billable Pages:** | 9 | **Cost:** | 0.72 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation | Civil Action No. 2:07-CV-00176-TJW |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation, | |
| Defendants. | |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., | |
| Counterclaim Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation | |
| Counterclaim Defendants. | |

## CHI MEI OPTOELECTRONICS CORPORATION'S
## REPLY TO LG.PHILIPS LCD AMERICA, INC.'S COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Chi Mei Optoelectronics Corp. ("CMO") hereby

replies to the allegations of Defendant and Counterclaim Plaintiff LG.Philips LCD America, Inc.

("LPLA") set forth in Paragraphs 48-67 of its Counterclaims ("LPLA Counterclaims").  In a

separate pleading filed concurrently, CMO asserts additional related counterclaims against

Defendants and Counterclaim Plaintiffs LG.Philips LCD Co., Ltd. and LPLA (collectively

"Defendants").

## CMO'S REPLY TO THE LPLA COUNTERCLAIMS

1.       Answering Paragraph 48 of the LPLA Counterclaims, CMO admits that LPLA asserts counterclaims against CMO but denies that LPLA is entitled to any of the relief it seeks. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

2.       Answering Paragraph 49 of the LPLA Counterclaims, CMO admits that Defendant LPLA is a corporation organized and existing under the laws of California, having its principal place of business at 150 East Brokaw Road, San Jose, California 95112.

3.       Answering Paragraph 50 of the LPLA Counterclaims, CMO admits that it is a Taiwanese corporation having its principal place of business in Tainan, Taiwan 74147, R.O.C. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

4.       Answering Paragraph 51 of the LPLA Counterclaims, CMO admits this paragraph.

5.       Answering Paragraph 52 of the LPLA Counterclaims, CMO admits that LPLA purports to base its Counterclaims on 35 U.S.C. § 100 *et seq*. and that there is a justiciable controversy between LPLA and CMO regarding the validity and infringement of the claims of United States Patent Nos. 6,008,786 ("the '786 Patent"); 6,013,923 ("the '923 Patent"); 5,619,352 ("the '352 Patent"); and 6,734,926 ("the '926 Patent") (collectively "the CMO Patents").  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

6.       Answering Paragraph 53 of the LPLA Counterclaims, CMO admits that LPLA alleges that the Court has jurisdiction over the Counterclaims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.   Insofar as the allegations of this paragraph purport to state legal conclusions, no response thereto is required.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

7.      Answering Paragraph 54 of the LPLA Counterclaims, CMO admits the allegations of this paragraph, except that, insofar as the allegations of this paragraph purport to state legal conclusions, no response thereto is required.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

**RESPONSE TO COUNTERCLAIM COUNT I**
**CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF**
**THE '786 PATENT, THE '923 PATENT, THE '352 PATENT,**
**AND THE '926 PATENT AGAINST CMO**

8.      Answering Paragraph 55 of the LPLA Counterclaims, CMO refers to and incorporates its above responses to Paragraphs 48-54 of the LPLA Counterclaims.

9.      Answering Paragraph 56 of the LPLA Counterclaims, CMO admits the allegations of this paragraph.

10.     Answering Paragraph 57 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

11.     Answering Paragraph 58 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

12.     Answering Paragraph 59 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

13.     Answering Paragraph 60 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

14.     Answering Paragraph 61 of the LPLA Counterclaims, CMO admits that it has asserted the CMO Patents against Defendants.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

**RESPONSE TO COUNTERCLAIM COUNT II**
**CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF**
**THE '786 PATENT, THE '923 PATENT, THE '352 PATENT,**
**AND THE '926 PATENT AGAINST CMO**

15.     Answering Paragraph 62 of the LPLA Counterclaims, CMO refers to and incorporates its above responses to Paragraphs 48-61 of the LPLA Counterclaims.

16.     Answering Paragraph 63 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

17.     Answering Paragraph 64 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

18.     Answering Paragraph 65 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

19.     Answering Paragraph 66 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

20.     Answering Paragraph 67 of the LPLA Counterclaims, CMO admits that it has asserted the CMO Patents against Defendants.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

## AFFIRMATIVE DEFENSES

CMO asserts the following affirmative defenses.  CMO also reserves the right to add defenses that may be supported by the facts upon the completion of discovery.

### First Affirmative Defense

21.     LPLA has failed to state a claim for which relief can be granted.

## PRAYER FOR RELIEF ON LPLA'S COUNTERCLAIMS

WHEREFORE, CMO demands judgment against LPLA by:

a.      An order and decree that the CMO Patents are infringed by LPLA;

b.      An order and decree that the CMO Patents are not invalid;

c.      Granting the relief requested in CMO's Complaint against Defendants.

d.      Dismissing LPLA's Counterclaims with prejudice;

e.      A determination that LPLA take nothing by reason of its Counterclaims;

f.      A determination that no equitable relief issues to LPLA;

g.      A determination that no monetary relief be awarded to LPLA;

h.      A determination that no costs or attorneys' fees be awarded to LPLA;

i.      A determination that CMO be awarded its costs and attorneys' fees incurred in

defense against the LPLA Counterclaims; and

j.      Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Counterclaimant Chi Mei Optoelectronics hereby demands trial by jury on all issues.

Dated:  October 9, 2007                     Respectfully submitted,


By:     /s/ Alexander C.D. Giza
      Alexander C.D. Giza

GILLAM & SMITH
Melissa Smith (Attorney-in-Charge)
303 S. Washington Ave.
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Of counsel:
IRELL & MANELLA LLP
Jonathan S. Kagan
Alexander C.D. Giza
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067

Attorneys for Plaintiff and Counterdefendants
Chi Mei Optoelectronics and
Chi Mei Optoelectronics USA

### Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in

compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who

have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P.

5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to

electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this

the 9th day of October, 2007.

      /s/ Alexander C.D. Giza

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORP. | § | |
| | § | |
| V. | § | CIVIL NO. 2:07-CV-176(TJW) |
| | § | |
| LG PHILLIPS LCD CO., LTD, ET AL. | § | |

**O R D E R**

The court, *sua sponte*, orders the following:

1.    Any party claiming patent infringement shall comply with P.R. 3-1 and 3-2 within 15 days from the date of this order;

2.    Any party opposing a claim of patent infringement shall comply with P.R. 3-3 and 3-4 in accordance with the deadline provided in those rules;

3.    The parties may conduct discovery relevant to these disclosures subject to the following limitations: 30 interrogatories per side; 30 requests for admission per side; 30 requests for production per side; 25 hours of party depositions per side; 25 hours of third-party depositions per side; the depositions of any inventors; and unlimited depositions on written questions directed toward third parties.  Discovery "relevant to these disclosures" includes discovery relating to the technical operation of the accused products, as well as the identity of and technical operation of any products reasonably similar to any accused product.  It also includes discovery into the scope and content of any identified prior art references, as well as any issues related to whether the reference in fact constitutes prior art.

4.    The parties may also conduct discovery into any jurisdictional issues, subject to the above limits.

5.    The provisions of the Patent Rules, including P.R. 2-2, will apply to discovery conducted pursuant to this order.

6.    Consistent with the court's calendar, the court will set this case for a Scheduling Conference at a future date and time to address requests for additional discovery.

SIGNED this 23rd day of October, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>Defendants. | Civil Action No. 2:07-cv-00176-TJW<br><br>**JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**LG.PHILIPS LCD CO., LTD.'S AND LG.PHILIPS LCD AMERICA INC.'S
ANSWER TO CMO'S RELATED COUNTERCLAIMS AND
LG.PHILIPS LCD CO., LTD.'S AND LG.PHILIPS LCD AMERICA INC.'S
RELATED COUNTERCLAIMS**

Defendants LG.Philips LCD Co., Ltd. ("LPL") and LG.Philips LCD America, Inc.

("LPLA") (collectively "Defendants"), by and through their undersigned counsel, hereby

file their Answer to Chi Mei Optoelectronics Corporation's ("CMO") Related

Counterclaims in the above titled action, filed on or about October 9, 2007, assert

affirmative defenses to those claims, and assert counterclaims against CMO. A jury trial is demanded for all claims so triable.

## RESPONSE TO CMO'S COUNTERCLAIMS

1.    Defendants admit that CMO purports to assert claims arising under the patent laws of the United States, but deny the remaining allegations in paragraph 1 of CMO's Counterclaims.

2.    Defendants admit that CMO purports to assert claims arising under the patent laws of the United States, but deny the remaining allegations in paragraph 2 of CMO's Counterclaims.

3.    Defendants admit that this Court has subject matter jurisdiction over CMO's Counterclaims, but the remaining allegations in paragraph 3 of CMO's Counterclaims are conclusions of law to which Defendants need not respond.

4.    Defendants admit they have asserted counterclaims in the present action but otherwise deny the allegations in paragraph 4 of CMO's Counterclaims.

5.    Defendants admit the allegations in paragraph 5 of CMO's Counterclaims.

6.    Defendants admit the allegations in paragraph 6 of CMO's Counterclaims.

7.    Defendants admit the allegations in paragraph 7 of CMO's Counterclaims.

8.    Defendants deny the allegations in paragraph 8 of CMO's Counterclaims.

9.    Defendants admit that LPL has sales offices in California, Texas (Austin and Houston), North Carolina, and Illinois, but deny the remaining allegations in paragraph 9 of CMO's Counterclaims.

10.    Defendants deny the allegations in paragraph 10 of CMO's Counterclaims.

11.    Defendants deny the allegations in paragraph 11 of CMO's Counterclaims.

## RESPONSE TO COUNTERCLAIM I

12.     LPL hereby incorporates paragraphs 1-11 above as though fully set forth herein.

13.     LPL denies the allegations in paragraph 13 of CMO's Counterclaims.

14.     LPL denies the allegations in paragraph 14 of CMO's Counterclaims.

15.     LPL admits there is a justiciable controversy between LPL and CMO regarding the validity and infringement of the claims of United States Patent Nos. 5,905,274 ("the '274 Patent"), 6,815,321 ("the '321 Patent"), 7,176,489 ("the '489 Patent"), 6,803,984 ("the '984 Patent"), and 7,218,374 ("the '374 Patent") (collectively "the LPL Patents"), but denies the remaining allegations in paragraph 15 of CMO's Counterclaims.

## RESPONSE TO COUNTERCLAIM II

16.     Defendants admit that Exhibit A to the Complaint purports to be a copy of United States Patent No. 6,134,092 entitled "Illumination Device for Non-emissive Displays" ("the '092 Patent"), but Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 16 of CMO's Counterclaims, and therefore deny them.

17.     Defendants deny the allegations in paragraph 17 of CMO's Counterclaims.

18.     Defendants deny the allegations in paragraph 18 of CMO's Counterclaims.

19.     Defendants deny the allegations in paragraph 19 of CMO's Counterclaims.

20.     Defendants deny the allegations in paragraph 20 of CMO's Counterclaims.

21.     Defendants deny the allegations in paragraph 21 of CMO's Counterclaims.

22.     Defendants deny the allegations in paragraph 22 of CMO's Counterclaims.

## RESPONSE TO COUNTERCLAIM III

23.     Defendants admit that Exhibit B to the Complaint purports to be a copy of United States Patent No. 7,280,179 entitled "Liquid Crystal Display Cell and Method for Manufacturing the Same" ("the '179 Patent"), but Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 23 of CMO's Counterclaims, and therefore deny them.

24.     Defendants deny the allegations in paragraph 24 of CMO's Counterclaims.

25.     Defendants deny the allegations in paragraph 25 of CMO's Counterclaims.

26.     Defendants deny the allegations in paragraph 26 of CMO's Counterclaims.

27.     Defendants deny the allegations in paragraph 27 of CMO's Counterclaims.

28.     Defendants deny the allegations in paragraph 28 of CMO's Counterclaims.

29.     Defendants deny the allegations in paragraph 29 of CMO's Counterclaims.

## RESPONSE TO PRAYER FOR RELIEF ON CMO'S COUNTERCLAIMS

As to paragraphs a through n of the Prayer For Relief, Defendants deny that CMO is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the foregoing denials, and without prejudice to Defendants' right to plead additional defenses as discovery into the facts of the matter warrants, Defendants hereby assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

30.     CMO has failed to state a claim for which relief can be granted.

4

## SECOND AFFIRMATIVE DEFENSE

31.    One or more claims of the '092 Patent and the '179 Patent (collectively "the CMO Patents") are invalid for failing to meet one or more of the requisite conditions or requirements for patentability specified by 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

32.    Defendants' products have not and do not infringe any claim of the CMO Patents, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

33.    Defendants have not directly or indirectly contributed to the infringement of, nor induced another to infringe, the CMO Patents.

## FIFTH AFFIRMATIVE DEFENSE

34.    Pursuant to 35 U.S.C. § 287(b), Defendants are not liable for damages for infringement under any section of 35 U.S.C. § 271 before receiving notice of CMO's allegations of infringement in this action.

## SIXTH AFFIRMATIVE DEFENSE

35.    CMO is not entitled to injunctive relief because, among other things, any injury to it is not immediate or irreparable and CMO has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

36.    CMO's '174 Patent is unenforceable due to inequitable conduct, including, but not limited to the allegations set forth in Counterclaim IX below, which are incorporated herein.

## LPL'S AND LPLA'S COUNTERCLAIMS AGAINST CMO

37.     By these Counterclaims and pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiffs LG.Philips LCD Co., Ltd. ("LPL") and LG.Philips LCD America, Inc. ("LPLA") (collectively "Counterclaim Plaintiffs") seek declaratory relief against Plaintiff Chi Mei Optoelectronics Corporation ("CMO").

38.     Counterclaim Plaintiff LPL is a Korean corporation having its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

39.     Counterclaim Plaintiff LPLA is a California corporation having its principal place of business at 150 East Brokaw Road, San Jose, California 95112-4203.

40.     Counterclaim Defendant CMO is a Taiwanese corporation, having its principal place of business at 2F, No. 1, Chi-Yeh Road, Tainan Science Based Industrial Park, Hsinshih Hsiang, Tainan Hsien 710,  TAIWAN 74147, R.O.C.

41.     CMO claims to be the owner of United States Patent No. 6,134,092 ("the '092 Patent") and United States Patent No. 7,280,179 ("the '179 Patent") (collectively "the CMO Patents").

42.     These Counterclaims are brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, are based upon an actual controversy between Counterclaim Plaintiffs and CMO regarding the validity and infringement of the claims of the CMO Patents, and are intended to provide appropriate and necessary declaratory relief.

43.    This Court has jurisdiction over the Counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.

44.    This Court has personal jurisdiction over CMO and venue is proper in this judicial district because, *inter alia*, CMO has submitted itself to the jurisdiction of this Court.

## COUNTERCLAIM COUNT VIII
## CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE '092 PATENT AND THE '179 PATENT AGAINST CMO

45.    Counterclaim Plaintiffs hereby incorporate paragraphs 1-44 above as though fully set forth herein.

46.    CMO has accused Counterclaim Plaintiffs of infringing the CMO Patents, as such, there is a substantial controversy between the parties having adverse legal interests.

47.    Claims of the '092 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

48.    Claims of the '179 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

49.    Because CMO has asserted the CMO Patents against Counterclaim Plaintiffs, thereby creating an actual controversy, declaratory relief is both appropriate and necessary to establish that one or more of the claims of the '092 Patent and the '179 Patent are invalid.

## COUNTERCLAIM COUNT IX
## CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '092 PATENT AND THE '179 PATENT AGAINST CMO

50.     Counterclaim Plaintiffs hereby incorporate paragraphs 1-49 above as though fully set forth herein.

51.     Counterclaim Plaintiffs' LCD modules and/or methods of lighting LCD modules do not infringe any claim of the '092 Patent, either literally or under the doctrine of equivalents.

52.     Counterclaim Plaintiffs' LCD panels and/or methods for manufacturing LCD panels do not infringe any claim of the '179 Patent, either literally or under the doctrine of equivalents.

53.     Because CMO maintains that Counterclaim Plaintiffs infringe the CMO Patents, thereby creating an actual controversy, a declaration of rights between Counterclaim Plaintiffs and CMO is both appropriate and necessary to establish that Counterclaim Plaintiffs have not infringed and do not infringe any claim of the '092 Patent or the '179 Patent.

## COUNTERCLAIM COUNT X
## CLAIM FOR DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '179 PATENT AGAINST CMO

54.     Counterclaim Plaintiffs hereby incorporate paragraphs 1-53 above as though fully set forth herein.

55.     The '179 Patent relates to liquid crystal display cell with a sealing member including a main portion that encloses a display region of the liquid crystal display cell and a protrusion part extending from the main portion.

56.    The listed inventors Hsin-Yi Hsu, Shang-Tai Tsa; the assignee of the patent, CMO; and/or one or more individuals involved with the filing and prosecution of the '179 Patent had knowledge of material prior art references disclosing, among other features, a main sealant enclosing a display region having no injection hole, and on information and belief, willfully and with the intent to deceive the United States Patent and Trademark Office ("USPTO") refrained from disclosing such references to the USPTO.   Such prior art references include, but are not limited to, U.S. Patent No. 7,219,374 ("the '374 Patent").

57.    The application for the '374 Patent, Serial No. 10/184,118, was filed on June 28, 2002, claiming priority for earlier-filed Korean Patent Application No. 2002-8900, filed in Korea on February 20, 2002.  The application for the '374 Patent published in the United States on August 21, 2003 as Publication No. US 2003/0156246 A1.

58.    The '374 Patent and its teachings were highly material to the patentability of one or more claims of the '179 Patent during its prosecution.  The '374 Patent establishes, individually and in combination with other information, a prima facie case of unpatentability of one or more claims of the '179 Patent, as it (among other prior art) renders one or more of the claims of the '179 Patent invalid under 35 U.S.C. § § 102 and 103.  On information and belief, the '374 Patent would have been viewed as important by a reasonable Examiner.  Further, the '374 Patent was not cumulative of other art of record in the application leading to the '179 Patent.

59.    On information and belief, the listed inventors, the assignee, and/or one or more individuals involved with the filing and prosecution of the '179 Patent had knowledge of the '374 Patent during the prosecution in the United States of application

number 10/921,508, filed on August 19, 2004, which led to the '179 Patent. The '179 Patent claims foreign priority to earlier-filed Taiwanese Patent Application No. 92130636, filed in Taiwan on November 3, 2003.

60.    On August 10, 2004, each named inventor of the '179 Patent signed a declaration stating, in part, "I/we acknowledge the duty to disclose information which is material to patentability as defined in 37 C.F.R. 1.56." This declaration was filed in the USPTO as part of the prosecution record for the '179 Patent.

61.    A Notice of Allowance for the application that issued as the '179 Patent was mailed by the USPTO on June 5, 2007 and attorneys for CMO paid the issue fee and signed and submitted the Issue Fee Transmittal to the USPTO on September 4, 2007.

62.    On August 8, 2007, during the prosecution of the application that issued as the '179 Patent and before payment of the issue fee or issuance of the '179 Patent, LPL filed its First Amended Answer to AU Optronics's Amended Counterclaims and Additional Counterclaims in the United States District Court for the District of Delaware, Civil Action No. 06-726-GMS ("LPL's First Amended Answer"). LPL asserted that CMO infringed and induced infringement of the '374 Patent. A copy of the '374 Patent was filed as Exhibit C to LPL's First Amended Answer, which was served on CMO through its counsel, Messrs. Philip Rovner and David Moore of Potter Anderson & Corroon LLP and Messrs. Kenneth R. Adamo, Robert Kahrl and Arthur Licygiewicz of Jones Day on August 8, 2007.

63.    On August 13, 2007, during the prosecution of the application that issued as the '179 Patent and before payment of the issue fee or issuance of the '179 Patent, LPL filed its Answer to Plaintiff's Complaint and Counterclaims Against Plaintiff and

Additional Party Chi Mei Optoelectronics USA, Inc. ("CMO USA") ("LPL's Answer and Counterclaims") in the instant case. LPL asserted that CMO and CMO USA infringed and induced infringement of the '374 Patent. A copy of the '374 Patent was filed as Exhibit E to LPL's Answer and Counterclaims, which was served on CMO through its counsel, Ms. Melissa Richards Smith of Gillem & Smith, LLP and Mr. Jonathon Kagan of Irell & Manella LLP on August 13, 2007.

64.    An actual and justiciable controversy exists between the parties as to the enforceability of the '179 Patent. Declaratory relief is both appropriate and necessary to establish that the '179 Patent is unenforceable.

65.    Because the listed inventors, the assignee, and/or one or more individuals involved with the filing and prosecution of the '179 Patent failed to disclose material prior art and/or material information to the USPTO with the intent to deceive the USPTO during the prosecution of the '179 Patent, the '179 Patent is unenforceable due to inequitable conduct. Counterclaim Plaintiffs are entitled to a judicial declaration that the '179 Patent is unenforceable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, LPL and LPLA pray for judgment as follows:

A.    That the Court dismiss CMO's complaint with prejudice;

B.    That the Court issue a declaratory judgment that LPL and LPLA do not directly or indirectly infringe any of the CMO Patents under any applicable provision of 35 U.S.C. § 271;

C.    That the Court issue a declaratory judgment that the CMO Patents are invalid;

D.    That the Court issue a declaratory judgment that the '179 Patent is unenforceable;

E.    That this is an exceptional case under 35 U.S.C. § 285 and that LPL and LPLA be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

F.    That the Court award LPL and LPLA other relief as it may find appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, LPL and LPLA respectfully demand a trial by jury on all issues so triable in this action.

Respectfully submitted,

Law Office of Mike C. Miller, P.C.

/s/ Mike C. Miller
Mike C. Miller
Texas State Bar No. 14101100
Law Office of Mike C. Miller, P.C.
201 West Houston Street
Marshall, Texas 75670
Phone:  (903) 938-4395
Facsimile:  (903) 938-3360

*Attorney for Defendants*
*LG.Philips LCD Co., Ltd, and*
*LG.Philips LCD America, Inc.*

OF COUNSEL:
Gaspare J. Bono
R. Tyler Goodwyn
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C.  20006
(202) 496-7500                                          November 2, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on November 2nd, 2007.  As such, this document was served on the counsel of record, listed below, all of whom have consented to electronic service.  Local Rule CV-5(a)(3)(A).

Melissa Richards Smith
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670

Alexander Chester Giza
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

Jonathan S. Kagan
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

/s/ Mike C. Miller

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>Defendants. | Civil Action No. 2:07-cv-00176-TJW<br><br>**JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

## LG.PHILIPS LCD CO., LTD.'S NOTICE OF COMPLIANCE WITH P.R. 3-1

LG.Philips LCD Co., Ltd. ("LG.Philips") hereby gives notice that it complied with P.R.

3-1 by serving its Disclosure of Asserted Claims and Infringement Contentions on Chi Mei

Optoelectronics Corp. and Chi Mei Optoelectronics USA, Inc. on November 7, 2007, pursuant to

this Court's October 23, 2007 Order (Docket #37).

Respectfully Submitted,

Law Office of Mike C. Miller, P.C.

/s/ Mike C. Miller
Texas State Bar No. 14101100
Law Office of Mike C. Miller, P.C.
201 West Houston Street
Marshall, Texas 75670
Phone: (903) 938-4395
Facsimile: (903) 938-3360

*Attorney for Defendants*
*LG.Philips LCD Co., Ltd, and*
*LG.Philips LCD America, Inc.*

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

November 8, 2007

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on November 8, 2007.  As such, this document was served on the counsel of record, listed below, all of whom have consented to electronic service.  Local Rule CV-5(a)(3)(A).

Melissa Richards Smith
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670

Alexander Chester Giza
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

Jonathan S. Kagan
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

<u>/s/ Mike C. Miller</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation | Civil Action No. 2:07-CV-00176-TJW |
| Plaintiff, | |
| v. | |
| LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation, | |
| Defendants. | |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., | |
| Counterclaim Plaintiffs, | |
| v. | |
| CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation | |
| Counterclaim Defendants. | |

**CHI MEI OPTOELECTRONICS CORPORATION'S
NOTICE OF DISCLOSURE**

Chi Mei Opotoelectronics Corporation ("CMO") hereby notifies the Court that on November 7, 2007, it furnished LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc., with the disclosures required under (1) Patent L.R. 3-1, (2) Patent L.R. 3-2, and (3) this Court's Order of October 23, 2007 (Docket #37).

Dated:  November 8, 2007                    Respectfully submitted,


By:   /s/Alexander C.D. Giza
         Alexander C.D. Giza

GILLAM & SMITH
Melissa Smith (Attorney-in-Charge)
303 S. Washington Ave.
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Of counsel:
IRELL & MANELLA LLP
Jonathan S. Kagan
Alexander C.D. Giza
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067

Attorneys for Plaintiff and Counterdefendants
Chi Mei Optoelectronics and
Chi Mei Optoelectronics USA


## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 8th day of November, 2007.

/s/ Alexander C.D. Giza

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>　　　　　Defendants. | Civil Action No. 2:07-CV-00176-TJW<br><br>**JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>　　　　　Counterclaim Plaintiffs,<br><br>　　v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation<br><br>　　　　　Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

### CHI MEI OPTOELECTRONICS CORPORATION'S REPLY TO LG.PHILIPS LCD COMPANY'S AND LG.PHILIPS LCD AMERICA INC.'S RELATED COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Chi Mei Optoelectronics Corp. ("CMO") hereby replies to the allegations of Defendants and Counterclaim Plaintiffs LG.Philips LCD Co., LTD., ("LPL") and LG.Philips LCD America, Inc., ("LPLA") (collectively "Defendants") set forth in Paragraphs 37-65 of their Related Counterclaims ("Defendants' Related Counterclaims").

**RESPONSE TO DEFENDANTS' RELATED COUNTERCLAIMS**

1.        Answering Paragraph 37 of Defendants' Related Counterclaims, CMO admits that Defendants assert counterclaims against CMO but deny that Defendants are entitled to any of the relief they seek.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

2.        Answering Paragraph 38 of Defendants' Related Counterclaims, CMO admits that LPL is a company registered under the laws of Korea with its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

3.        Answering Paragraph 39 of Defendants' Related Counterclaims, CMO admits that LPLA is a corporation organized and existing under the laws of California, having its principal place of business at 150 East Brokaw Road, San Jose, California 95112-4203.

4.        Answering Paragraph 40 of Defendants' Related Counterclaims, CMO admits that it is a Taiwanese corporation having its principal place of business in Tainan, Taiwan 74147, R.O.C.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

5.        Answering Paragraph 41 of Defendants' Related Counterclaims, CMO admits the allegations in this paragraph.

6.        Answering Paragraph 42 of Defendants' Related Counterclaims, CMO admits that Defendants purport to base their Counterclaims on the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States.  CMO further admits that there is a justiciable controversy between Defendants and CMO regarding the validity and infringement of the claims of United States Patent Nos. 6,134,092 ("the '092 Patent") and United States Patent No. 7,280,179 ("the '179 Patent") (collectively "the CMO Patents").  Insofar as the allegations of this paragraph purport to state legal conclusions, no response thereto is required.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

7.        Answering Paragraph 43 of Defendants' Related Counterclaims, CMO admits that Defendants allege that the Court has jurisdiction over the Related Counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States

concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.  Insofar
as the allegations of this paragraph purport to state legal conclusions, no response thereto is
required.

8.      Answering Paragraph 44 of Defendants' Related Counterclaims, CMO admits the
allegations of this paragraph, except that, insofar as the allegations of this paragraph purport to
state legal conclusions, no response thereto is required.  Except as expressly admitted herein,
CMO denies each and every allegation contained in this paragraph.

**RESPONSE TO COUNTERCLAIM COUNT VIII
CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF
THE '092 PATENT AND THE '179 PATENT AGAINST CMO**

9.      Answering Paragraph 45 of Defendants' Related Counterclaims, CMO refers to
and incorporates its above responses to Paragraphs 37-44 of the Defendants' Counterclaims.

10.     Answering Paragraph 46 of Defendants' Related Counterclaims, CMO admits the
allegations of this paragraph.

11.     Answering Paragraph 47 of Defendants' Related Counterclaims, CMO denies the
allegations of this paragraph.

12.     Answering Paragraph 48 of Defendants' Related Counterclaims, CMO denies the
allegations of this paragraph.

13.     Answering Paragraph 49 of Defendants' Related Counterclaims, CMO admits that
it has asserted the CMO Patents against the Defendants.  Except as expressly admitted herein,
CMO denies each and every allegation contained in this paragraph.

**RESPONSE TO COUNTERCLAIM COUNT IX
CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
THE '092 PATENT AND THE '179 PATENT AGAINST CMO**

14.     Answering Paragraph 50 of Defendants' Related Counterclaims, CMO refers to
and incorporates its above responses to Paragraphs 37-49 of the Defendants' Counterclaims.

15.     Answering Paragraph 51 of Defendants' Related Counterclaims, CMO denies the
allegations of this paragraph.

16.     Answering Paragraph 52 of Defendants' Related Counterclaims, CMO denies the
allegations of this paragraph.

17.     Answering Paragraph 53 of Defendants' Related Counterclaims, CMO admits that it has asserted the CMO Patents against Defendants.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

## RESPONSE TO COUNTERCLAIM COUNT X
## CLAIM FOR DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '179 PATENT AGAINST CMO

18.     Answering Paragraph 54 of Defendants' Related Counterclaims, CMO refers to and incorporates its above responses to Paragraphs 37-53 of the Defendants' Counterclaims.

19.     Answering Paragraph 55 of Defendants' Related Counterclaims, CMO admits that the '179 Patent speaks for itself.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

20.     Answering Paragraph 56 of Defendants' Related Counterclaims, CMO denies the allegations of this paragraph.

21.     Answering Paragraph 57 of Defendants' Related Counterclaims, CMO denies the allegations of this paragraph.

22.     Answering Paragraph 58 of Defendants' Related Counterclaims, CMO denies the allegations of this paragraph.

23.     Answering Paragraph 59 of Defendants' Related Counterclaims, CMO admits that the '179 Patent claims priority at least to earlier-filed Taiwanese Patent Application No. 92130636, filed November 3, 2003, as listed on the face of the '179 Patent.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

24.     Answering Paragraph 60 of Defendants' Related Counterclaims, CMO admits the allegations of this paragraph.

25.     Answering Paragraph 61 of Defendants' Related Counterclaims, CMO admits the allegations of this paragraph.

26.     Answering Paragraph 62 of Defendants' Related Counterclaims, CMO admits that LPL filed its First Amended Answer to AU Optronics's Amended Counterclaims and Additional Counterclaims on August 8, 2007, in the United States District Court for the District of Delaware

in Civil Action No. 06-726-GMS.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

27.    Answering Paragraph 63 of Defendants' Related Counterclaims, CMO admits that LPL filed its Answer to Plaintiff's Complaint and Counterclaims Against Plaintiff and Additional Party Chi Mei Optoelectronics USA, Inc., in the instant case.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

28.    Answering Paragraph 64 of Defendants' Related Counterclaims, CMO admits that it asserts that the '179 Patent is enforceable and that Defendants assert that this patent is unenforceable.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

29.    Answering Paragraph 65 of Defendants' Related Counterclaims, CMO denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

CMO asserts the following affirmative defenses.  CMO also reserves the right to add defenses that may be supported by the facts upon the completion of discovery.

### First Affirmative Defense

30.    Defendants have failed to state a claim for which relief can be granted.

### Second Affirmative Defense

31.    Defendants cannot prevail on their Counterclaims because the CMO Patents are valid and enforceable, and are infringed by Defendants.

## PRAYER FOR RELIEF ON DEFENDANTS' COUNTERCLAIMS

WHEREFORE, CMO demands judgment against Defendants by:

a.    An order and decree that the CMO Patents are infringed by Defendants;

b.    An order and decree that the CMO Patents are not invalid;

c.    An order and decree that the CMO Patents are enforceable;

d.    Granting the relief requested in CMO's Complaint and Counterclaims against Defendants;

e.    Dismissing Defendants' Counterclaims with prejudice;

f.    A determination that Defendants take nothing;

g.    A determination that no costs or attorneys' fees be awarded to Defendants; and

h.    Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

CMO hereby demands trial by jury on all issues.

Dated:  November 26, 2007                      Respectfully submitted,


By:    /s/Alexander C.D. Giza
          Alexander C.D. Giza

GILLAM & SMITH
Melissa Smith (Attorney-in-Charge)
303 S. Washington Ave.
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Of counsel:
IRELL & MANELLA LLP
Jonathan S. Kagan
Alexander C.D. Giza
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067

Attorneys for Plaintiff and Counterdefendants
Chi Mei Optoelectronics and
Chi Mei Optoelectronics USA


### Certificate of Service

        The undersigned certifies that the foregoing document was filed electronically in

compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who

have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P.

5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to

electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this

the 26th day of November, 2007.

                                /s/ Alexander C.D. Giza

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL  DIVISION

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORP. | § | |
| | § | |
| V. | § | CIVIL NO. 2:07-CV-176(TJW) |
| | § | |
| LG PHILLIPS LCD CO., LTD, ET AL. | § | |

**O R D E R**

This case is set for a status conference in Marshall, Texas, on January 8, 2008, at 9:00 a.m.,

before the Honorable T. John Ward and the Honorable Chad Everingham.  The purpose of the

conference will be to assign a claim construction hearing date and a trial setting.  The parties shall

be prepared to inform the Court whether they will consent to trial before the Magistrate Judge.

SIGNED this 11th day of December, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>  Defendants. | Civil Action No. 2:07-cv-00176-TJW |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>  Counterclaim Plaintiffs,<br><br>  v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>  Counterclaim Defendants. | |

## NOTICE OF APPEARANCE

Notice is hereby given that R. Tyler Goodwyn is entering his appearance as counsel for

Defendants, LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc., for the purpose of

receiving notices from the Court.

December 13, 2007          BY:    /s/ R. Tyler Goodwyn
                                  R. Tyler Goodwyn
                                  McKenna Long & Aldridge LLP
                                  1900 K Street, N.W.
                                  Washington, D.C. 20006
                                  Phone: (202) 496-7500 / Fax: (202) 496-7756

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed electronically in

compliance with Local Rule CV-5(a) on December 13, 2007.  As such, this document was served

on the counsel of record, listed below, all of whom have consented to electronic service.  Local

Rule CV-5(a)(3)(A).

    Melissa Richards Smith
    Gillam & Smith, LLP
    303 South Washington Avenue
    Marshall, TX 75670

    Alexander Chester Giza
    Irell & Manella LLP
    1800 Ave of the Stars, Suite 900
    Los Angeles, CA 90067-4276

    Jonathan S. Kagan
    Irell & Manella LLP
    1800 Ave of the Stars, Suite 900
    Los Angeles, CA 90067-4276


                              /s/ R. Tyler Goodwyn

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>Defendants. | Civil Action No. 2:07-cv-00176-TJW |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>Counterclaim Defendants. | |

## NOTICE OF APPEARANCE

Notice is hereby given that Gaspare J. Bono is entering his appearance as counsel for Defendants, LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc., for the purpose of receiving notices from the Court.

December 13, 2007

BY:    /s/ Gaspare J. Bono
       Gaspare J. Bono
       McKenna Long & Aldridge LLP
       1900 K Street, N.W.
       Washington, D.C. 20006
       Phone: (202) 496-7500 / Fax: (202) 496-7756

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on December 13, 2007.  As such, this document was served on the counsel of record, listed below, all of whom have consented to electronic service.  Local Rule CV-5(a)(3)(A).

Melissa Richards Smith
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670

Alexander Chester Giza
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

Jonathan S. Kagan
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

<u>/s/ Gaspare J. Bono</u>

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation, <br><br> Defendants. | Civil Action No. 2:07-cv-00176-TJW <br><br> **JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, <br><br> Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

## NOTICE OF CASE REASSIGNMENT BY THE
## DISTRICT COURT OF DELAWARE RELATED TO DEFENDANTS'
## <u>PENDING MOTION TO TRANSFER THIS CASE TO DELAWARE</u>

Defendants LG.Philips LCD Co., Ltd. ("LPL") and LG.Philips LCD America, Inc. ("LPL America") filed a Motion to Transfer This Case to Delaware on June 15, 2007. (Docket #9.)

LPL and LPLA America hereby provide notice to this Court that, on December 14, 2007, the

District Court of Delaware reassigned the Delaware Action involving LPL, LPL America, Chi

Mei Optoelectronics ("CMO"), and Chi Mei Optoelectronics USA, Inc. ("CMO USA") to the

Honorable Joseph J. Farnan, Jr.

Notice is being given because, in opposing transfer, CMO acknowledged that "[l]ast year,

Judge Farnan presided over another patent infringement action involving the '002 patent, that

included a claim construction hearing as well as a nine-day trial."  (Docket #15, at 14; internal

quotation omitted.)  CMO then argued:  "Whatever efficiency advantages might have existed

from a transfer to Judge Farnan, however, are now gone:  on July 3, 2007 the Delaware case was

reassigned to Judge Sleet . . . ."  (*Id.*)  The case reassignment in Delaware renders this argument

invalid.

A copy of the Notice of Electronic filing with the docket text for this entry in the lead

Delaware case is attached as Exhibit A.  A copy of the Notice of Electronic filing with the docket

text for this entry in the other consolidated case is attached as Exhibit B.

Respectfully submitted,

Law Office of Mike C. Miller, P.C.


/s/ Mike C. Miller_____
Mike C. Miller
Texas State Bar No. 14101100
Law Office of Mike C. Miller, P.C.
201 West Houston Street
Marshall, Texas 75670
Phone:  (903) 938-4395
Facsimile:  (903) 938-3360

*Attorneys for Defendants*
*LG.Philips LCD Co., Ltd. and LG.Philips LCD*
*America, Inc.*

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C.  20006
(202) 496-7500

December 14, 2007

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was filed electronically in

compliance with Local Rule CV-5(a) on December 14, 2007.  As such, this document was served

on the counsel of record, listed below, all of whom have consented to electronic service.  Local

Rule CV-5(a)(3)(A).

      Melissa Richards Smith
      Gillam & Smith, LLP
      303 South Washington Avenue
      Marshall, TX 75670

      Alexander Chester Giza
      Irell & Manella LLP
      1800 Ave of the Stars, Suite 900
      Los Angeles, CA 90067-4276

      Jonathan S. Kagan
      Irell & Manella LLP
      1800 Ave of the Stars, Suite 900
      Los Angeles, CA 90067-4276

                                <u>/s/ Mike C. Miller</u>

# EXHIBIT A

**Brzezynski, Lora**

---

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Friday, December 14, 2007 11:17 AM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-00726-JJF LG.Philips LCD Co. Ltd. v. Chi Mei Optoelectronics Corporation et al Case Assigned/Reassigned |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 12/14/2007 at 11:16 AM EST and filed on 12/14/2007
**Case Name:**          LG.Philips LCD Co. Ltd. v. Chi Mei Optoelectronics Corporation et al
**Case Number:**      1:06-cv-726
**Filer:**
**Document Number:** No document attached

**Docket Text:**
Case reassigned to Judge Joseph J. Farnan, Jr. Please include the initials of the Judge (JJF) after the case number on all documents filed. (rjb)

**1:06-cv-726 Notice has been electronically mailed to:**
Edmond D. Johnson johnsone@pepperlaw.com
Richard D. Kirk bankserve@bayardfirm.com, rkirk@bayardfirm.com
William E. Manning william.manning@bipc.com
Karen L. Pascale kpascale@ycst.com, corpcal@ycst.com, corporate@ycst.com
Philip A. Rovner iplitigation@potteranderson.com, mstackel@potteranderson.com, nmcmenamin@potteranderson.com, provner@potteranderson.com
Ashley Blake Stitzer astitzer@bayardfirm.com
Thomas Henry Kovach tkovach@pgslegal.com
David Ellis Moore dmoore@potteranderson.com, ntarantino@potteranderson.com
Jennifer M. Becnel-Guzzo jennifer.becnelguzzo@bipc.com
Lora A. Brzezynski lbrzezynski@mckennalong.com
Kenneth R. Adamo kradamo@jonesday.com
Jeffrey M. Ratinoff jeffrey.ratinoff@bipc.com
Karineh Khachatourian karineh.khachatourian@bipc.com
John N. Zarian jnzarian@zarianmidgley.com
Robert C. Kahrl rckahrl@jonesday.com
Arthur P. Licygiewicz aplicygiewicz@jonesday.com
Joseph S. Wu jwulawyer@gmail.com
Jonathan Hangartner jon@x-patents.com
Bryan J. Sinclair bryan.sinclair@bipc.com

·1:06-cv-726 **Notice has been delivered by other means to:**

12/14/2007

# EXHIBIT B

## Richard Kirk

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Friday, December 14, 2007 11:17 AM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:07-cv-00357-JJF AU Optronics Corporation v. LG.Philips LCD Co. Ltd. et al Case Assigned/Reassigned |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 12/14/2007 at 11:17 AM EST and filed on 12/14/2007
**Case Name:**      AU Optronics Corporation v. LG.Philips LCD Co. Ltd. et al
**Case Number:**     1:07-cv-357
**Filer:**
**Document Number:** No document attached

**Docket Text:**
Case reassigned to Judge Joseph J. Farnan, Jr. Please include the initials of the Judge (JJF) after the case number on all documents filed. (rjb)

**1:07-cv-357 Notice has been electronically mailed to:**
Richard D. Kirk  bankserve@bayardfirm.com, rkirk@bayardfirm.com
Karen L. Pascale  corpcal@ycst.com, corporate@ycst.com, kpascale@ycst.com
Philip A. Rovner  provner@potteranderson.com, iplitigation@potteranderson.com,
mstackel@potteranderson.com, nmcmenamin@potteranderson.com
Ashley Blake Stitzer  astitzer@bayardfirm.com

**1:07-cv-357 Notice has been delivered by other means to:**

12/14/2007

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation, <br><br> Defendants. | Civil Action No. 2:07-cv-00176-TJW |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, <br><br> Counterclaim Defendants. | |

## NOTICE OF APPEARANCE

Notice is hereby given that John W. Lomas, Jr. is entering his appearance as counsel for Defendants, LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc., for the purpose of receiving notices from the Court.

December 26, 2007      BY:   /s/ John W. Lomas, Jr.
                              John W. Lomas, Jr.
                              McKenna Long & Aldridge LLP
                              1900 K Street, N.W.
                              Washington, D.C. 20006
                              Phone: (202) 496-7500 / Fax: (202) 496-7756

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed electronically in

compliance with Local Rule CV-5(a) on December 26, 2007.  As such, this document was served

on the counsel of record, listed below, all of whom have consented to electronic service.  Local

Rule CV-5(a)(3)(A).

Melissa Richards Smith
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670

Alexander Chester Giza
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

Jonathan S. Kagan
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

/s/ John W. Lomas, Jr.

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>        Defendants. | Civil Action No. 2:07-cv-00176-TJW<br><br>**JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>        Counterclaim Plaintiffs,<br><br>    v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>        Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**LG.PHILIPS LCD CO., LTD.'S AND LG.PHILIPS LCD AMERICA, INC.'S
NOTICE OF COMPLIANCE WITH P.R. 3-3**

Defendants LG.Philips LCD Co., Ltd. ("LG.Philips") and LG.Philips LCD America, Inc.

hereby give notice that it complied with P.R. 3-3 by serving its P.R. 3-3 Invalidity Contentions

on Chi Mei Optoelectronics Corp. on December 27, 2007 pursuant to this Court's October 23,

2007 Order (Docket #37).

Respectfully Submitted,


/s/ John W. Lomas, Jr

Mike C. Miller, Esq.
Texas State Bar No. 14101100
Law Office of Mike C. Miller, P.C.
201 West Houston Street
Marshall, Texas 75670
Tel:  (903) 938-4395
Fax:  (903) 938-3360
mikem@millerfirm.com


Gaspare J. Bono, Esq.
R. Tyler Goodwyn, Esq.
John W. Lomas, Jr., Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
Tel:  (202) 496-7500
Fax:  (202) 496-7756
gbono@mckennalong.com
tgoodwyn@mckennalong.com
jlomas@mckennalong.com

*Attorneys for Defendants/Counterclaim
Plaintiffs LG.Philips LCD Co., Ltd., and
LG.Philips LCD America, Inc.*

December 27, 2007

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on December 27, 2007.  As such, this document was served on the counsel of record, listed below, all of whom have consented to electronic service.  Local Rule CV-5(a)(3)(A).

> Melissa Richards Smith
> Gillam & Smith, LLP
> 303 South Washington Avenue
> Marshall, TX 75670
>
> Alexander Chester Giza
> Irell & Manella LLP
> 1800 Ave of the Stars, Suite 900
> Los Angeles, CA 90067-4276
>
> Jonathan S. Kagan
> Irell & Manella LLP
> 1800 Ave of the Stars, Suite 900
> Los Angeles, CA 90067-4276

<u>/s/ John W. Lomas, Jr.</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation | Civil Action No. 2:07-CV-00176-TJW |
| Plaintiff, | |
| v. | |
| LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation, | |
| Defendants. | |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., | |
| Counterclaim Plaintiffs, | |
| v. | |
| CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation | |
| Counterclaim Defendants. | |

**CHI MEI OPTOELECTRONICS CORPORATION'S AND**

**CHI MEI OPTOELECTRONICS USA, INC.'S**

**NOTICE OF DISCLOSURE**

Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. (collectively, "CMO") hereby notify the Court that CMO has served Defendants and Counterclaim Plaintiffs LG.Philips LCD Co., Ltd and LG.Philips LCD America, Inc. (collectively, "LPL") with the disclosures required under (1) Patent L.R. 3-3 and (2) Patent L.R. 3-4.

Dated:  December 28, 2007                                        Respectfully submitted,


                                                                By:    /s/Alexander C.D. Giza
                                                                          Alexander C.D. Giza

Melissa R. Smith                                                    *Of Counsel:*
LEAD ATTORNEY
State Bar No. 24001351                                              Jonathan S. Kagan (*Pro Hac Vice*)
Harry L. Gillam, Jr.                                                Alexander C.D. Giza (*Pro Hac Vice*)
State Bar No. 07921800                                             IRELL & MANELLA LLP
GILLAM & SMITH, L.L.P.                                             1800 Avenue of the Stars, Suite 900
303 South Washington Avenue                                        Los Angeles, California 90067-4276
Marshall, Texas 75670                                              Telephone:  (310) 277-1010
Telephone: (903) 934-8450                                          Facsimile:   (310) 203-7199
Facsimile: (903) 934-9257
                                                                   Attorneys for Plaintiff and Counterdefedants,
                                                                   CHI MEI OPTOELECTRONICS and CHI MEI
                                                                   OPTOELECTRONICS USA


## Certificate of Service

        The undersigned certifies that the foregoing document was filed electronically in
compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have
consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P. 5(d) and
Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service
were served with a true and correct copy of the foregoing by U.S. mail, on this the 28th day of
December, 2007.

                                                                   /s/ Alexander C.D. Giza

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation<br><br>   Plaintiff,<br> v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>   Defendants.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No. 2:07-CV-00176-TJW |

**NOTICE IN RESPONSE TO LG.PHILIPS LCD CO.'S NOTICE OF CASE REASSIGNMENT BY THE DISTRICT COURT OF DELAWARE RELATED TO DEFENDANTS' PENDING MOTION TO TRANSFER THIS CASE**

LG.Philips LCD Co., Ltd. ("LPL") has provided notice to the Court of an occurrence in the consolidated Delaware case *LG.Philips LCD Co. v. Chi Mei Optoelectronics Corp.,* C.A. Nos. 06-726, 07-357 (D. Del.).  Chi Mei Optoelectronics Corporation ("CMO") hereby notifies the Court that after the August 7, 2007 filing of LPL's motion for leave to file a response to CMO's surreply regarding LPL's motion to transfer in this case, LPL asserted three additional patents in the consolidated Delaware case, and AU Optronics Corporation ("AUO"), another litigant in the same case, asserted two additional patents.  In the Delaware case, LPL has asserted 9 patents, and AUO has asserted 8 patents.  The total number of patents at issue in the Delaware case is now 17.

Also, although Judge Farnan has previously considered LPL's United States Patent No. 5,019,002, that patent is not asserted in the case before this Court.

These facts are further evidence that the combined weight of the private and public interest factors in this case require denial of LPL's motion to transfer.

Dated:  January 7, 2008                          Respectfully submitted,


                                                 By:    /s/Alexander C.D. Giza
                                                        Alexander C.D. Giza

Melissa R. Smith                                 *Of Counsel:*
LEAD ATTORNEY
State Bar No. 24001351                           Jonathan S. Kagan (Pro  Hac Vice)
Harry L. Gillam, Jr.                             Alexander C.D. Giza (Pro Hac Vice)
State Bar No. 07921800                           IRELL & MANELLA LLP
GILLAM & SMITH, L.L.P.                           1800 Avenue of the Stars, Suite 900
303 South Washington Avenue                      Los Angeles, California 90067-4276
Marshall, Texas 75670                            Telephone:  (310) 277-1010
Telephone: (903) 934-8450                        Facsimile:   (310) 203-7199
Facsimile: (903) 934-9257


                                                 **ATTORNEYS FOR PLAINTIFF,
                                                 CHI MEI OPTOELECTRONICS
                                                 CORPORATION**


                              **Certificate of Service**

        The undersigned certifies that the foregoing document was filed electronically in

compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have

consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P. 5(d) and

Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service

were served with a true and correct copy of the foregoing by U.S. mail, on this the 7th day of

January, 2008.

                                                  /s/ Alexander C.D. Giza

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL  DIVISION

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORP. | § | |
| | § | |
| V. | § | CIVIL NO. 2:07-CV-176(TJW) |
| | § | |
| LG PHILLIPS LCD CO., LTD, ET AL. | § | |

**O R D E R**

        The parties shall submit their proposed docket control and discovery orders to the court on

January 22, 2007.  If the parties are unable to resolve their disagreements concerning these orders,

the parties shall submit to the court their competing proposals along with a summary of their

disagreements.  For purposes of computing the time deadlines under the local patent rules, the court

deems February 5, 2007 to be the date of the initial case management conference.  As a result, the

"Disclosure of Asserted Claims and Infringement Contentions" is due on February 19, 2007.

        SIGNED this  9th  day of January, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**Appendix K**



**Revised: 1/24/07**

FILED-CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
MARSHALL    DIVISION
## APPLICATION TO APPEAR PRO HAC VICE

2008 JAN 10 PM 2:50

TX EASTERN-MARSHALL

1 This application is being made for the following: Case # __2:07-CV-00176-TJW__ BY

Style: Chi Mei Optoelectronics Corp. v. LG Philips LCD Co., Ltd, et al.

2 Applicant is representing the following party/ies: Chi Mei Optoelectronics Corp. and Chi Mei Opto-
electronics USA, Inc.

3 Applicant was admitted to practice in ___CA___ (state) on __11/28/2006__ (date)

4 Applicant is in good standing and is otherwise eligible to practice law before this court.

5 Applicant is not currently suspended or disbarred in any other court.

6 Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7 Applicant has/has not ever had the privilege to practice before another court suspended (please circle) If so, give complete information on a separate page.

8 Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant

11 Applicant has been admitted to practice in the following courts:
United States District Court, Central District

12 Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13 Applicant has included the requisite $25 fee (see Local Rule AT-1(d))

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, __William Joss Nichols__ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States

Date _1.4.08_                    Signature _____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**APPLICATION TO APPEAR PRO HAC VICE** (Continued)

Name (please print) <u>William Joss Nichols</u>
State Bar Number <u>244524</u>
Firm Name: <u>Irell & Manella LLP</u>
Address/P O Box: <u>1800 Avenue of The Stars, #900</u>
City/State/Zip: <u>Los Angeles, California 90067</u>
Telephone #: <u>310-277-1010</u>
Fax #: <u>310-203-7199</u>
E-mail Address: <u>jnichols@irell.com</u>
Secondary E-Mail Address: _____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above This

application has been approved for the court on: <u>1-10-08</u>

_____

David J. Maland, Clerk
U S District Court, Eastern District of Texas

By _____
Deputy Clerk

**Receipt for Payment**
Receipt No: 2-1-0003381

# United States District Court

for the

Eastern District of Texas at Marshall

Date: **Thursday, January 10, 2008**

Received from:

**GILLAM SMITH**

**MARSHALL, TX**

| Account | | Description |
|---|---|---|
| 085000 | – | Attorney Admission Fees |
| 086400 | – | New Case Fee |
| 086900 | – | Filing Fees |
| 121000 | – | Conscience Fund |
| 129900 | – | Gifts |
| 143500 | – | Interest |
| 322340 | – | Sale of Publications |
| 322350 | – | Copy Fees |
| 322360 | – | Miscellaneous Fees |
| 322380 | – | Recoveries of Court Costs |
| 322386 | – | Cost of Prosecution |
| 504100 | – | Crime Victims Fund |
| 508800 | – | Immigration Fees |
| 510000 | – | Civil Filing Fee (1/2) |
| 5100PL | – | Partial Filing Fee (PLRA) |
| 510100 | – | Registry Fee |
| 604700 | – | Registry Funds/General and Special Funds |
| 613300 | – | Unclaimed Monies |
| 6855XX | – | Deposit Funds |

| Account | Amount |
|---|---|
| 6855XX | $75.00 |
| | |
| **Total** | $75.00 |

Payment method: **Check**

Case or other reference: **2:07cv176  PHV**

Comments: **CK 3149  hoffman  Nichols  Wells**

Received by: **pa**

2-1-3381

**Appendix K**

**Revised: 1/24/07**

FILED-CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
MARSHALL **DIVISION**
**APPLICATION TO APPEAR PRO HAC VICE**

2008 JAN 10 PM 2:51

TX EASTERN-MARSHALL

1. This application is being made for the following: Case # 2:07-CV 00176-TJW

BY_____

Style: Chi Mei Optoelectronics Corp. v. LG Philips LCD Co., Ltd., et al.

2. Applicant is representing the following party/ies: Chi Mei Optoelectronics Corp. and Chi Mei

3. Applicant was admitted to practice in ___CA___ (state) on ___12/02___ (date) Optoelectronics USA, Inc.

4. Applicant is in good standing and is otherwise eligible to practice law before this court

5. Applicant is not currently suspended or disbarred in any other court

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language) If so, give complete information on a separate page

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle) If so, give complete information on a separate page

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses

10. There are no pending grievances or criminal matters pending against the applicant

11. Applicant has been admitted to practice in the following courts:
    PLEASE SEE EXHIBIT A.

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AI-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AI-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only

**Application Oath:**

I, ___C. Maclain Wells___ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date January 3, 2008    Signature _____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**APPLICATION TO APPEAR PRO HAC VICE** (Continued)

Name (please print) C. Maclain Wells

State Bar Number 221609

Firm Name:  Irell & Manella

Address/P.O. Box: 1800 Avenue of the Stars, 9th Fl.

City/State/Zip: Los Angeles, CA 90067

Telephone #:  (310) 277-1010

Fax #:  (310) 203-7199

E-mail Address: mwells@irell.com

Secondary E-Mail Address: suzychang@irell.com

Applicant is authorized to enter an appearance as counsel for the party/parties listed above  This

application has been approved for the court on: _____ 1-10-08 _____

_____

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By _____

Deputy Clerk

Exhibit A
to C. Maclain Wells Application to Appear Pro Hac Vice


Chi Mei Optoelectronics Corp  v  LG Philips LCD Co Ltd , et al
Case # 2:07 CV 00176 (TJW)


11.     Applicant has been admitted to practice in the U.S. Court of Appeals, Federal Circuit and Ninth Circuit; U S  District Court, Central and Northern Districts of California.

**Receipt for Payment**                          Receipt No:  2-1-0003381

# United States District Court

for the

Eastern District of Texas at Marshall

Date:                **Thursday, January 10, 2008**

Received from:

| Account | | Description |
|---|---|---|
| 085000 | _ | Attorney Admission Fees |
| 086400 | _ | New Case Fee |
| 086900 | _ | Filing Fees |
| 121000 | _ | Conscience Fund |
| 129900 | _ | Gifts |
| 143500 | _ | Interest |
| 322340 | _ | Sale of Publications |
| 322350 | _ | Copy Fees |
| 322360 | _ | Miscellaneous Fees |
| 322380 | _ | Recoveries of Court Costs |
| 322386 | _ | Cost of Prosecution |
| 504100 | _ | Crime Victims Fund |
| 508800 | _ | Immigration Fees |
| 510000 | _ | Civil Filing Fee (1/2) |
| 5100PL | _ | Partial Filing Fee (PLRA) |
| 510100 | _ | Registry Fee |
| 604700 | _ | Registry Funds/General and Special Funds |
| 613300 | _ | Unclaimed Monies |
| 6855XX | _ | Deposit Funds |

**GILLAM SMITH**

**MARSHALL, TX**

| Account | Amount |
|---|---|
| 6855XX | $75.00 |
| | |
| **Total** | $75.00 |

Payment method:           **Check**

Case or other reference:  **2:07cv176  PHV**

Comments:                 **CK 3149  hoffman  Nichols  Wells**

Received by:              **pa**

2-1-3381

**Appendix K**                                    Revised: 1/24/07

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
Marshall **DIVISION**
## APPLICATION TO APPEAR PRO HAC VICE

FILED-CLERK
U.S. DISTRICT COURT

2008 JAN 10  PM 2:50

TX EASTERN-MARSHALL

BY___

1. This application is being made for the following: Case # 2:07-CV-00176-IJW

Style: Chi Mei Optoelectronics Corp. v. LG Philips LCD Co. Ltd., et al.

2. Applicant is representing the following party/ies: Chi Mei Optoelectronics Corp. and Chi Mei Optoelectronics USA, Inc.

3. Applicant was admitted to practice in California (state) on February 5, 2002 (date)

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle)    If so, give complete information on a separate page

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts: US Court of Appeals for the Ninth Circuit; US District Court Central District of California; US District Court Northern District of California

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only

**Application Oath:**

I, ADAM HOFFMAN do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date January 4, 2008        Signature _____

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
## APPLICATION TO APPEAR PRO HAC VICE (Continued)

Name (please print) ADAM HOFFMAN

State Bar Number 218740

Firm Name: IRELL & MANELLA LLP

Address/P.O. Box: 1800 AVENUE OF THE STARS, SUITE 900

City/State/Zip: LOS ANGELES, CALIFORNIA 90067

Telephone #: (310) 277-1010

Fax #: (310) 203-7199

E-mail Address: ahoffman@irell.com

Secondary E-Mail Address: suzychang@irell.com

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This

application has been approved for the court on: 1 - 10 - 0 8

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By

Deputy Clerk

**Receipt for Payment**                                    Receipt No: 2-1-0003381

# United States District Court

for the

Eastern District of Texas at Marshall

Date:                    **Thursday, January 10, 2008**

Received from:

| Account | | Description |
|---|---|---|
| 085000 | _ | Attorney Admission Fees |
| 086400 | _ | New Case Fee |
**GILLAM SMITH** | 086900 | _ | Filing Fees |
| 121000 | _ | Conscience Fund |
**MARSHALL, TX** | 129900 | _ | Gifts |

Received from:

**GILLAM SMITH**

**MARSHALL, TX**

| Account | | Description |
|---|---|---|
| 085000 | _ | Attorney Admission Fees |
| 086400 | _ | New Case Fee |
| 086900 | _ | Filing Fees |
| 121000 | _ | Conscience Fund |
| 129900 | _ | Gifts |
| 143500 | _ | Interest |
| 322340 | _ | Sale of Publications |
| 322350 | _ | Copy Fees |
| 322360 | _ | Miscellaneous Fees |
| 322380 | _ | Recoveries of Court Costs |
| 322386 | _ | Cost of Prosecution |
| 504100 | _ | Crime Victims Fund |
| 508800 | _ | Immigration Fees |
| 510000 | _ | Civil Filing Fee (1/2) |
| 5100PL | _ | Partial Filing Fee (PLRA) |
| 510100 | _ | Registry Fee |
| 604700 | _ | Registry Funds/General and Special Funds |
| 613300 | _ | Unclaimed Monies |
| 6855XX | _ | Deposit Funds |

| Account | Amount |
|---|---|
| 6855XX | $75.00 |
| | |
| **Total** | $75.00 |

Payment method:           **Check**

Case or other reference:  **2:07cv176  PHV**

Comments:                 **CK 3149  hoffman  Nichols  Wells**

Received by:              **pa**

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>    Defendants.<br>---<br>LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>    Counterclaim Plaintiffs,<br><br>    v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>    Counterclaim Defendants | Civil Action No. 2:07-cv-00176-TJW |

### DOCKET CONTROL ORDER

In accordance with the case Status Conference held herein on the 8th day of January, 2008, it is hereby

**ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| August 3, 2009 | Jury Selection - **9:00 a.m.** in **Marshall, Texas** |
| July 24, 2009 | Pretrial Conference - **9:00 a.m.** in **Marshall, Texas** |

| | |
|---|---|
| July 13, 2009 | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict |
| July 17, 2009 | **Motions in *Limine* Due** |
| | The parties are ordered to **meet and confer** on their respective motions *in limine* and **advise the Court of any agreements in this regard by 3:00 p.m. the business day before** the pretrial conference.  The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the Court could not alleviate the prejudice with appropriate instruction(s). |
| Requested | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.**  If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| July 7, 2009 | Response to Dispositive Motions (including *Daubert* motions)[1] **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV-56.** |
| June 12, 2009 | Deadline for filing Dispositive Motions and any other motions that may require a hearing (not including *Daubert* motions) |
| June 22, 2009 | Deadline for filing *Daubert* Motions |
| July 7, 2009 | Mediation to be completed |
| July 17, 2009 | Parties to Identify Trial Witnesses on issues for which bears burden of proof |
| July 7, 2009 | Parties to Identify Trial Witnesses on issues for which bear burden of proof |
| July 7, 2009 | Discovery Deadline |

---

[1]    The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition."

| | |
|---|---|
| June 16, 2009 | Designate Rebuttal Expert Witnesses other than claims construction |
| May 25, 2009 | Expert witness report due for party with the burden of proof Refer to Discovery Order for required information. |
| May 25, 2009 | Comply with P.R. 3-7 |
| May 25, 2009 | Party with the burden of proof to designate Expert Witnesses other than claims construction Expert witness report due Refer to Discovery Order for required information. |
| May 7, 2009 | Claim construction hearing **9:00 a.m., Marshall, Texas.** |
| April 23, 2009 | Comply with P.R. 4-5(c). |
| April 9, 2009 | Comply with P.R. 4-5(b). |
| March 23, 2009 | Comply with P.R. 4-5(a). |
| March 9, 2009 | Discovery deadline-claims construction issues |
| December 15, 2008 | Respond to Amended Pleadings |
| November 15, 2008 | Amend Pleadings **(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein.)** |
| February 16, 2009 | Comply with P.R. 4-3. |
| January 19, 2009 | Comply with P.R. 4-2. |
| December 18, 2008 | Comply with P.R. 4-1. |
| August 25, 2008 | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents) |
| August 1, 2008 | Join Additional Parties |

## OTHER LIMITATIONS

1.  All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.  The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3.  The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (a)  The fact that there are motions for summary judgment or motions to dismiss pending;

    (b)  The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c)  The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

Respectfully submitted,

GILLAM & SMITH

*Melissa Smith by permission*
Melissa Smith, State Bar No. 24001351
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450
(903) 934-9257 (facsimile)
melissa@gillamsmithlaw.com

Of Counsel:

IRELL & MANELLA LLP
Morgan Chu
Jonathan S. Kagan
Ben J. Yorks
Alexander C. D. Giza
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (facsimile)

Attorneys for Plaintiff
Chi Mei Optoelectronics Corporation

LAW OFFICE OF MIKE C. MILLER, P.C.

Mike C. Miller, Esq., State Bar No. 14101100
201 West Houston Street
Marshall, Texas 75670
(903) 938-4395
(903) 938-3360 (facsimile)
mikem@millerfirm.com

Of Counsel:

MCKENNA LONG & ALDRIDGE LLP
Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500
(202) 496-7756 (facsimile)
gbono@mckennalong.com

Attorneys for Defendants
LG Philips LCD Co., Ltd. and
LG Philips LCD America, Inc.

SO ORDERED THIS _____ DAY OF JANUARY 2008.

_____
United States District Court Judge

DC:50521354.2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>Defendants.<br><br>LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>Counterclaim Defendants. | Civil Action No. 2:07-cv-00176-TJW |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures.** Except as provided by paragraph 1(h), and, to the extent not already disclosed, by **March 5, 2008,** each party shall disclose to every other party the following information:

    (a)    the correct names of the parties to the lawsuit;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)    any settlement agreements relevant to the subject matter of this action;

(g)    any statement of any party to the litigation;

(h)    for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

      a.    the expert's name, address, and telephone number;

      b.    the subject matter on which the expert will testify;

      c.    if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

      (a)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

      (b)     the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

    d.     for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information;

2. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

3. **Additional Disclosures.** Each party, without awaiting a discovery request, shall provide, to the extent not already provided, to every other party the following:

(a)     the disclosures required by the Patent Rules for the Eastern District of Texas;

(b)     by **May 30, 2008**, a copy of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, including damages, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas. By written agreement of all parties, alternative forms of disclosure of documents may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

(c)    by **May 18, 2009**, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(d)    by **not applicable**, those documents and authorizations described in Local Rule CV-34.

4.    **Discovery Limitations.**    The discovery in this cause is limited to the disclosures described in Paragraphs 1 and 3 together with 40 interrogatories per side, 40 requests for admissions per side, the depositions of the parties, depositions on written questions of custodians of business records for third parties, 60 hours of nonparty depositions per side, and 3 expert witnesses per side.    "Side" means a party or a group of parties with a common interest.  Any party may move to modify these limitations for good cause.  **The parties have discussed modifying these discovery limitations but have not yet reached agreement.  The parties are continuing their discussions in an effort to reach a mutual agreement.  If a mutual agreement cannot be reached, the parties intend to advise the Court of their respective positions through separate filings.**

5.    **Privileged Information.**    There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By **August 25, 2008**, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the

4

privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact by **September 25, 2008**.

6.    **Pre-trial disclosures.**    Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

    (a)    The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

    (b)    The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

    (c)    An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the Court, these disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the Court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of

a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7.    **Signature.** The disclosures required by this order shall be made in writing signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8.    **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true

9     **Disputes.**

(a)    Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The

parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within 14 days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.     **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.     **Filings.** Any filings in excess of 20 pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing.

Respectfully submitted,

GILLAM & SMITH

Melissa Smith  by permission / gs
Melissa Smith, State Bar No. 24001351
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450
(903) 934-9257 (facsimile)
melissa@gillamsmithlaw.com

Of Counsel:

IRELL & MANELLA LLP
Morgan Chu
Jonathan S. Kagan
Ben J. Yorks
Alexander C. D. Giza
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (facsimile)

Attorneys for Plaintiff
Chi Mei Optoelectronics Corporation

LAW OFFICE OF MIKE C. MILLER, P.C.

Mike C. Miller, Esq., State Bar No. 14101100
201 West Houston Street
Marshall, Texas 75670
(903) 938-4395
(903) 938-3360 (facsimile)
mikem@millerfirm.com

Of Counsel:

MCKENNA LONG & ALDRIDGE LLP
Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500
(202) 496-7756 (facsimile)
gbono@mckennalong.com

Attorneys for Defendants
LG Philips LCD Co., Ltd. and
LG Philips LCD America, Inc.

SO ORDERED THIS _____ DAY OF JANUARY 2008.

_____
United States District Court Judge

DC:50521346 2

8

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, | |
| Plaintiff, | |
| v. | Civil Action No. 2:07-cv-00176-TJW |
| LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation, | |
| Defendants. | |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., | |
| Counterclaim Plaintiffs, | |
| v. | |
| CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, | |
| Counterclaim Defendants. | |

## <u>DISCOVERY ORDER</u>

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.  **Disclosures.**  Except as provided by paragraph 1(h), and, to the extent not already disclosed, by **March 5, 2008,** each party shall disclose to every other party the following information:

    (a)     the correct names of the parties to the lawsuit;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)    any settlement agreements relevant to the subject matter of this action;

(g)    any statement of any party to the litigation;

(h)    for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

    a.    the expert's name, address, and telephone number;

    b.    the subject matter on which the expert will testify;

    c.    if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

(a) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(b) the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

d. for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information;

2. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

3. **Additional Disclosures.** Each party, without awaiting a discovery request, shall provide, to the extent not already provided, to every other party the following:

(a) the disclosures required by the Patent Rules for the Eastern District of Texas;

(b) by **May 30, 2008,** a copy of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, including damages, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas. By written agreement of all parties, alternative forms of disclosure of documents may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

(c)    by **May 18, 2009**, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(d)    by **not applicable**, those documents and authorizations described in Local Rule CV-34.

4.    **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1 and 3 together with 40 interrogatories per side, 40 requests for admissions per side, the depositions of the parties, depositions on written questions of custodians of business records for third parties, 60 hours of nonparty depositions per side, and 3 expert witnesses per side. "Side" means a party or a group of parties with a common interest. Any party may move to modify these limitations for good cause. **The parties have discussed modifying these discovery limitations but have not yet reached agreement. The parties are continuing their discussions in an effort to reach a mutual agreement. If a mutual agreement cannot be reached, the parties intend to advise the Court of their respective positions through separate filings.**

5.    **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By **August 25, 2008**, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the

privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection.  If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact by **September 25, 2008.**

6.   **Pre-trial disclosures.**   Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

(a)    The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

(b)    The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(c)    An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the Court, these disclosures shall be made at least 30 days before trial.  Within 14 days thereafter, unless a different time is specified by the Court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of

a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Disputes.**

(a)    Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The

parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within 14 days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.     **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.     **Filings.** Any filings in excess of 20 pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing.

SIGNED this  1st  day of February, 2008.

_T. John Ward_

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>Defendants. | Civil Action No. 2:07-cv-00176-TJW<br><br>**JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**NOTICE OF SETTING OF TRIAL DATE  IN RELATED DELAWARE CASE**
**RELEVANT TO DEFENDANTS'**
**PENDING MOTION TO TRANSFER THIS CASE TO DELAWARE**

Defendants LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc. filed a Motion

to Transfer This Case to Delaware on June 15, 2007, where the first-filed case between these

parties is pending.  (Docket #9.)  This motion is pending before this Court.  Defendants hereby

provide notice that on February 14, 2008 the Honorable Joseph J. Farnan, Jr. set June 2, 2009 as

the trial date in the Delaware case, which is two months before the trial date in this case.  We

respectfully ask this Court to grant Defendants' motion to transfer.

February 15, 2008

/s/ Mike C. Miller_____
Mike C. Miller, Esq.
Texas State Bar No. 14101100
Law Office of Mike C. Miller, P.C.
201 West Houston Street
Marshall, Texas 75670
Tel:  (903) 938-4395
Fax:  (903) 938-3360
mikem@millerfirm.com


Gaspare J. Bono, Esq.
R. Tyler Goodwyn, Esq.
John W. Lomas, Jr., Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
Tel:  (202) 496-7500
Fax:  (202) 496-7756
gbono@mckennalong.com
tgoodwyn@mckennalong.com
jlomas@mckennalong.com

*Attorneys for Defendants/Counterclaim
Plaintiffs LG.Philips LCD Co., Ltd., and
LG.Philips LCD America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 15, 2008.  As such, this document was served on the counsel of record, listed below, all of whom have consented to electronic service.  Local Rule CV-5(a)(3)(A).

Melissa Richards Smith
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670

Alexander Chester Giza
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

Jonathan S. Kagan
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

Adam S Hoffman
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Maclain Wells
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

William Joss Nichols
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

/s/ Mike C. Miller

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG PHILIPS LCD AMERICA, INC., a California Corporation, <br><br> Defendants. <br><br> LG PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, <br><br> Counterclaim Defendants | Civil Action No. 2:07-cv-00176-TJW |

## DOCKET CONTROL ORDER

In accordance with the case Status Conference held herein on the 8th day of January, 2008, it is hereby

**ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| August 3, 2009 | Jury Selection - **9:00 a.m.** in **Marshall, Texas** |
| July 24, 2009 | Pretrial Conference - **9:00 a.m.** in **Marshall, Texas** |

| | |
|---|---|
| July 13, 2009 | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict |
| July 17, 2009 | **Motions in *Limine* Due** |
| | The parties are ordered to **meet and confer** on their respective motions *in limine* and **advise the Court of any agreements in this regard by 3:00 p.m. the business day before** the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the Court could not alleviate the prejudice with appropriate instruction(s). |
| Requested | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.** If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| July 7, 2009 | Response to Dispositive Motions (including *Daubert* motions)[1] **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV-56.** |
| June 12, 2009 | Deadline for filing Dispositive Motions and any other motions that may require a hearing (not including *Daubert* motions) |
| June 22, 2009 | Deadline for filing *Daubert* Motions |
| July 7, 2009 | Mediation to be completed |
| July 17, 2009 | Parties to Identify Trial Witnesses on issues for which bears burden of proof |
| July 7, 2009 | Parties to Identify Trial Witnesses on issues for which bear burden of proof |
| July 7, 2009 | Discovery Deadline |

---

[1] The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition."

| June 16, 2009 | Designate Rebuttal Expert Witnesses other than claims construction |
| --- | --- |
| May 25, 2009 | Expert witness report due for party with the burden of proof<br>Refer to Discovery Order for required information. |
| May 25, 2009 | Comply with P.R. 3-7 |
| May 25, 2009 | Party with the burden of proof to designate Expert Witnesses other than claims construction<br>Expert witness report due<br>Refer to Discovery Order for required information. |
| May 7, 2009 | Claim construction hearing **9:00 a.m., Marshall, Texas.** |
| April 23, 2009 | Comply with P.R. 4-5(c). |
| April 9, 2009 | Comply with P.R. 4-5(b). |
| March 23, 2009 | Comply with P.R. 4-5(a). |
| March 9, 2009 | Discovery deadline-claims construction issues |
| December 15, 2008 | Respond to Amended Pleadings |
| November 15, 2008 | Amend Pleadings<br>**(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein.)** |
| February 16, 2009 | Comply with P.R. 4-3. |
| January 19, 2009 | Comply with P.R. 4-2. |
| December 18, 2008 | Comply with P.R. 4-1. |
| August 25, 2008 | Privilege Logs to be exchanged by parties<br>(or a letter to the Court stating that there are no disputes as to claims of privileged documents) |
| August 1, 2008 | Join Additional Parties |

## **OTHER LIMITATIONS**

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   (a) The fact that there are motions for summary judgment or motions to dismiss pending;

   (b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

   (c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

SIGNED this 4th day of March, 2008.

_T. John Ward_

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **CHI MEI OPTOELECTRONICS** **CORPORATION,** a Taiwan Corporation | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Civil Action No. 2:07-cv-176-TJW** |
| **LG.PHILIPS LCD CO., LTD,** a Korean Corporation, **and** **LG.PHILIPS LCD AMERICA, INC,** a California Corporation, | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

**PLAINTIFF CHI MEI OPTOELECTRONICS CORPORATION'S**
**NOTICE OF COMPLIANCE**

Pursuant to Federal Rule of Civil Procedure 26, and the Court's Discovery Order of February 2, 2008, Plaintiff, Chi Mei Optoelectronics Corporation hereby notifies the Court of its compliance therewith by serving LG Phillips Co., Ltd. And LG Philips LCD America, Inc. with its Initial Disclosures on the 5th day of March, 2008.

Respectfully submitted,

___/s/_____

Melissa Richards Smith
Lead Attorney
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Avenue
Marshall, TX  75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 5th day of March, 2008.



Melissa R. Smith

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, | |
| Plaintiff, | Civil Action No. 2:07-cv-00176-TJW |
| v. | **JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation, | |
| Defendants. | |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., | |
| Counterclaim Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, | |
| Counterclaim Defendants. | |

## NOTICE OF DISCLOSURE

Defendants LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc. hereby give

notice that, on March 5, 2008, they disclosed to Chi Mei Optoelectronics Corporation and Chi

Mei Optoelectronics USA, Inc. the information in accordance with Rule 26(a)(1) of the Federal

Rules of Civil Procedure, Rule CV-26 of the Eastern District of Texas Local Rules, and

Paragraph 1 of this Court's Discovery Order of February 1, 2007.

March 5, 2008

/s/ John W. Lomas, Jr.
Gaspare J. Bono, Esq.
R. Tyler Goodwyn, Esq.
John W. Lomas, Jr., Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
Tel:  (202) 496-7500
Fax:  (202) 496-7756
gbono@mckennalong.com
tgoodwyn@mckennalong.com
jlomas@mckennalong.com

Mike C. Miller, Esq.
Texas State Bar No. 14101100
Law Office of Mike C. Miller, P.C.
201 West Houston Street
Marshall, Texas 75670
Tel:  (903) 938-4395
Fax:  (903) 938-3360
mikem@millerfirm.com

*Attorneys for Defendants/Counterclaim
Plaintiffs LG.Philips LCD Co., Ltd., and
LG.Philips LCD America, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was filed electronically in

compliance with Local Rule CV-5(a) on March 5, 2008.  As such, this document was served on

the counsel of record, listed below, all of whom have consented to electronic service.  Local Rule

CV-5(a)(3)(A).

>Melissa Richards Smith
>Gillam & Smith, LLP
>303 South Washington Avenue
>Marshall, TX 75670
>
>Alexander Chester Giza
>Irell & Manella LLP
>1800 Ave of the Stars, Suite 900
>Los Angeles, CA 90067-4276
>
>Jonathan S. Kagan
>Irell & Manella LLP
>1800 Ave of the Stars, Suite 900
>Los Angeles, CA 90067-4276
>
>Adam S Hoffman
>Irell & Manella LLP
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 90067-4276
>
>Maclain Wells
>Irell & Manella LLP
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 90067-4276
>
>William Joss Nichols
>Irell & Manella LLP
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 90067-4276

/s/ John W. Lomas, Jr.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>Defendants. | Civil Action No. 2:07-cv-00176-TJW<br><br>**JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

## NOTICE OF PARTY NAME CHANGE

Defendants LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc. hereby give notice that on March 3, 2008, LG.Philips LCD Co., Ltd. changed its name to LG Display Co., Ltd. and LG.Philips LCD America, Inc. changed its name to LG Display America, Inc.

March 10, 2008

<u>/s/ John W. Lomas, Jr.</u>
Gaspare J. Bono, Esq.
R. Tyler Goodwyn, Esq.
John W. Lomas, Jr., Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
Tel:  (202) 496-7500
Fax:  (202) 496-7756
gbono@mckennalong.com
tgoodwyn@mckennalong.com
jlomas@mckennalong.com

Mike C. Miller, Esq.
Texas State Bar No. 14101100
Law Office of Mike C. Miller, P.C.
201 West Houston Street
Marshall, Texas 75670
Tel:  (903) 938-4395
Fax:  (903) 938-3360
mikem@millerfirm.com

*Attorneys for Defendants/Counterclaim Plaintiffs LG.Philips LCD Co., Ltd., and LG.Philips LCD America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on March 10, 2008.  As such, this document was served on the counsel of record, listed below, all of whom have consented to electronic service.  Local Rule CV-5(a)(3)(A).

Melissa Richards Smith
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670

Alexander Chester Giza
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

Jonathan S. Kagan
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

Adam S Hoffman
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Maclain Wells
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

William Joss Nichols
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

/s/ John W. Lomas, Jr.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, | |
| Plaintiff, | Civil Action No. 2:07-cv-00176-TJW |
| v. | **JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation, Defendants. | |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., | |
| Counterclaim Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, | |
| Counterclaim Defendants. | |

**NOTICE OF APPEARANCE OF COUNSEL FOR
DEFENDANTS LG.PHILIPS LCD CO., LTD.
AND LG.PHILIPS LCD AMERICA, INC.**

Defendants LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc. file this Notice of Appearance, and hereby notifies the Court and all parties of record that Jennifer Parker Ainsworth of the law firm Wilson, Robertson & Cornelius, P.C., One American Center, 909 ESE Loop 323, Suite 400, Tyler, Texas 75701, is appearing as counsel for LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc. in the above-referenced matter.

Dated:  March 18, 2008

Respectfully submitted,

/s/ Jennifer Parker Ainsworth

Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone No. (903) 509-5000
Facsimile No. (903) 509-5092
Of Counsel:

Gaspare J. Bono
R. Tyler Goodwyn
John W. Lomas, Jr.
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, D.C.  20006
Telephone No. (202) 496-7500
Facsimile No. (202) 496-7756
gbono@mckennalong.com
tgoodwyn@mckennalong.com
jlomas@mckennalong.com

*Attorneys for Defendants/Counterclaim
Plaintiffs LG.Philips LCD Co., Ltd., now
known as LG Display Co., Ltd., and
LG.Philips LCD America, Inc., now known
as LG Display America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 18th day of March, 2008.

/s/ Jennifer Parker Ainsworth
Jennifer Parker Ainsworth

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, | |
| Plaintiff, | |
| v. | Civil Action No. 2:07-cv-00176-TJW |
| | **JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation, | |
| Defendants. | |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., | |
| Counterclaim Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, | |
| Counterclaim Defendants. | |

**UNOPPOSED MOTION FOR NAME CHANGES OF DEFENDANTS /
COUNTERCLAIM PLAINTIFFS AND TO AMEND THE CASE CAPTION**

Effective March 3, 2008, LG.Philips LCD Co., Ltd. changed its name to LG Display Co., Ltd. and LG.Philips LCD America, Inc. changed its name to LG Display America, Inc. Defendants/Counterclaim Parties LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc. hereby move for an order from this Court amending the case caption to reflect those changes.

March 18, 2008

Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711
(903) 509-5000
(903) 509-5092 (facsimile)
jainsworth@wilsonlawfirm.com

Gaspare J. Bono, Esq.
R. Tyler Goodwyn, Esq.
John W. Lomas, Jr., Esq.
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, D.C. 20006
Tel: (202) 496-7500
Fax: (202) 496-7756
gbono@mckennalong.com
tgoodwyn@mckennalong.com
jlomas@mckennalong.com

*Attorneys for Defendants/Counterclaim*
*Plaintiffs LG.Philips LCD Co., Ltd., now*
*known as LG Display Co., Ltd., and*
*LG.Philips LCD America, Inc., now known as*
*LG Display America, Inc.*

-2-

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 18th day of March, 2008.


/s/ Jennifer Parker Ainsworth_____
Jennifer Parker Ainsworth




## CERTIFICATE OF CONFERENCE

This is to certify that counsel for defendants LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc. conferred with counsel for plaintiff Chi Mei Optoelectronics Corporation concerning this motion and they do not oppose the motion.


/s/ Jennifer Parker Ainsworth_____
Jennifer Parker Ainsworth

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>LG DISPLAY CO., LTD., a Korean Corporation, and LG DISPLAY AMERICA, INC., a California Corporation,<br><br>      Defendants. | Civil Action No. 2:07-cv-00176-TJW<br><br>**JURY TRIAL DEMANDED** |
| LG DISPLAY CO., LTD., and LG DISPLAY AMERICA, INC.,<br><br>      Counterclaim Plaintiffs,<br><br>      v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>      Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**ORDER GRANTING MOTION FOR NAME CHANGES OF DEFENDANTS /
COUNTERCLAIM PLAINTIFFS AND TO AMEND THE CASE CAPTION**

On this day the Court considered LG.Philips LCD Co., Ltd's and LG.Philips LCD America, Inc.'s Motion for Name Changes of Defendants / Counterclaim Plaintiffs and to Amend the Case Caption. After considering the Motion, the Court GRANTS the motion.

Accordingly, LG Display Co., Ltd. is the named defendant in this action and replaces LG.Philips LCD Co., Ltd.  Also, LG Display America, Inc. is the named defendant in this action and replaces LG.Philips LCD America, Inc.  The caption on future filings should reflect such change.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, | |
| Plaintiff, | |
| v. | Civil Action No. 2:07-cv-00176-TJW |
| | **JURY TRIAL DEMANDED** |
| LG DISPLAY CO., LTD., a Korean Corporation, and LG DISPLAY AMERICA, INC., a California Corporation, | |
| Defendants. | |
| LG DISPLAY CO., LTD., and LG DISPLAY AMERICA, INC., | |
| Counterclaim Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, | |
| Counterclaim Defendants. | |

**ORDER GRANTING MOTION FOR NAME CHANGES OF DEFENDANTS /
COUNTERCLAIM PLAINTIFFS AND TO AMEND THE CASE CAPTION**

On this day the Court considered LG.Philips LCD Co., Ltd's and LG.Philips LCD America, Inc.'s Motion for Name Changes of Defendants / Counterclaim Plaintiffs and to Amend the Case Caption. After considering the Motion, the Court GRANTS the motion.

Accordingly, LG Display Co., Ltd. is the named defendant in this action and replaces LG.Philips LCD Co., Ltd.  Also, LG Display America, Inc. is the named defendant in this action and replaces LG.Philips LCD America, Inc.  The caption on future filings should reflect such change.

SIGNED this 24th day of March, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-176 |
| | § | |
| LG PHILIPS LCD CO., LTD., ET AL., | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Defendants' Motion to Transfer This Case to Delaware (Dkt. No. 9) and related briefing. After carefully considering the parties' submissions, the Motion is GRANTED.

**I.     Factual Background and Procedural History**

On December 1, 2006, LG Philips LCD Co., Ltd. ("LPL") filed an action in the District of Delaware alleging infringement of patents directed at various aspects of liquid crystal display ("LCD") technology, which was assigned Case No. 1:06-cv-00726 ("the Delaware action"). The first-named defendant in the Delaware action is the plaintiff here, Chi Mei Optoelectronics Corporation ("CMO"). Other defendants in the Delaware action include AUO Optronics Corporation ("AUO") and AUO's subsidiary, AU Optronics America, Inc. ("AUO America").

On March 8, 2007, AUO filed an infringement action regarding patents directed at LCD technology in the Western District of Wisconsin against the two defendants here, LPL and LPL's subsidiary, LG Philips LCD America, Inc. ("LPLA") ("the Wisconsin action"). LPL amended its Delaware complaint against AUO to add declaratory judgment counts of invalidity and non-infringement relating to the patents asserted by AUO. LPL then filed a motion to transfer with

the Wisconsin court.  In granting the motion, Judge Shabaz concluded "[t]he interest of justice overwhelmingly favors transfer to Delaware for consolidation with the first filed case presently pending in that Court."  *AU Optronics Corp. v. LG.Philips LCD Co., Ltd.*, No. 07-C-137-S, 2007 U.S. Dist. LEXIS 39340, at *13 (W.D.Wis. 2007).

After both LPL and AUO filed their complaints, CMO filed this action on May 4, 2007, against LPL and LPLA ("the Texas action").  CMO accuses LPL and LPLA of infringing patents related to LCD technology.  As it had done after AUO filed the Wisconsin complaint, LPL amended its Delaware complaint against CMO to add declaratory judgment counts of invalidity and non-infringement for the patents asserted by CMO in this action.

## II.    Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).  When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case."  *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").  When deciding whether to transfer venue, the court balances private and public interest factors.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

When faced with a motion to transfer venue, the court must first determine whether the

2

proposed transferee forum would have been a court of proper venue. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). CMO argues that Delaware does not have personal jurisdiction over LPLA. In the Wisconsin case, Judge Shabaz was "convinced that the stream of commerce theory of personal jurisdiction as applied to patent actions by the Federal Circuit in *Beverly Hills Fan Co. Royal Sovereign Corp.*, 21 F.3d 1558 (1994) operates to afford nationwide personal jurisdiction over LPLA under the particular circumstances of this action." *AU Optronics Corp. v. LG.Philips LCD Co.*, 2007 U.S. Dist. LEXIS 39340, at *10 (W.D.Wis. 2007). This court agrees.

Having established that the District of Delaware is a venue in which the case might have been brought, the court now turns to the merits of the motion to transfer. The plaintiff's choice of forum is entitled to deference. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). In light of that deference, the court must consider the various private and public interest factors to determine whether a transfer is warranted. *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947). Here, the court is satisfied that the defendants have carried their burden to show that the court should transfer venue.

Although the private interest factors in this case are neutral, the public interest factors overwhelmingly favor a transfer. The accused technology in this case is similar to the accused technology in the Delaware action: all patents involved relate to LCD display technology. Moreover, Judge Shabaz has already addressed a nearly-identical issue with respect to CMO's co-defendant in the Delaware case, AUO. This court declines to allow CMO, by filing this case, to circumvent the intention of Judge Shabaz's order relating to AUO's case. The interest of justice factor weighs in favor of having the parties resolve their related disputes in one forum, the District of Delaware.

## III.  Conclusion

In light of the above discussion, the court grants Defendants' Motion to Transfer This Case

to Delaware (Dkt. No. 9) to transfer, and orders the clerk to transfer this case to the District of Delaware.  If the Delaware court concludes this case is improperly joined or it would serve the interest of judicial efficiency to continue this action in this District, the Delaware court is free to transfer the case back to the Eastern District of Texas.

It is so ORDERED.

SIGNED this 31st day of March, 2008.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, | ) ) ) | Case No. 2:07-cv-00176-TJW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| LG DISPLAY CO., LTD., a Korean Corporation, and LG DISPLAY AMERICA, INC., a California Corporation, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., | ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| CHI MEI OPTOELECTRONICS CORPORATION,; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, | ) ) ) ) | |
| Counterclaim Defendants. | ) ) ) | |

**PLAINTIFF CHI MEI OPTOELECTRONICS CORPORATION'S OPPOSED MOTION TO EXTEND THE TIME TO RESPOND TO DEFENDANT LG DISPLAY CO. LTD'S FIRST SET OF INTERROGATORIES**

1.      Plaintiff Chi Mei Optoelectronics Corporation ("CMO") respectfully moves the Court for a three-week extension of time within which to respond to LG Display Co., Ltd. ("LG Display")'s First Set of Interrogatories.  CMO has not previously moved or sought any extension of time to respond to these interrogatories.

2.      Responses and objections to the interrogatories at issue are currently due today, April 7, 2008.  By this motion, CMO requests that its response be due in three weeks, on April 28, 2008.

4.      Good cause exists for this request, for several reasons.  First, many of the interrogatories are complex and technical, and require counsel to obtain and review a significant amount of information from its client – much of which must come from documents that are written in Chinese.  CMO believes that it will take several more weeks to compile and provide this information to counsel, which will then need at least one week to review it and prepare substantive responses.

5.      Second, on March 31, 2008, the Court granted LG Display's motion to transfer this case to the District of Delaware (the "Transfer Order").  Pursuant to the Local Rule 83(b), however, the clerk is "holding" the transfer for 20 days.  Thus, while the Court has ordered this case transferred, the transfer has not yet been effected.  If this case is still pending in Texas on April 28, 2008 – the date of the extension – CMO will respond to the interrogatories in this action.

6.      Third, LG Display already has what it has admitted to be nearly identical interrogatories pending in Delaware.  *See* attached Exhibit A, April 3, 2008 E-mail from Lora Brzezynski, counsel for LG Display, to Adam Hoffman, counsel for CMO, stating that the Texas and Delaware interrogatories are identical except for interrogatories served only in Delaware.  By this motion CMO is not seeking – and does not believe it could seek – an extension of any discovery deadlines in the Delaware case.

8.      CMO would suffer no prejudice by the requested extension.  If the transfer takes place before April 28, LG Display already has parallel interrogatories pending in the District of Delaware, meaning that the interrogatories at issue here would in any case become redundant upon transfer.  If this case is ultimately not transferred, a delay of three weeks at this early stage of discovery would work no prejudice to LG Display.  Under the discovery schedule approved by the Court in its Docket Control and Discovery Orders, discovery does not close in this case

for over a year, until July 7, 2009, and the date for production of additional documents is not until May 30, 2008.

9.  LG Display has nonetheless refused to consent to the requested extension without an array of unacceptable conditions.  After CMO requested the extension, LG Display demanded that CMO (a) forgo its right to request reconsideration of the Court's Transfer Order, and  (b) respond in this case to discovery served in the Delaware case.  See Exhibit A.  Following the parties' meet and confer conference, LG Display continued to refuse to grant the requested extension.

WHEREFORE, Plaintiff Chi Mei Optoelectronics Corporation respectfully moves the Court for an extension of time within which to respond to LG Display Co. Ltd.'s First Set of Interrogatories, until April 28, 2008.


Date:  April 7, 2008                    By:_____/s/_____

Melissa R. Smith
LEAD ATTORNEY
State Bar No. 24001351
Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**ATTORNEYS FOR PLAINTIFF,
CHI MEI OPTOELECTRONICS
CORPORATION**


*Of Counsel:*

Jonathan S. Kagan (Pro  Hac Vice)
Alexander C.D. Giza (Pro Hac Vice)
Adam Hoffman (Pro Hac Vice)
E-mail:  agiza@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

## CERTIFICATE OF CONFERENCE

On April 4, 2008, a personal conference by telephone was held between the parties.  The participants for Chi Mei Optoelectronics Corp. ("CMO") were lead trial attorney Jonathan S. Kagan and Adam Hoffman of Irell & Manella, LLP, and local counsel Harry L. Gillam, Jr. of Gillam & Smith, LLP.  The participants for LC Display Co.. Ltd. ("LG Display) were Lora A. Brzezynski of McKenna Long & Aldridge LLP and local counsel Jennifer P. Ainsworth of Wilson, Robertson & Cornelius, P.C.  No agreement could be reached because LG Display conditioned any grant of the extension requested on concessions to which CMO could not agree, for the reasons described in paragraph 8 above.  The discussions between the parties have reached an impasse, leaving an open issue for the Court to resolve.


By:____/s/_____          By:_____/s/_____
       Harry L. Gillam, Jr.                              Jonathan S. Kagan (Pro  Hac Vice)
       State Bar No. 07921800                       IRELL & MANELLA LLP
       GILLAM & SMITH, L.L.P.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 7th day of April, 2008.


       _____/s/_____
       Melissa R. Smith

**Hoffman, Adam**

| | |
|---|---|
| **From:** | Brzezynski, Lora [lbrzezynski@mckennalong.com] |
| **Sent:** | Thursday, April 03, 2008 2:32 PM |
| **To:** | Hoffman, Adam |
| **Cc:** | ~Bono, Gap; ~Goodwyn, Tyler; ~Lomas, John |
| **Subject:** | CMO's request for an extension |

Adam:

Regarding your call today requesting a three week extension to April 28th to respond to LG
Display's interrogatories served on CMO in Texas, we have considered your request and are
willing to grant CMO's request, provided that (i) CMO agrees not to file a motion for
reconsideration or otherwise challenge the transfer to Delaware; (ii)CMO actually responds
to LG Display's interrogatories on April 28th and does not attempt to argue or object that
it is not required to respond due to any pending motion in Delaware or Texas; (iii) CMO
also responds to those LG Display interrogatories on April 28th that LG Display served in
Delaware that are not duplicative of the interrogatories served in Texas, and CMO does not
attempt to argue or object that it is not required to respond due to any pending motion in
Delaware or Texas; and (iv)  CMO agrees that only LG Display's non-duplicative
interrogatories served in Delaware and LG Display's interrogatories served in Texas shall
count toward the interrogatory limit in Delaware.  Concerning (iii) above, those
interrogatories served in Delaware that are not duplicative of the interrogatories served
in Texas are only interrogatories 7, 8, 9, and 19.  Thus, CMO must agree that LG Display
has served only a total of 19 interrogatories on CMO for the purposes of the interrogatory
limit in Delaware (the 15 interrogatories served in Texas plus interrogatories 7, 8, 9,
and 19 of the interrogatories served in Delaware).

This proposal will require the agreement of both your firm and Jones Day on behalf of CMO
as you have indicated that Jones Day may be the law
firm responding to LG Display's interrogatories on behalf of CMO.   I
will await your response.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, | ) ) ) | Case No. 2:07-cv-00176-TJW |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| LG DISPLAY CO., LTD., a Korean Corporation, and LG DISPLAY AMERICA, INC., a California Corporation, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) ) | |
| LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., | ) ) ) | |
| Counterclaim Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| CHI MEI OPTOELECTRONICS CORPORATION,; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, | ) ) ) ) | |
| Counterclaim Defendants. | ) ) ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF CHI MEI OPTOELECTRONICS CORPORATION'S OPPOSED MOTION TO EXTEND THE TIME TO RESPOND TO DEFENDANT LG DISPLAY CO. LTD'S FIRST SET OF INTERROGATORIES**

Before this Court is Chi Mei Optoelectronics Corporations' Motion to Extend

Time to respond to LG Display Co., Ltd. (LG Display)'s First Set of Interrogatories. The

Court is of the opinion that the motion should be granted.

It is therefore ORDERED that Chi Mei Optoelectronics Corporation be and hereby is, GRANTED an extension of time within which to respond to LG Display Co., Ltd. (LG Display")'s First Set of Interrogatories in the above cause up to and including April 28, 2008.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LG DISPLAY CO., LTD., a Korean Corporation, and LG DISPLAY AMERICA, INC., a California Corporation, <br><br> Defendants. | Civil Action No. 2:07-cv-00176-TJW <br><br> **JURY TRIAL DEMANDED** |
| LG DISPLAY CO., LTD., and LG DISPLAY AMERICA, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, <br><br> Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**DEFENDANT LG DISPLAY'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND THE TIME TO RESPOND TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

1.     Defendant LG Display Co., Ltd. ("LG Display") respectfully submits this response to Plaintiff Chi Mei Optoelectronics Corporation's ("CMO") motion for an additional three weeks to respond to LG Display's First Set of Interrogatories.  LG Display made multiple attempts to come to a reasonable agreement that would provide CMO additional time to respond to LG Display's interrogatories.  CMO rejected all attempts and refused to provide the simple assurance that CMO would actually answer LG Display's interrogatories, thus revealing that the

true motivation behind CMO's motion is to avoid answering LG Display's interrogatories altogether.

2.      On April 3, 2008, just 2 business days before CMO's responses to the interrogatories LG Display served on March 8, 2008 were due, CMO asked for an additional three weeks, until April 28, 2008, to respond.  CMO expressly stated that the basis for its request was that CMO wanted to delay responding to LG Display's interrogatories until after the transfer of the case, as the Jones Day firm, CMO's counsel in Delaware, would be the firm responding to the interrogatories.

3.      Under normal circumstances LG Display would have been amenable to granting CMO's request.  Given, however, this Court's March 31, 2008 order transferring this case to the United States District Court for the District of Delaware ("Transfer Order") and CMO's repeated attempts to avoid and delay LG Display's pending suit in Delaware, LG Display expressed concern that CMO's request may be an attempt to avoid having to respond to LG Display's interrogatories in Texas before the transfer and then further delay serving its responses in Delaware.  LG Display could not agree to an extension without assurances from CMO that it would in fact respond to LG Display's interrogatories by April 28, as this case should be transferred to Delaware prior to April 28 in accordance with this Court's Transfer Order.

4.      Accordingly, LG Display initially offered to agree to an extension if CMO's Texas and Delaware counsel would provide assurances that CMO would: 1) actually respond to LG Display's interrogatories on April 28th and not attempt to argue or object that it is not required to respond due to any pending motion in Delaware or Texas; 2) respond to those LG Display interrogatories on April 28th that LG Display served in Delaware that are not duplicative of the interrogatories served in Texas, and not attempt to argue or object that it is not required to

-2-

respond due to any pending motion in Delaware or Texas; and 3) count only the non-duplicative interrogatories served in Delaware and LG Display's interrogatories served in Texas toward the interrogatory limit in Delaware.  (*See* attached Exhibit A, April 3, 2008 E-mail from LG Display counsel Lora Brzezynski to CMO counsel Adam Hoffman.)  In addition, during the conversation between counsel on April 3, counsel for CMO also stated that CMO was considering filing either a motion for reconsideration or comments to the Court's Transfer Order.  Wanting to avoid incurring additional attorneys' fees from further briefing by CMO, LG Display also requested that CMO not file its motion for reconsideration.  (*See* Exhibit A.)

5.      CMO rejected LG Display's offer, requesting a meet and confer instead.  (*See* attached Exhibit B, April 3, 2008 E-mail from CMO counsel Hoffman to LG Display counsel Brzezynski.)  LG Display's counsel requested CMO's Delaware counsel's participation in the discussion as, given the Transfer Order, CMO's request necessarily implicated issues relevant to the Delaware litigation and CMO's counsel there.  (*See* attached Exhibit C, April 4, 2008 E-mail from LG Display counsel Lora Brzezynski to CMO counsel Adam Hoffman.)  Surprisingly, CMO's Delaware counsel refused to participate, thus CMO could only provide assurances that LG Display's interrogatories would be answered by April 28 were this case to somehow remain in Texas despite this Court's Transfer Order stating otherwise.  Thus, CMO was unwilling to provide any assurances that LG Display's interrogatories would be answered within the time period of the requested extension and after transfer to Delaware.

6.      In an attempt to foster a compromise, LG Display offered a ten day extension to just before the Rule 83(b) period ended as long as CMO responded to LG Display's interrogatories in Texas before the case was transferred.  LG Display's offer would give CMO's counsel ten extra days to answer the interrogatories, while at the same time allay LG Display's

concern that CMO's Delaware counsel would improperly refuse to respond once the case was transferred. CMO rejected this compromise offer, labeling it "clearly not acceptable." (*See* attached Exhibit D, April 7, 2008 E-mail from CMO counsel Jonathan Kagan to LG Display counsel Lora Brzezynski.)

7.     Had additional time to obtain information from its client been CMO counsel's primary motivation, they would have accepted this offer. CMO's rejection is further evidence of LG Display's concern that CMO is engaging in gamesmanship geared toward avoiding LG Display's interrogatories altogether. Indeed, CMO's counsel admitted that their position was that LG Display's Texas interrogatories do not have to be responded to at all once this case is transferred. To the contrary, CMO's discovery obligations remain unaltered by the Transfer Order. Nothing in the Transfer Order or Local Rule 83(b) suggests otherwise.

8.     CMO's mischaracterization of LG Display's offer in its motion, claiming that LG Display "*demanded* that CMO (a) forgo its right to request reconsideration of the Court's Transfer Order, and (b) respond *in this case* to discovery served in the Delaware case" is not accurate. (D.I. 66, emphasis added.) First, in its compromise offer, LG Display dropped its request that CMO forgo any attempt to have the Transfer Order reconsidered (although LG Display believes that any such attempt would be without merit and should be denied). Second, even in LG Display's original response to CMO's request, LG Display explicitly noted that its proposal would "require the agreement of both [CMO's Texas counsel] and Jones Day on behalf of CMO." Contrary to CMO's claim, LG Display requested that CMO's Texas counsel timely respond in this case only to discovery served in this case and for CMO's Delaware counsel to timely respond in the Delaware case to the discovery that LG Display served in Texas if the case was transferred before the extension expired. When it became clear that CMO's Delaware

counsel would not cooperate, LG Display offered a compromise agreement of a ten-day extension that did not involve CMO responding in Delaware at all because the new extended response date would come before the case was transferred to Delaware.

9.      Significantly, a number of LG Display's interrogatories are related to LG Display's defenses against CMO's infringement claims.  It is well established that this Judicial District expects plaintiffs to be thoroughly prepared prior to filing patent infringement claims here.  *See*, *e.g*., *American Video Graphics, L.P v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) ("The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit.").  It should have come as no surprise to experienced patent litigant CMO that Defendant LG Display would serve discovery seeking information about the ownership history, licensing, and non-obviousness of CMO's patents-in-suit as well as the notice CMO alleges to have provided LG Display and the products that CMO accuses of infringement.  A reasonably prepared plaintiff should have already given significant consideration to these issues and been capable of providing timely responses to interrogatories addressing these topics once served.

10.     LG Display's remaining interrogatories are directed to LG Display's infringement claims.  CMO's Texas counsel has known about these claims since August 13, 2007 when LG Display filed counterclaims in this action.  (D.I. 25.)  CMO has known about three of LG Display's infringement claims since June 11, 2007 when similar claims were filed in the Delaware suit.  LG Display objects to CMO's repeated attempts to delay the resolution of those claims.

11.     Now that this Court has transferred this case to the District of Delaware for consolidation with LG Display's pending suit against CMO, time is even more of the essence as

the Delaware trial date is two months earlier than the trial date that had been scheduled in this

action.  Further, CMO should not benefit from the Transfer Order by delaying its response to LG

Display's interrogatories until after the transfer so that CMO's Delaware counsel can then

attempt to argue that CMO does not have to respond to LG Display's interrogatories at all, which

LG Display maintains would be contrary to CMO's discovery obligations.

Accordingly, Defendant LG Display respectfully requests that Plaintiff CMO's motion to

extend the time to respond to LG Display's interrogatories be denied.

April 8, 2008                                    Respectfully submitted,

                                                 */s/ Jennifer Parker Ainsworth*
                                                 Jennifer Parker Ainsworth
                                                 State Bar No. 00784720
                                                 WILSON, ROBERTSON &  CORNELIUS, P.C.
                                                 P.O. Box 7339
                                                 Tyler, Texas 75711
                                                 (903) 509-5000
                                                 (903) 509-5092 (facsimile)
                                                 jainsworth@wilsonlawfirm.com

                                                 Gaspare J. Bono, Esq.
                                                 R. Tyler Goodwyn, Esq.
                                                 John W. Lomas, Jr., Esq.
                                                 MCKENNA LONG & ALDRIDGE LLP
                                                 1900 K Street, NW
                                                 Washington, D.C. 20006
                                                 Tel:  (202) 496-7500
                                                 Fax:  (202) 496-7756
                                                 gbono@mckennalong.com
                                                 tgoodwyn@mckennalong.com
                                                 jlomas@mckennalong.com

                                                 *Attorneys for Defendants/Counterclaim*
                                                 *Plaintiffs LG Display Co., Ltd., formerly*
                                                 *known as LG.Philips LCD Co., Ltd., and*
                                                 *LG Display America, Inc., formerly known as*
                                                 *LG.Philips LCD America, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 8th day of April, 2008.


<u>*/s/ Jennifer Parker Ainsworth*</u>
Jennifer Parker Ainsworth

# EXHIBIT A

**Lomas, John**

| | |
|---|---|
| **From:** | Brzezynski, Lora |
| **Sent:** | Thursday, April 03, 2008 5:32 PM |
| **To:** | 'Hoffman, Adam' |
| **Cc:** | Bono, Gaspare; Goodwyn, Tyler; Lomas, John |
| **Subject:** | CMO's request for an extension |

Adam:

Regarding your call today requesting a three week extension to April 28th to respond to LG Display's interrogatories served on CMO in Texas, we have considered your request and are willing to grant CMO's request, provided that (i) CMO agrees not to file a motion for reconsideration or otherwise challenge the transfer to Delaware; (ii)CMO actually responds to LG Display's interrogatories on April 28th and does not attempt to argue or object that it is not required to respond due to any pending motion in Delaware or Texas; (iii) CMO also responds to those LG Display interrogatories on April 28th that LG Display served in Delaware that are not duplicative of the interrogatories served in Texas, and CMO does not attempt to argue or object that it is not required to respond due to any pending motion in Delaware or Texas; and (iv) CMO agrees that only LG Display's non-duplicative interrogatories served in Delaware and LG Display's interrogatories served in Texas shall count toward the interrogatory limit in Delaware. Concerning (iii) above, those interrogatories served in Delaware that are not duplicative of the interrogatories served in Texas are only interrogatories 7, 8, 9, and 19. Thus, CMO must agree that LG Display has served only a total of 19 interrogatories on CMO for the purposes of the interrogatory limit in Delaware (the 15 interrogatories served in Texas plus interrogatories 7, 8, 9, and 19 of the interrogatories served in Delaware).

This proposal will require the agreement of both your firm and Jones Day on behalf of CMO as you have indicated that Jones Day may be the law firm responding to LG Display's interrogatories on behalf of CMO. I will await your response.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com

1

# EXHIBIT B

**Lomas, John**

| | |
|---|---|
| **From:** | Hoffman, Adam [AHoffman@irell.com] |
| **Sent:** | Thursday, April 03, 2008 6:46 PM |
| **To:** | Brzezynski, Lora |
| **Cc:** | Bono, Gaspare; Goodwyn, Tyler; Lomas, John; #CMO/LPL [Int]; ~Smith, Melissa |
| **Subject:** | RE: CMO's request for an extension |


Lora, your e-mail raises a large number of issues that are unrelated to CMO's request for
an extension for responding to one set of interrogatories in this case.  If LG Display is
unwilling to grant the requested extension without imposing these ancillary conditions,
the Court's assistance may be required.  We would like to schedule a meet and confer
between trial counsel and local counsel for 4:30 central time tomorrow afternoon.  Please
let us know if LG Display's counsel will be available at this time, or suggest an
alternative time, keeping in mind that the deadline at issue is Monday.

Best Regards,
Adam Hoffman

-----Original Message-----
From: Brzezynski, Lora [mailto:lbrzezynski@mckennalong.com]
Sent: Thursday, April 03, 2008 2:32 PM
To: Hoffman, Adam
Cc: ~Bono, Gap; ~Goodwyn, Tyler; ~Lomas, John
Subject: CMO's request for an extension

Adam:

Regarding your call today requesting a three week extension to April 28th to respond to LG
Display's interrogatories served on CMO in Texas, we have considered your request and are
willing to grant CMO's request, provided that (i) CMO agrees not to file a motion for
reconsideration or otherwise challenge the transfer to Delaware; (ii)CMO actually responds
to LG Display's interrogatories on April 28th and does not attempt to argue or object that
it is not required to respond due to any pending motion in Delaware or Texas; (iii) CMO
also responds to those LG Display interrogatories on April 28th that LG Display served in
Delaware that are not duplicative of the interrogatories served in Texas, and CMO does not
attempt to argue or object that it is not required to respond due to any pending motion in
Delaware or Texas; and (iv)  CMO agrees that only LG Display's non-duplicative
interrogatories served in Delaware and LG Display's interrogatories served in Texas shall
count toward the interrogatory limit in Delaware.  Concerning (iii) above, those
interrogatories served in Delaware that are not duplicative of the interrogatories served
in Texas are only interrogatories 7, 8, 9, and 19.  Thus, CMO must agree that LG Display
has served only a total of 19 interrogatories on CMO for the purposes of the interrogatory
limit in Delaware (the 15 interrogatories served in Texas plus interrogatories 7, 8, 9,
and 19 of the interrogatories served in Delaware).

This proposal will require the agreement of both your firm and Jones Day on behalf of CMO
as you have indicated that Jones Day may be the law
firm responding to LG Display's interrogatories on behalf of CMO.   I
will await your response.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com

# EXHIBIT C

**Lomas, John**

| | |
|---|---|
| **From:** | Brzezynski, Lora |
| **Sent:** | Friday, April 04, 2008 11:31 AM |
| **To:** | 'Hoffman, Adam' |
| **Cc:** | Bono, Gaspare; Goodwyn, Tyler; Lomas, John; '#CMO/LPL [Int]'; '~Smith, Melissa'; 'Jennifer P. Ainsworth' |
| **Subject:** | RE: CMO's request for an extension |

Adam:

We believe our proposal was quite reasonable. CMO cannot expect LG Display to agree to grant an extension of time to CMO to respond to interrogatories served in Texas and then have CMO's counsel in Delaware potentially argue that CMO is not required to answer those interrogatories because of pending motions. We simply want CMO's agreement that it will actually respond to all interrogatories that have been propounded (less the duplicative ones) on April 28th. Given the history of these cases, we believe that this is a reasonable request. In addition, we want to avoid now any potential double counting of interrogatories by CMO of clearly identical interrogatories that we served in Delaware and Texas. This is also a reasonable request to which CMO should have no objection. As for our request that CMO agree not to move for reconsideration of Judge Ward's motion to transfer, we believe that LG Display has incurred enough attorneys' fees already from CMO's filing in Texas, and we wish to avoid further unnecessary briefing to the Court.

I would be pleased to discuss these issues with you today. I am not available at 5:30 Eastern time, but could confer with you earlier in the day. I propose 2:30 Eastern time. Because you have stated that Jones Day may be the firm responding to such requests, counsel from Jones Day needs to be on our call. Please confirm that they can participate.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Hoffman, Adam [mailto:AHoffman@irell.com]
Sent: Thursday, April 03, 2008 6:46 PM
To: Brzezynski, Lora
Cc: Bono, Gaspare; Goodwyn, Tyler; Lomas, John; #CMO/LPL [Int]; ~Smith, Melissa
Subject: RE: CMO's request for an extension


Lora, your e-mail raises a large number of issues that are unrelated to CMO's request for an extension for responding to one set of interrogatories in this case. If LG Display is unwilling to grant the requested extension without imposing these ancillary conditions, the Court's assistance may be required. We would like to schedule a meet and confer between trial counsel and local counsel for 4:30 central time tomorrow afternoon. Please let us know if LG Display's counsel will be available at this time, or suggest an alternative time, keeping in mind that the deadline at issue is Monday.

Best Regards,
Adam Hoffman

-----Original Message-----
From: Brzezynski, Lora [mailto:lbrzezynski@mckennalong.com]

# EXHIBIT D

**Lomas, John**

| | |
|---|---|
| **From:** | Kagan, Jonathan [JKagan@irell.com] |
| **Sent:** | Monday, April 07, 2008 10:18 AM |
| **To:** | Brzezynski, Lora; Hoffman, Adam |
| **Cc:** | ~Ainsworth, Jennifer; Bono, Gaspare; Goodwyn, Tyler; Lomas, John; ~Gillam, Harry; ~Smith, Melissa |
| **Subject:** | RE: CMO's request for a 3 week extension |

Lora,

Because you have invoked my name in your latest e-mail, I must respond to the portion that refers to me.

After I received your e-mail which mischaracterized the bases on which CMO requested the extension in Texas, I called Ms. Ainsworth, as a courtesy, because this Firm prefers not to accuse others of tactics such as sending the false "confirming" letter. Because your e-mail bore almost no resemblance to what we discussed, however, you did not leave us much of a choice. I called Ms. Ainsworth to verify that she did not have any difficulty understanding the bases of CMO's request, and to let her know that I did not believe that she or her firm would be involved in this type of gamesmanship. Ms. Ainsworth confirmed that she understood the proper bases for CMO's request.

We were also clear that, as Jones Day is counsel in the Delaware case, we were not - and could not - seek any extension in the Delaware case.
Moreover, we have never said the Jones Day would be handling the responses to the interrogatories in Texas. To the contrary, as we expressly stated during our conference call, we will be handling those responses if they are due while this case is pending in Texas.

As I discussed with Ms. Ainsworth, an extension of at least one month is customarily granted to respond to interrogatories to permit counsel to obtain and prepare the interrogatories. We have sought only three weeks. Your offer of a 10 day extension is clearly not acceptable. I suggest you confer with Ms. Ainsworth if you need further guidance on this point. She is a very experienced litigator in the Eastern District, and I'm sure she can provide you with proper advice on the length of extensions that are customarily requested and granted by law firms under the local rules and practices regarding cooperation between law firms.

While we disagree with many of the other statements in your e-mail, we obviously do not need to address them all. If you ever misunderstood the bases of our simple request for a three-week extension, you must understand it now. Nonetheless, you have refused to grant us this simple courtesy. We are therefore required to file a motion, which we will do.

-Jonathan Kagan
Irell & Manella LLP
(310) 203-7092

-----Original Message-----
From: Brzezynski, Lora [mailto:lbrzezynski@mckennalong.com]
Sent: Monday, April 07, 2008 6:03 AM
To: Hoffman, Adam
Cc: ~Ainsworth, Jennifer; ~Bono, Gap; ~Goodwyn, Tyler; ~Lomas, John; ~Gillam, Harry; Kagan, Jonathan
Subject: RE: CMO's request for a 3 week extension

Adam:

I do not believe that I mischaracterized CMO's basis for its extension request. You were very clear when you first requested an extension on Thursday that your basis for doing so was that CMO wanted to delay responding until after the transfer because the Jones Day firm would be handling the responses as that firm is CMO's Delaware counsel. As for your comment below that CMO believes that the transfer order may moot the need to respond, when you referenced that position during our meet and confer on Friday afternoon, I immediately

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, | ) ) ) | Case No. 2:07-cv-00176-TJW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| LG DISPLAY CO., LTD., a Korean Corporation, and LG DISPLAY AMERICA, INC., a California Corporation, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., | ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| CHI MEI OPTOELECTRONICS CORPORATION,; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, | ) ) ) ) | |
| Counterclaim Defendants. | ) ) ) | |

**PLAINTIFF CHI MEI OPTOELECTRONICS CORPORATION'S REPLY IN SUPPORT**

**OF ITS OPPOSED MOTION TO EXTEND THE TIME TO RESPOND TO**

**DEFENDANT LG DISPLAY CO. LTD'S FIRST SET OF INTERROGATORIES**

1.     Plaintiff Chi Mei Optoelectronics Corporation ("CMO") respectfully submits this

Reply in support of its motion for a three-week extension of time within which to respond to LG

Display Co., Ltd. ("LG Display")'s First Set of Interrogatories.  While CMO disagrees with

many aspects of LG Display's Response, CMO believes that most important issue it raised –
which LG Display did not address – is that LG Display's interrogatories require CMO's counsel
to collect extensive information from its client, and to review and compile that information in the
proper form.  CMO's counsel estimates it will need three weeks to do this.

2.    LG Display suggests that three weeks is excessive because the interrogatories at
issue relate to the parties' infringement claims and defenses.  *See* LG Display's Response at ¶¶ 9-
10.  But LG Display does not, and cannot, suggest that its interrogatories ask only simple
questions which do not require CMO's counsel to collect and compile substantial information
from its Taiwan-based client.  For example, even those interrogatories that do not relate to
complex technical issues require CMO to collect (and CMO's counsel to review and compile) a
substantial amount of information going back many years.  One of these less complex
interrogatories, Interrogatory No. 7, reads as follows:

> For each CMO Product . . . in a spreadsheet or summary format with subtotals and totals,
> identify all offers to sell and sales regarding such products, on a monthly or quarterly
> basis since December 1, 2000, including each offer to sell and sale, the transaction date,
> customer, product model, quantity, price, and shipment or delivery destination.

Given the number of products at issue, answering this type of non-technical interrogatory
requires a great deal of time.  The technical interrogatories require even more time to prepare a
response, and given the number of interrogatories at issue (15), CMO's counsel believes that a
three-week extension is necessary.

3.    LG Display claims that it refused to grant CMO's request for an extension
because this Court issued an order transferring this case to Delaware.  Therefore, LG Display
argues, it is entitled to seek substantive concessions from CMO – such as waiving its right to
seek reconsideration of this Court's transfer order – in exchange for granting CMO's request.

LG Display also conditioned an extension in this case on CMO's Texas counsel's agreement to restrictions in the Delaware case, even though: LG Display has served overlapping interrogatories in the Delaware case; Delaware counsel for LG Display and CMO have (according to LG Display) already discussed the schedule for responding to those interrogatories; and there is no indication that Judge Farnan in Delaware is unable to supervise the discovery pending in matters before him.

For the reasons set forth in its motion and this reply, Plaintiff Chi Mei Optoelectronics Corporation respectfully moves the Court for an extension of time within which to respond to LC Display Co. Ltd.'s First Set of Interrogatories, until April 28, 2008.

Date:  April 9, 2008

By:_____/s/_____

Melissa R. Smith
LEAD ATTORNEY
State Bar No. 24001351
Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**ATTORNEYS FOR PLAINTIFF,
CHI MEI OPTOELECTRONICS
CORPORATION**

*Of Counsel:*

Jonathan S. Kagan (Pro  Hac Vice)
Alexander C.D. Giza (Pro Hac Vice)
Adam Hoffman (Pro Hac Vice)
E-mail:  agiza@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 9th day of April, 2008.

                            /s/
                         Melissa R. Smith

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS | § | |
| CORPORATION, a Taiwan Corporation | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| LG.PHILIPS LCD CO., LTD., a Korean | § | Case No. 2:07CV-176TJW |
| Corporation, and | § | |
| LG.PHILIPS LCD AMERICA, INC., a | § | |
| California Corporation | § | |
| | § | |
| Defendants. | § | |

**MOTION TO WITHDRAW AS COUNSEL**

COMES NOW Mike C. Miller of the Law Office of Mike C. Miller, P.C., local counsel for the Defendants, LG PHILIPS LCD CO., LTD and LG PHILIPS LCD AMERICA, INC., and makes this his Motion to Withdraw as Counsel of Record and in support thereof would respectfully show as follows:

I.

The undersigned counsel respectfully requests permission to withdraw as counsel of record for the Defendants in this cause. Withdrawing as counsel of record at this time will not cause any hardship upon the Defendants as they are still represented by their original attorney, Mr. Gaspar Bono and new local counsel, Jennifer Ainsworth. Neither will this withdrawal delay the progress of this case as defendants have adequate counsel.

THEREFORE, PREMISES CONSIDERED, Mike C. Miller respectfully requests that he be allowed to withdraw as counsel for the Defendants, LG PHILIPS LCD CO., LTD and LG PHILIPS LCD AMERICA, INC..

BY: /s/Mike C. Miller
Mike C. Miller
State Bar No. 14101100
Law Office of Mike C. Miller, P.C.
P. O. Box 1249
Marshall, Texas 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360


ATTORNEY FOR DEFENDANTS


## CERTIFICATE OF CONFERENCE

I, the undersigned, certify that I spoke with Ms. Melissa Smith, counsel for Plaintiff in the above-entitled and numbered cause regarding this Motion to Withdraw. Ms. Smith has no objection to this Motion.


/s/ Mike C. Miller
Mike C. Miller


## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2008, a true and correct copy of the foregoing document was sent to all counsel of record via the Court electronic filing system.


/s/Mike C. Miller
Mike C. Miller

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS | § | |
| CORPORATION, a Taiwan Corporation | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| LG.PHILIPS LCD CO., LTD., a Korean | § | Case No. 2:07CV-176TJW |
| Corporation, and | § | |
| LG.PHILIPS LCD AMERICA, INC., a | § | |
| California Corporation | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD

On this day to be considered Mike C. Miller's Motion to Withdraw as Counsel of Record, and after consideration of same, the Court is of the opinion that said motion should be in all things GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Mike C. Miller of the Law Office of Mike C. Miller, P.C. be allowed to withdraw as counsel of record for the Defendants in the above-captioned case..

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS | § | |
| CORPORATION, a Taiwan Corporation | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| LG.PHILIPS LCD CO., LTD., a Korean | § | Case No. 2:07CV-176TJW |
| Corporation, and | § | |
| LG.PHILIPS LCD AMERICA, INC., a | § | |
| California Corporation | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD**

On this day to be considered Mike C. Miller's Motion to Withdraw as Counsel of Record,

and after consideration of same, the Court is of the opinion that said motion should be in all things

GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Mike C. Miller of

the Law Office of Mike C. Miller, P.C. be allowed to withdraw as counsel of record for the

Defendants in the above-captioned case..

SIGNED this 11th day of April, 2008.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

CHI MEI OPTOELECTRONICS
CORPORATION, a Taiwan Corporation,

      Plaintiff,

      v.

LG DISPLAY CO., LTD., a Korean
Corporation, and LG DISPLAY AMERICA,
INC., a California Corporation,

      Defendants.

Civil Action No. 2:07-cv-00176-TJW

**JURY TRIAL DEMANDED**

LG DISPLAY CO., LTD., and
LG DISPLAY AMERICA, INC.,

      Counterclaim Plaintiffs,

      v.

CHI MEI OPTOELECTRONICS
CORPORATION; and CHI MEI
OPTOELECTRONICS USA, INC., a
Delaware Corporation,

      Counterclaim Defendants.

**JURY TRIAL DEMANDED**

## STIPULATION

On March 31, 2008, this Court entered its Order transferring this matter to the District of

Delaware.  Subsequent to the Order of Transfer, Plaintiff Chi Mei Optoelectronics Corporation

("CMO") filed an opposed motion for extension of time to respond to interrogatories served by

defendant LG Display Co., Ltd. ("LG Display")(Docket Entry #66).  LG Display responded to

the motion.  (Docket Entry #67).  CMO and LG Display hereby stipulate and agree that CMO's

motion may be resolved by the transferee court and the parties shall not be prejudiced by this

Court not resolving CMO's motion.


Respectfully submitted,

/s/ Melissa R. Smith (with permission)
Melissa R. Smith
LEAD ATTORNEY
State Bar No. 24001351
Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone No.: (903) 934-8450
Facsimile No.: (903) 934-9257
melissa@gillamsmithlaw.com

Jonathan S. Kagan
Alexander C.D. Giza
Adam Hoffman
IRELL & MANELLA, L.L.P.
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone No.: (310) 277-1010
Facsimile No.: (310) 203-7199
jkagan@irell.com
agiza@irell.com
ahoffman@irell.com

Attorneys for Plaintiff
Chi Mei Optoelectronics Corporation

/s/ Jennifer Parker Ainsworth
Jennifer Parker Ainsworth
State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711
(903) 509-5000
(903) 509-5092 (facsimile)
jainsworth@wilsonlawfirm.com

Gaspare J. Bono, Esq.
R. Tyler Goodwyn, Esq.
John W. Lomas, Jr., Esq.
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, D.C. 20006
Tel:  (202) 496-7500
Fax:  (202) 496-7756
gbono@mckennalong.com
tgoodwyn@mckennalong.com
jlomas@mckennalong.com

Attorneys for Defendants/Counterclaim
Plaintiffs LG.Philips LCD Co., Ltd., now
known as LG Display Co., Ltd., and
LG.Philips LCD America, Inc., now known as
LG Display America, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 15th day of April, 2008.


_/s/ Jennifer Parker Ainsworth_____
Jennifer Parker Ainsworth

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, | ) ) ) | Case No. 2:07-cv-00176-TJW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| LG DISPLAY CO., LTD., a Korean Corporation, and LG DISPLAY AMERICA, INC., a California Corporation, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |
| LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., | ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| CHI MEI OPTOELECTRONICS CORPORATION,; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, | ) ) ) ) | |
| Counterclaim Defendants. | ) ) ) | |

**PLAINTIFF CHI MEI OPTOELECTRONICS CORPORATION'S REQUEST FOR RECONSIDERATION OF ORDER GRANTING LG DISPLAY'S MOTION TO TRANSFER**

1.       Plaintiff Chi Mei Optoelectronics Corporation ("CMO") respectfully submits this request that the Court reconsider its March 31, 2008 Memorandum Opinion and Order granting defendant LG Display Co., Ltd.'s Motion to Transfer this Case to Delaware (Dk. No. 65) (the "Transfer Order").  This request is based on a possible misunderstanding regarding personal jurisdiction over the parties in Delaware.

2.    As this Court noted in the Transfer Order, "[w]hen faced with a motion to transfer venue, the court must first determine whether the proposed transferee forum would have been a court of proper venue." Transfer Order at 2-3. The Court further noted that Judge Shabaz in the Western District of Wisconsin had found nationwide personal jurisdiction over LG Display in related litigation, and agreed with this finding. *Id.* at 3. The Court held that this finding settled the question of whether the District of Delaware is a proper district for this case in the affirmative, because "CMO argues that Delaware does not have personal jurisdiction over LPLA." *Id.*

2.    In fact, CMO does not argue that the Delaware court does not have personal jurisdiction over LG Display (formerly LPLA). CMO argues that the Delaware court does not have personal jurisdiction over CMO, which is why CMO has contested personal jurisdiction and service of process in the District of Delaware. As can be seen in the attached letters to Judge Farnan in Delaware requesting that he rule on CMO's pending motions (Exhibit A to this motion) , CMO continues to contest personal jurisdiction in Delaware. The Delaware court has not ruled that CMO is subject to personal jurisdiction in Delaware.

3.    The fact that CMO contests the District of Delaware's jurisdiction over CMO, not LG Display, is important for several reasons. First, Judge Shabaz's finding regarding national personal jurisdiction concerned only AU Optronics ("AUO") and LG Display, *not* CMO. His decision, therefore, has no precedential significance regarding CMO.  In fact, neither AUO nor LG Display contested personal jurisdiction or service of process in Delaware, and neither AUO or LG Display had significant contacts with Wisconsin so as to shift the public interest factors in favor of the party resisting transfer. These circumstances are quite different from those in this case, where personal jurisdiction and service of process in Delaware is disputed, and where both LG Display and CMO have significant contacts with Texas in the form of multiple sales offices. *See* Opposition to Defendant's Motion to Transfer (Dk. No. 15-1) at 4, 13-14.

4.    Given these differences between the circumstances addressed by Judge Shabaz's order and those in this case, CMO submits that it has not attempted to "circumvent the intention of Judge Shabaz's order relating to AUO's case." Transfer Order at 3. Rather, CMO maintains

that good cause exists for the Court to reconsider its Transfer Order and deny LG display's

motion to transfer, for the reasons discussed in detail in CMO's briefing on this motion (Dk.

Nos. 15-1 and 18): the "First-To-File" Rule favors CMO, there is no substantial overlap between

the cases in Texas and Delaware, except to the degree LG Display has manufactured overlap by

bringing the patents asserted in this case into the Delaware litigation; both parties have

substantial contacts with Texas; and CMO disputes personal jurisdiction and service of process

in Delaware.

Date:  April 18, 2008

By:_____/s/_____

    Melissa R. Smith
    LEAD ATTORNEY
    State Bar No. 24001351
    Harry L. Gillam, Jr.
    State Bar No. 07921800
    GILLAM & SMITH, L.L.P.
    303 South Washington Avenue
    Marshall, Texas 75670
    Telephone: (903) 934-8450
    Facsimile: (903) 934-9257

    **ATTORNEYS FOR PLAINTIFF,**
    **CHI MEI OPTOELECTRONICS**
    **CORPORATION**

*Of Counsel:*

Jonathan S. Kagan (Pro  Hac Vice)
Alexander C.D. Giza (Pro Hac Vice)
Adam Hoffman (Pro Hac Vice)
E-mail:  agiza@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 18th day of April, 2008.


_____/s/_____

Melissa R. Smith

# EXHIBIT "A"



Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Philip A. Rovner
Partner
provner@potteranderson.com
(302) 984-6140  Direct Phone
(302) 658-1192  Fax

April 1, 2008

**BY E-FILE**

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the
   District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE  19801

Re:    LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, *et al.*,
        D. Del., C.A. No. 06-726-JJF
        AU Optronics Corporation v. LG Display Co., Ltd., *et al.*,
        D. Del., C.A. No. 07-357-JJF - Consolidated

Dear Judge Farnan:

        We represent defendant Chi Mei Optoelectronics Corporation ("CMO"), one of the defendants in the above-captioned suit.  Plaintiff LG DisplayCo., Ltd. ("LG Display") has asserted eight patents against CMO in several successive pleadings in this case, and CMO has moved to dismiss each of these pleadings for lack of personal jurisdiction and improper service of process (D.I. 19 and 131 in C.A. No. 06-726-JJF, and D.I. 89 in C.A. No. 07-357-JJF).  On March 31, District Judge Ward of the Eastern District of Texas transferred to this Court an action that CMO had filed against LG Display asserting a total of six patents against LG Display (the "Texas patents").  CMO had not asserted the Texas patents in this case.  Rather, after CMO had brought its action in Texas, LG Display asserted declaratory judgment counts against the Texas patents here.  As it did in response to LP Display's other counts, CMO moved to dismiss the declaratory judgment counts for, among other things, lack of personal jurisdiction.  As to the Texas patents, CMO was the first to file, not LG Display.

        In the last portion of Judge Ward's Memorandum Opinion and Order, he stated, "If the Delaware court concludes this case is improperly joined or it would serve the interest of judicial efficiency to continue this action in this District, the Delaware court is free to transfer the case back to the Eastern District of Texas."  If the Texas case is consolidated with the existing Delaware case, LG Display will be asserting nine patents against defendant AU Optronics Corporation ("AUO") and eight of those same patents against CMO, AUO will be asserting eight patents against LG Display, and CMO will be asserting six patents (*i.e.*, the Texas patents) against LG Display.  On the other hand, if this Court rules that CMO's motion to dismiss for lack of personal jurisdiction and/or improper service of process has merit, Judge Ward has proposed that the case between CMO and LG Display be returned to Texas, which this Court could

The Honorable Joseph J. Farnan, Jr.
April 1, 2008
Page 2

accomplish under 28 U.S.C. §§ 1404 or 1406.  Such an action would not only resolve the motions to dismiss, but also reduce the massiveness of this case by six patents.

On the same day that Judge Ward issued his Order, this Court issued a Scheduling Order governing the Delaware case as the case appeared before inclusion of the Texas patents (D.I. 175 in C.A. No. 06-726-JJF).  If this Scheduling Order is not amended, there will not be sufficient provision for CMO's case to be added to the other patent issues already in the case.  For example, the limitation of party depositions to 35 hours per side is plainly insufficient for CMO to assert its affirmative case on six patents in addition to defending eight patents of LG Display (*see* D.I. 175, Section 4(e)).  Transfer to Texas would alleviate the problem of having so many patents added to the Scheduling Order.

In ordering the Texas case transferred to Delaware, Judge Ward did not address CMO's pending motions in this Court showing that this Court lacks personal jurisdiction over CMO, and that service of process was improper.  We suggest that LG Display should not be able to impose personal jurisdiction involuntarily on CMO by obtaining a transfer of CMO's own case to a district in which CMO had challenged jurisdiction and had not consented to be sued.

As to LG Display's declaratory judgment counts against CMO's patents, CMO had moved to strike LG Display's pleading on four of these patents for failure to obtain this Court's permission to amend its pleading by adding those patents (D.I. 157 in C.A. No. 06-726-JJF), and filed herewith a motion to dismiss LG Display's declaratory judgment counts on the other two patents for the reasons stated in CMO's initial motion to dismiss  (D.I. 176 in C.A. No. 06-726-JJF).  Granting these motions as well would completely remove from the Delaware case the six patents initially asserted by CMO against LG Display in Texas, and would eliminate CMO as a defendant in this case.

Accordingly, CMO respectfully requests that this Court grant CMO's four pending motions to dismiss, as well as CMO's pending motion to strike the second first amended counterclaim, either by granting the motions or by transferring the pleadings subject to the motions to the Eastern District of Texas, Marshall Division.

Respectfully,

Philip A. Rovner
provner@potteranderson.com

Kenneth R. Adamo
kradamo@jonesday.com
Robert C. Kahrl
rckahrl@jonesday.com

PAR/mes/858300
Cc:     Richard D. Kirk, Esq. – By Hand and E-mail
        John W. Shaw, Esq. – By Hand and E-mail



# BAYARD

222 Delaware Avenue • Suite 900
P.O. Box 25130 • Wilmington, DE • 19899
Zip Code For Deliveries 19801

(302) 429-4208
rkirk@bayardlaw.com

ELECTRONICALLY FILED
ORIGINAL BY HAND

April 7, 2008

The Honorable Joseph J. Farnan, Jr.
J. Caleb Boggs Federal Building
844 N. King Street, Room 4124
Wilmington, DE  19801

Re:   *LG.Philips LCD Co., Ltd. v. Chi Mei Optoelectronics et al*,
      Case Nos. 06-726-JJF and 07-357-JJF

Dear Judge Farnan:

LG Display Co., Ltd. ("LG Display") respectfully writes in response to Chi Mei
Optoelectronics Corporation's ("CMO") April 1, 2008 letter (D.I. 177). Despite two Federal
Judges[1] having decided that this litigation should proceed in Delaware as one consolidated case,
CMO argues that this Court should transfer the case it brought against LG Display back to
Texas. CMO's request has no merit and should be denied.

- First, CMO's request is a motion to transfer in the guise of a letter to the Court
that violates the Court's procedures on non-dispositive motions as stated in paragraph 5 of the
Scheduling Order (D.I. 175). For this reason alone, the Court should deny CMO's request.

- Second, CMO's request is premised on the Court finding that CMO's motion to
dismiss for lack of personal jurisdiction has merit. This Court noted at the Scheduling
Conference on February 14, 2008 that it needed no additional briefing or discovery on this
motion and had enough information to make a decision on CMO's motion. As indicated by LG
Display's pending motion for sanctions against CMO, CMO's motion lacks a proper basis and
LG Display renews its request that CMO's motion be denied.

---

[1] LG Display respectfully refers to the Honorable T. John Ward of the Eastern District of Texas and the Honorable
John C. Shabaz of the Western District of Wisconsin.





The Honorable Joseph J. Farnan, Jr.
April 7, 2008
Page Two

- Third, CMO incorrectly suggests that this Court's Scheduling Order needs to be amended. There is no basis for this request because CMO's patents were already in this consolidated Delaware case prior to entry of the Scheduling Order. Indeed, during the Scheduling Conference, the parties advised the Court that if CMO remains in the case, there would be 21 patents at issue. Only thereafter, with full awareness of the range of claims before it, did the Court schedule the trial for June 2, 2009.[2] Further, CMO argues that the limitation on party depositions is insufficient for CMO to assert its affirmative case on six patents in addition to defending LG Display's eight patents. CMO fails to point out that both LG Display and AUO must each complete their party depositions within the same time limit constraints. Accordingly, LG Display submits there is no need to amend the Scheduling Order.

- Finally, CMO's reference to its pending motion to strike and motion to dismiss LG Display's declaratory judgment counterclaims also has no bearing on whether this Court should consider a transfer back to Texas. LG Display's counterclaims were properly filed and therefore CMO's motion to strike should be denied. Moreover, because this Court clearly has personal jurisdiction over CMO, CMO's motion to dismiss also must be denied.

LG Display therefore requests that this Court deny CMO's latest attempt to delay this case and permit this consolidated cases to proceed in Delaware.

Respectfully submitted,

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

---

[2] On March 13, 2008, LG Display filed a reply to CMO USA's Answer adding declaratory judgment counts for the last two patents asserted against LG Display by CMO in the Texas case, thus bringing the total number of patents in the case to 23.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, Plaintiff, v. LG DISPLAY CO., LTD., a Korean Corporation, and LG DISPLAY AMERICA, INC., a California Corporation, Defendants. | Civil Action No. 2:07-cv-00176-TJW **JURY TRIAL DEMANDED** |
| LG DISPLAY CO., LTD., and LG DISPLAY AMERICA, INC., Counterclaim Plaintiffs, v. CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**DEFENDANT LG DISPLAY'S RESPONSE TO
PLAINTIFF'S REQUEST FOR  RECONSIDERATION OF
ORDER GRANTING LG DISPLAY'S MOTION TO TRANSFER**

1.      Defendants LG Display Co., Ltd. and LG Display America, Inc. (collectively "LG Display") respectfully submit this response in opposition to Plaintiff Chi Mei Optoelectronics Corporation's ("CMO") motion for reconsideration of this Court's Order granting LG Display's Motion to Transfer ("Transfer Order"). CMO's motion merely reiterates arguments it previously

made, while suggesting that there may be "a possible misunderstanding" about an issue that was and remains irrelevant to the transfer analysis.[1]  CMO's attempt to rehash its deficient arguments against transfer in yet another pleading fails to satisfy the very narrow purpose of a motion to reconsider.[2]  Accordingly, this Court's Transfer Order should stand and CMO's motion for reconsideration should be denied.

2.      "Motions to reconsider serve a ***very limited*** purpose: 'to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence.'"  *Sanders O'Hanlon & Motley, P.L.L.C., v. Chicago Ins. Co.*, 2006 WL 2350132, No. 4:05-CV-498 (E.D. Tex. Aug. 11, 2006) (rejecting a plaintiff's motion to reconsider an order transferring venue) (emphasis added) (citations omitted).

3.      "It is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of judgment or to re-urge matters that have already been advanced by a party."  *U.S. ex rel. Fried v. Hudson Indep. School*, 2007 WL 4365774, No. 9:05-CV-245 (E.D. Tex. Dec. 11, 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).  This, however, is precisely what CMO does in its motion for reconsideration.

4.      CMO already wrongly concluded in its third brief in opposition to LG Display's Motion to Transfer that "this case could not have been brought in Delaware" because CMO was contesting jurisdiction there.  (D.I. 32.)  Whether or not CMO is contesting personal jurisdiction

---

[1]  Pursuant to Local Rule CV-83(b), the Clerk "h[e]ld the transfer of this case for twenty days pending a response by the parties."  CMO filed its motion to reconsider on the last business day before transfer clearly as another attempt to delay transfer of this case.

[2]  CMO previously submitted an opposition (D.I. 15), a sur-reply (D.I. 18), and a supplemental brief (D.I. 32) in response to LG Display's Motion to Transfer.

in a related suit against it, however, is completely irrelevant to whether CMO *could* have brought *this* case in Delaware.  *See* 28 U.S.C. § 1404(a) (stating: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.")

5.      As this Court correctly explained in the Transfer Order, the first step of the transfer analysis is to decide whether the "proposed transferee forum would have been a court of proper venue."  (D.I. 65.)  The patent venue statute clearly states that an infringement suit "may be brought in the judicial district where the *defendant* resides, or where the *defendant* has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b) (emphasis added).  Thus, the patent venue statute analysis considers only the whereabouts or alleged conduct of the defendant.  In this case, the defendants are LG Display and LG Display America.  A plaintiff's contacts with the forum are plainly irrelevant.  Thus, CMO's contacts with Delaware and challenge to personal jurisdiction in Delaware is of no significance to the transfer motion.

6.      Accordingly, this Court's finding that LG Display "carried its burden to show that the Court should transfer venue" should stand, and CMO's motion for reconsideration should be denied.

April 21, 2008                                    Respectfully submitted,

                                                 */s/ Jennifer Parker Ainsworth*
                                                 Jennifer Parker Ainsworth
                                                 State Bar No. 00784720
                                                 WILSON, ROBERTSON &   CORNELIUS, P.C.
                                                 P.O. Box 7339
                                                 Tyler, Texas 75711
                                                 (903) 509-5000
                                                 (903) 509-5092 (facsimile)
                                                 jainsworth@wilsonlawfirm.com

                                                 Gaspare J. Bono, Esq.
                                                 R. Tyler Goodwyn, Esq.
                                                 John W. Lomas, Jr., Esq.
                                                 MCKENNA LONG & ALDRIDGE LLP
                                                 1900 K Street, NW
                                                 Washington, D.C. 20006
                                                 Tel:  (202) 496-7500
                                                 Fax:  (202) 496-7756
                                                 gbono@mckennalong.com
                                                 tgoodwyn@mckennalong.com
                                                 jlomas@mckennalong.com

                                                 *Attorneys for Defendants/Counterclaim*
                                                 *Plaintiffs LG.Philips LCD Co., Ltd., now*
                                                 *known as LG Display Co., Ltd., and*
                                                 *LG.Philips LCD America, Inc., now known as*
                                                 *LG Display America, Inc.*

## CERTIFICATE OF SERVICE

       The undersigned certifies that the foregoing document was filed electronically in
compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have
consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 21st day of April, 2008.

                                                 */s/ Jennifer Parker Ainsworth*
                                                 Jennifer Parker Ainsworth

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation, <br><br> Defendants. | Civil Action No. 2:07-cv-00176-TJW <br><br> **JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, <br><br> Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**NOTICE OF ORDER DENYING CMO'S MOTION TO DISMISS IN RELATED
DELAWARE CASE THAT ESTABLISHES CMO'S PENDING REQUEST FOR
<u>RECONSIDERATION OF THIS COURT'S TRANSFER ORDER SHOULD BE DENIED</u>**

Plaintiff Chi Mei Optoelectronics Corporation ("CMO") filed a Request for Reconsideration of Order Granting LG Display's Motion To Transfer on April 18, 2008 (Docket #72) that remains pending. The sole basis for CMO's request for reconsideration was that its motion to dismiss for lack of personal jurisdiction in Delaware was still pending. CMO's

reconsideration motion should now be forthwith denied as the Delaware District Court issued an order today denying CMO's motion to dismiss for lack of personal jurisdiction.

In its request for reconsideration, CMO cited to a possible misunderstanding regarding personal jurisdiction over the parties in Delaware." Specifically, CMO argued that "[t]he fact that CMO contests the District of Delaware's jurisdiction over CMO" and that "[t]he Delaware court has not ruled that CMO is subject to personal jurisdiction in Delaware" meant that Judge Shabaz's analysis in his decision to transfer AUO's case against LG Display in Wisconsin does not apply here.

On April 30, 2008 the Honorable Joseph J. Farnan, Jr. denied CMO's motion to dismiss on the basis of personal jurisdiction, finding that "sufficient contacts exist to subject CMO to personal jurisdiction under Delaware's long-arm statute and the Due Process Clause." (A copy of Judge Farnan's Memorandum Opinion and Order are attached as Exhibits A and B). Accordingly, Defendants LG Display Co., Ltd. and LG Display America, Inc. respectfully ask this Court to deny CMO's request for reconsideration and to order the Clerk to mail a copy of the Court's Transfer Order and the original of all pleadings and other papers on file in this case to the United States District Court for the District of Delaware.

April 30, 2008                      Respectfully submitted,


                                   */s/ Jennifer Parker Ainsworth*
                                   Jennifer Parker Ainsworth
                                   State Bar No. 00784720
                                   WILSON, ROBERTSON & CORNELIUS, P.C.
                                   P.O. Box 7339
                                   Tyler, Texas 75711
                                   (903) 509-5000
                                   (903) 509-5092 (facsimile)
                                   jainsworth@wilsonlawfirm.com

                                   Gaspare J. Bono, Esq.
                                   R. Tyler Goodwyn, Esq.
                                   John W. Lomas, Jr., Esq.
                                   McKenna Long & Aldridge LLP
                                   1900 K Street, NW
                                   Washington, D.C. 20006
                                   Tel: (202) 496-7500
                                   Fax: (202) 496-7756
                                   gbono@mckennalong.com
                                   tgoodwyn@mckennalong.com
                                   jlomas@mckennalong.com

                                   *Attorneys for Defendants/Counterclaim*
                                   *Plaintiffs LG Display Co., Ltd., and*
                                   *LG Display America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on April 30, 2008.  As such, this document was served on the counsel of record, listed below, all of whom have consented to electronic service.  Local Rule CV-5(a)(3)(A).

Melissa Richards Smith
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670

Alexander Chester Giza
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

Jonathan S. Kagan
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

Adam S Hoffman
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Maclain Wells
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

William Joss Nichols
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD,          :
                                  :
              Plaintiff,          :
                                  :
     v.                           :    Civil Action No. 06-726-JJF
                                  :
CHI MEI OPTOELECTRONICS,          :
CORPORATION, AU OPTRONICS         :
CORPORATION, AU OPTRONICS         :
CORPORATION AMERICA, and CHI MEI  :
OPTOELECTRONICS USA, INC.         :
                                  :
              Defendants.         :
                                  :
_____:_____
                                  :
AU OPTRONICS CORPORATION,         :
                                  :
              Plaintiff,          :
                                  :    Civil Action No. 07-357-JJF
     v.                           :
                                  :    CONSOLIDATED CASES
LG.PHILIPS LCD. CO., LTD, and     :
LG.PHILIPS LCD AMERICA, INC.,     :
                                  :
              Defendants.         :
                                  :
_____:_____
                                  :
LG.PHILIPS LCD. CO., LTD, and     :
LG.PHILIPS LCD AMERICA, INC.,     :
                                  :
       Counterclaim-Plaintiffs,   :
                                  :
     v.                           :
                                  :
AU OPTRONICS CORPORATION, et al., :
                                  :
       Counterclaim-Defendants.   :
                                  :
_____:_____

Gaspere J. Bono, Esquire;, Song K. Jung, Esquire; R. Tyler
Goodwyn, IV, Esquire and Lora A. Brzezynski, Esquire of McKENNA
LONG & ALDRIDGE LLP, KEKER & VAN NEST, Washington, D.C.
Richard D. Kirk, Esquire and Ashley B. Stitzer, Esquire of THE
BAYARD FIRM, Wilmington, Delaware.

Attorneys for Plaintiff LG.Philips LCD Co., Ltd.

Kenneth Adamo, Esquire; Robert C. Kahrl, Esquire and Arthur P.
Licygiewicz, Esquire of JONES DAY, Cleveland, Ohio.
Phil A. Rovner, Esquire of POTTER ANDERSON & CORROON, LLP,
Wilmington, Delaware.

Attorneys for Defendant Chi Mei Optoelectronics Corporation.

<u>**MEMORANDUM OPINION**</u>

April 2*8*, 2008
Wilmington, Delaware.

Farnan, District Judge.

Presently before the Court are Defendant Chi Mei
Optoelectronics Corporation's Motion to Dismiss for Lack of
Personal Jurisdiction and for Insufficiency of Process (D.I. 19),
Plaintiff LG.Philips LCD Co., LTD.'s Alternative Motion for Leave
to Use Discovery or, in the Further Alternative, to Conduct
Jurisdictional Discovery (D.I. 80), Plaintiff LG.Philips LCD Co.,
LTD.'s Motion for Rule 11 Sanctions and Sanctions Pursuant to 28
U.S.C. § 1927 (D.I. 86), Defendant Chi Mei Optoelectronics
Corporation's Motion to Dismiss for Lack of Personal Jurisdiction
and Insufficiency of Service of Process (D.I. 131), and Defendant
Chi Mei Optoelectronics Corporation's Motion to Dismiss for Lack
of Personal Jurisdiction and Insufficiency of Service of Process
(D.I. 176).  For the reasons discussed, Defendant's Motions to
Dismiss (D.I. 19, D.I. 131 and D.I. 176) will be denied,
Plaintiff's Motion for Sanctions (D.I. 86) will be denied, and
Plaintiff's Alternative Motion for Leave to Use Discovery or, in
the Further Alternative, to Conduct Jurisdictional Discovery
(D.I. 80) will be denied as moot.

## BACKGROUND

### I.   Procedural Background

On December 1, 2006, LG.Philips LCD Co., LTD. ("LPL") filed
a Complaint for Patent Infringement against Defendants Chi Mei
Optoelectronics Corporation ("CMO"), AU Optronics Corporation

1

("AUO"), AU Optronics Corporation America ("AUO America"), Tatung Company, Tatung Company of America, Inc., and ViewSonic Corporation ("ViewSonic"), alleging infringement of three of LPL's United States patents relating to Liquid Crystal Display ("LCD") technology. On February 15, 2007, LPL delivered a copy of the Summons and Complaint for Patent Infringement and Demand for Jury Trial on the Delaware Secretary of State in accordance with the provisions of the Delaware long-arm statute, 10 Del. C. § 3104.  On February 16, 2007, LPL's counsel sent to CMO's attention by registered mail, return receipt requested, a notice letter with copies of the Summons, Complaint and Demand for Jury Trial, as served upon the Delaware Secretary of State, as well as the exhibits to the Complaint.

On April 6, 2007, after requesting an extension of time to respond to LPL's Complaint (D.I. 16), CMO timely filed the instant Motion to Dismiss (D.I. 19), alleging insufficient service of process and contesting personal jurisdiction.  On June 18, 2007, after responding to CMO's Motion to Dismiss, LPL filed an Alternative Motion for Leave to Use Discovery or, in the Further Alternative, to Conduct Jurisdictional Discovery (D.I. 80), requesting the Court allow LPL to use jurisdictional discovery obtained in the matter of <u>Commissariat a l'Energie Atomique v. Samsung Electronics Co., et al.</u>, Case No. 03-484-MPT, to further establish CMO's jurisdictional contacts.  On June 19,

2

2007, LPL filed a Motion for Rule 11 Sanctions and Sanctions
Pursuant to 28 U.S.C. § 1927 (D.I. 86) based on CMO's filing of
an allegedly frivolous Motion to Dismiss (D.I. 19).  On August
22, 2007, CMO filed a Motion to Dismiss LPL's Additional
Counterclaims (D.I. 131), which were filed on August 7, 2007,
again alleging insufficient service of process and contesting
personal jurisdiction.  On April 1, 2008, CMO filed a Motion to
Dismiss LPL's Additional Counterclaims (D.I. 176), which were
filed March 13, 2008, again alleging insufficient service of
process and contesting personal jurisdiction.

## II.  Factual Background

Plaintiff LPL is a corporation organized under the laws of
the Republic of Korea, with its principle place of business in
Seoul, Korea.  (D.I. 1 at ¶ 4.)  LPL designs, develops,
manufactures and produces LCD modules, a type of flat panel
display incorporated into LCD portable computers, LCD computer
monitors and LCD televisions.  (Id. at ¶ 3, 22.)

CMO is a Taiwanese corporation organized and existing under
the laws of Taiwan. (D.I. 20 at 4.)  Its principle place of
business is in Sinshih Township, Tainan County in southern
Taiwan.  (Id.)  CMO is the fourth largest LCD module maker in the
world, and manufactures LCD products in Taiwan and China,
including LCDs and/or LCD modules that allegedly infringe upon
the patents-in-suit.  (D.I. 57 at 1.)

3

North American sales of LCD monitors account for 31 percent
of purchases worldwide, and North American sales of LCD
televisions account for over 26 percent of the worldwide market.
(D.I. 62, Ex. 30 at 13, 88; D.I. 64, Ex. 46 at 258.)   Industry
reports for the Fourth Quarter of 2006 indicate that CMO supplies
12 percent of the worldwide market for LCD monitors, and supplies
over 18 percent of the worldwide market for LCD televisions.
(D.I. 64 at Exs. 46-47.)

CMO's modules are sold to original equipment manufacturers
("OEMs") such as Samsung, Dell,[1] IBM, Hewlett Packard, NEC-
Mitsubishi, and ViewSonic,  (D.I. 57 at 2; D.I. 62 at Ex. 24),
and incorporated into computer monitors which are then sold to
consumers by numerous retailers, including Best Buy, CompUSA,
Circuit City, Wal-Mart, Sears, Staples, and OfficeMax, both on-
line over the internet, and at chain retail stores throughout the
United States, including Delaware.  (D.I. 57 at 2, 12; D.I. 78 at
4.)  LPL has presented evidence of at least six purchases of
products incorporating CMO products in Delaware prior to the
filing of the Complaint in this action.  (D.I. 58, D.I. 59.) LPL
has also presented additional evidence of multiple sales of
devises incorporating CMO products by Office Depot and CDW Corp.

---

[1]After successfully passing Dell's QSA audit, CMO
established a direct supplier relationship with Dell Computer
Corporation to provide LCD panel and module components. (D.I. 60
at Ex. 1; D.I. 62 at Ex. 24.)

in Delaware between July 2002 and March 2005.  (D.I. 60 at Exs. 2, 3.)

CMO owns 100 percent of the shares of CMO Japan, which owns 100 percent of the shares of CMO's subsidiary, Chi Mei Optoelectronics USA, Inc., which is a Delaware corporation with its principal place of business in San Jose, California. (D.I. 57 at 5.)  After the Complaint in this action was filed, CMO became a partner in a joint venture company called iZ3d, a Delaware company with its principle place of business in California.  (Id. at 6.)

CMO has no operations in Delaware, no employees or agents who work in Delaware, has never executed a contract in Delaware, or contracted with any party to manufacture, buy, sell or distribute products or services in Delaware.  (D.I. 78 at 6.) CMO has never been registered or licensed to transact business in Delaware, does not own, lease or otherwise possess any real or personal property in Delaware, and CMO's products and services cannot be purchased or obtained through CMO's internet website, which is operated and hosted for CMO in Taiwan. (D.I. 20 at 5.)

In May 2003, Commissariat a l'Energie Atomique ("CEA") filed an action against Chi Mei Optoelectronics Corporation ("CMO") and others in the District of Delaware, Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp., et al., Case No. 04-484-KAJ (D.Del.)(filed May 19, 2003) ("the CEA case"), alleging

infringement of patents relating to LCD modules.  CMO moved to
dismiss for lack of personal jurisdiction, and the court granted
this motion on September 22, 2003.  However, on January 19, 2005,
the Federal Circuit held that CEA was entitled to jurisdictional
discovery, and vacated the judgment of dismissal, remanding the
case to allow CEA to conduct jurisdictional discovery, and for
further consideration of the district court's jurisdiction based
on that discovery. Commissariat a L'Energie Atomique v. Chi Mei
Optoelectronics Corp., et al., 395 F.3d 1315 (Fed. Cir. 2005).
In April 2005, CMO and CEA resolved the jurisdictional
controversy by agreement, and CMO agreed to consent to
jurisdiction in Delaware for purposes of the CEA case only.

## CMO's MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENCY OF PROCESS

### I.    Parties' Contentions

CMO asks the Court to dismiss LPL's Complaint because CMO
contends it is not subject to this Court's jurisdiction.
CMO contends that it has never purposefully conducted business
activities in Delaware or purposefully directed business
activities to Delaware, having never transacted business itself,
nor performed any type of work in Delaware. CMO contends that it
has never sold components to OEMs or others with the intent or
for the purpose of selling these products in Delaware, and thus
does not purposefully direct its activities towards the state, or
had any business plan to target Delaware residents as consumers

for its products.  CMO further contends that since CMO has not
purposefully directed activities at Delaware residents, the
assertion of personal jurisdiction over CMO would be
unconstitutional under the Due Process Clause.  CMO contends that
since CMO is not involved in and does not control the manufacture
of finished products, their sale, or their distribution, any
attempt by this Court to exercise jurisdiction would not comport
with traditional notions of fair play and substantial justice.

Finally, because LPL attempted to use Delaware's long-arm
statute as the means to serve process on CMO, CMO contends that
LPL's attempted service of process is ineffective, because these
provisions can only be used to serve process when the non-
resident defendant is already subject to the jurisdiction of the
Delaware courts.  CMO also contends that LPL's transmission of
the Summons and Complaint to CMO via registered mail did not
comply with Fed. R. Civ. P. 4(f) and (h), and thus does not
constitute effective service of process.

LPL contends that CMO is a huge, international corporation
that regularly does business in Delaware, and engages in a
persistent course of conduct in the State through an established
distribution channel designed to serve and benefit United States
markets, including the Delaware market.  LPL cites as evidence
CMO LCD products purchased in Delaware; CMO's "history of
ownership of U.S. companies incorporated in Delaware, the purpose

of which is to market and sell CMO products in the U.S," including CMO USA, and CMO's joint venture, iZ3D; and CMO's substantial quantities of products shipped directly into the United States for sale. (D.I. 57 at 5-6, 1, 9.)  LPL contends that industry reports indicate that because CMO has consistently been a huge presence in the worldwide LCD module market, and, through established OEM relationships, CMO modules are incorporated into LCD monitors sold through established distribution networks throughout the United States, CMO is "the first link in an established distribution channel through which CMO modules worth hundreds of millions of dollars are sold in the United States." (D.I. 57 at 31.)  LPL contends that its evidence of actual sales and the presence of the accused LCD modules in Delaware establish CMO's direct contacts with Delaware, and this Court's jurisdiction.

Finally, LPL contends that service was proper since CMO is subject to jurisdiction in Delaware, and CMO has not stated that it never received the Summons or Complaint. LPL also contends that CMO's timely response to the Complaint moots its challenges to service of the Summons and Complaint.

In response, CMO disagrees with LPL's assertion that CMO is subject to personal jurisdiction because LCD monitors incorporating CMO components have found their way into Delaware via the stream of commerce.  CMO contends that LPL cannot meet

the "more rigorous 'purposeful availment' standard advanced by
Justice O'Connor" in <u>Asahi</u>. (D.I. 78 at 2.) CMO contends that
jurisdiction under Delaware's long-arm statute is improper
because LPL has not proven that CMO had an intent or purpose to
serve the Delaware market.

## II. Analysis

To establish personal jurisdiction in a patent infringement
action over a non-resident defendant whose products are sold in
the forum state, a plaintiff must show both that the state long-
arm statute applies and that the requirements of due process are
satisfied. <u>Commissariat a l'Energie Atomique v. Chi Mei
Optoelectronics Corp.</u>, 395 F.3d 1315, 1319 (Fed. Cir. 2005). Once
a jurisdictional defense has been raised, the plaintiff bears the
burden of establishing with reasonable particularity that
sufficient minimum contacts have occurred between the defendant
and the forum state to support jurisdiction. <u>Provident Nat'l
Bank v. California Federal Savings & Loan Assoc.</u>, 819 F.2d 434,
437 (3d Cir. 1987).

A. <u>Jurisdiction Over CMO is Proper Under Delaware's Long Arm
   Statute</u>.

The Delaware Supreme Court has construed the Delaware long-
arm statute liberally to confer jurisdiction to the maximum
extent  possible in order "to provide residents a means of
redress against those not subject to personal service within the
State." <u>Kloth v. Southern Christian University</u>, 494 F.Supp.2d

273, 278 (D. Del. 2007) (quoting Boone v. Oy Partek Ab, 724 A.2d
1150, 1156-1157 (Del.Super. 1997)).   To satisfy this burden, the
plaintiff must establish either specific jurisdiction or general
jurisdiction.   Specific jurisdiction arises when the particular
cause of action arose from the defendant's activities within the
forum state, while general jurisdiction arises when the defendant
has continuous and systematic contacts with the state,
irrespective of whether the defendant's connections are related
to the particular cause of action.   Helicopteros Nacionales de
Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984).   LPL asserts
that jurisdiction is proper under the general jurisdiction
provision of the Delaware long-arm statute, 10 Del. C. §
3104(c)(4).   (D.I. 57 at 22.) Thus, the Court will only consider
the facts under a general jurisdiction analysis.

        The Delaware long-arm statute provides, in pertinent part:

                (c) As to any cause of action brought by any
                person arising from any of the act enumerated in
                the section, a court may exercise personal
                jurisdiction over any nonresident, or a personal
                representative, who in person or through an agent:

                (4)   Causes tortious injury in the State or
                      outside of the State by an act or omission
                      outside the State if the person regularly
                      does or solicits business, engages in any
                      other persistent course of conduct in the
                      State or derives substantial revenue from
                      services, or things used or consumed in the
                      State; ...

Del. Code Ann. tit. 10 § 3104(c)(4).

        Initially, the Court must determine if the alleged patent

infringement is a tortious injury for the purposes of
jurisdiction. In <u>Magid v. Marcal Paper Mills, Inc.</u>, the court
defined a tortious act under § 3104(c) as an act "which involves
a breach of duty to another and makes the one committing the at
liable in damages." 517 F.Supp. 1125, 1130 (D.Del.1981). Because
the Court of Appeals for the Federal Circuit has defined patent
infringement as a tort, the Court concludes that the presently
alleged patent infringement is a tortious act for the purposes of
the Delaware long-arm statute. <u>See</u> <u>Carbice Corp. v. American</u>
<u>Patents Development Corp.</u>, 283 U.S. 27, 33 (1931).

Secondly, the Court must determine if CMO regularly does or
solicits business in Delaware. LPL has provided competent
evidence of an world-wide distribution network that causes the
allegedly infringing LCD modules to be sold and distributed in
well-known retail chains throughout Delaware, as well as evidence
that the allegedly infringing LCD modules are actually present in
Delaware. (<u>See</u>, <u>e.g.</u>, D.I. 62 at Exs. 24, 26, 27, 30, 37-45,
D.I. 58, D.I. 59, and D.I. 60 at Exs. 2, 3.). Additionally,
CMO's relationship with CMO USA, a Delaware corporation, and the
fact that CMO's joint venture, iZ3D, is also incorporated in
Delaware support LPL's contention that CMO has targeted the
United States market for the sale of its LCD modules, including
the State of Delaware. While CMO itself may not have sold its
LCD modules to Dell Corporation and OEMs in the State of

11

Delaware, CMO clearly acted in consort with Dell Corporation and OEMs to consistently place products containing its allegedly infringing LCD modules into a national distribution network, and, as a result of these efforts, these products were sold in Delaware. See Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1566 (Fed.Cir. 1994). That CMO acted through Dell Corporation and OEMs to sell its products in Delaware does not insulate CMO from having purposefully availed itself of the forum state by generating substantial revenue in Delaware through its sales efforts.

The Court further concludes that LPL has provided sufficient evidence of revenues earned by CMO from the sale of its products in Delaware. CMO's annual reports and financial statements, and industry reports indicate that CMO earns large revenues from the United States market. As the fourth largest LCD panel manufacturer in the world, CMO certainly reaps substantial financial rewards from the large percentage of LCD monitors and televisions sold in North America. This indicates that CMO has successfully targeted the United States market for distribution of its LCD products, including Delaware. The Court finds instructive CMO's failure to present evidence rebutting the factual presumption that a portion of CMO's large revenues from the United States market are the result of products incorporating its LCD module sold in Delaware, especially in light of LPL's

12

evidentiary data that Delaware has been ranked eighth in the nation in per capita computer software store sales.[2] (D.I. 64 at Exs. 51-52.)

B.   The Court's Exercise of Jurisdiction Over CMO Comports Constitutional Notions of Due Process.

The Due Process Clause requires that, in order to subject a non-resident defendant to personal jurisdiction, the Court must first ensure that the defendant "has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of justice and fair play." Motorola, Inc. v. PC-Tel, Inc., 58 F.Supp.2d 349, 353 (D.Del. 1999) (citing International Shoe v. Washington, 326 U.S. 310, 316 (1945). "Minimum contacts" must be purposeful in order to give non-residents "fair warning" that a particular activity may subject them to litigation within the forum, so that a defendant could reasonably foresee that it might be "haled before a court" as a result of its conduct.  Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) and World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).  "[E]ven if the requisite minimum contacts have been found through an application of the stream of commerce theory or otherwise, if it would be

---

[2]CMO's reliance on Siemens A.G. v. LG Semicon Co., 69 F.Supp. 2d 622 (D.Del. 1999) and Merck & Co. v. Barr Labs., Inc., 179 F.Supp. 2d 368 (D.Del. 2002), is misplaced given the substantial and continuous nature of CMO's relationship with Dell Corporation and the OEMs to supply LCD modules.

unreasonable for the forum to assert jurisdiction under all the
facts and circumstances, then due process requires that
jurisdiction be denied." Id. (quoting Beverly Hills Fan Co. v.
Royal Sovereign Corp., 21 F.3d 1558, 1568 (Fed.Cir. 1994).

In Motorola, the court held that the defendant should
reasonably have anticipated being haled into court in Delaware
where:

> the company, acting in concert with its licensees,
> sells its products expressly for integration into end
> used products with full knowledge that these goods
> will then be placed into established distribution
> channels that service the State of Delaware.  This
> cause of action for patent infringement in this case
> is alleged to arise out of these activities.

58 F.Supp.2d at 353.  Given CMO's long-term agreement with Dell
Corporation, which sells "more systems globally than any computer
company...directly to customers" to provide LCD panel and module
components (D.I. 62 at Ex. 25), the substantial quantities of LCD
products CMO ships to the United States for incorporation into
monitors sold in well-known national retail stores, and the size
and nature of CMO's business, it is far from a stretch to
conclude that CMO's LCD modules would end up in Delaware.  Given
this evidence, CMO cannot credibly claim that "it had no inkling
that some of its [LCD modules] would make their way into Delaware
via well-established distribution channels."  In re Elonex Phase
II Power Mgmt. Litig., No. 01-082-GMS, 2003 WL 21026758, at * 2
(D.Del. May 6, 2003).  Thus, the Court concludes that CMO could

reasonably foreseen being haled into court in Delaware, and that sufficient "minimum contacts" exist.[3]

The Court also finds that the exercise of jurisdiction over CMO would be reasonable. Delaware has an interest in discouraging injuries that occur within the state; "that interest extends to patent infringement actions such as this one." Motorola, 58 F.Supp.2d at 356. Further, the Court concludes that litigating this case in Delaware will not place such a substantial burden on CMO so as to violate CMO's due process rights. Accordingly, the Court finds that because CMO directed activities toward Delaware, purposefully availing itself of Delaware law, the Court's assertion of jurisdiction over CMO comports with due process.

Having concluded that sufficient contacts exist to subject CMO to personal jurisdiction under Delaware's long-arm statute and the Due Process Clause, the Court will now determine whether LPL's properly served CMO under 10 Del. C. § 3104(d) and the Federal Rules of Civil Procedure.

_____

[3] While the Federal Circuit's findings of fact in Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp., et al., 395 F.3d 1315 (Fed. Cir. 2005), are similar to this Court's, the Court does not rely solely upon these findings given the additional evidence before the Court in this action. Although the Federal Circuit suggested that jurisdictional discovery was appropriate in Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp., et al. in order to parse out CMO's "intent and purpose to serve the Delaware market," here, given the size and nature of CMO's business, as well as direct evidence of pre-filing sales of devices incorporating CMO products in Delaware, it is clear that jurisdiction over CMO is within the grasp of Delaware courts.

C.    LPL's Service of Process on CMO Was Valid.

Under 10 Del. C. § 3104(d), a party can serve a nonresident
defendant by serving a copy of the Summons and Complaint on the
Secretary of State if the person is subject to personal
jurisdiction in Delaware.  Here, the Court has concluded that CMO
is subject to personal jurisdiction in Delaware, and thus LPL
properly served a copy of the Summons and Complaint with the
Secretary of State.

For service to be effective, however, 10 Del. C. § 3104(d)
also requires that plaintiff, or a person acting on a plaintiff's
behalf, "send by registered mail to the nonresident defendant...a
notice consisting of a copy of the process and complaint served
upon the Secretary of State and the statement that service of the
original of such process has been made upon the Secretary of
State of this State." 10 Del.C. § 3104. See E.I. duPont de
Nemours and Co. v. Rhodia Fiber and Resin Intermediates, S.A.S.,
197 F.R.D. 112, 123 (D.Del.,2000)("Under § 3104(d) of Delaware's
long arm statute, service is complete only if plaintiff sends "by
registered mail to the nonresident defendant ... a notice
consisting of a copy of the process and complaint served upon the
Secretary of State...." This provision necessarily requires the
delivery of judicial papers internationally.")

As CMO correctly points out, in this instance § 3104(d)
requires the delivery of judicial papers internationally, and

16

compliance with Fed. R. Civ. P. 4(h)(2).  Fed. R. Civ. P. 4(h)(2)

states that overseas service should be effected by the procedures

outlined in Fed. R. Civ. P. 4(f).  Because Taiwan is not a

signatory of the Hague Convention, Fed. R. Civ. P. 4(f)(2)

applies, which allows for overseas service in any manner

prescribed by the law of the foreign country for service in that

country in an action in any of its courts of general

jurisdiction.[4]  The United States State Department website

states: "Service of process in Taiwan can be effected by

international registered mail/return receipt requested."

(http://www.travel.state.gov/law/info/judicial/judicial_669.html

(last visited February 26, 2008).) Accordingly, the Court finds

that LPL properly effected service upon CMO,[5] and the Court will

---

[4] Additionally, Fed. R. Civ. P. 4(f)(2) allows for service
by mail requiring a signed receipt sent by the Clerk of the Court
to the party to be served, and by any means not prohibited by
international agreement as may be directed by the court.  Here,
neither method of service is applicable since (1) LPL, not the
Clerk of the Court, sent to CMO's attention by registered mail,
return receipt requested, a notice letter, together with copies
of the Summons and Complaint, and (2) no order was issued by the
Court authorizing a court-directed means of service of process.

[5] Assuming arguendo that the Court had concluded otherwise,
the Court finds the analysis in Berkhalter v. Irmisch, 75 F.R.D.
539 (W.D.N.Y. 1977), persuasive, which stated that, while service
was technically incorrect, Defendant received actual notice in
time to preserve his rights, and "the character of the
irregularity in no way affects the fundamental validity of the
judicial proceeding."  Id. at 540.  Accordingly, the court
ordered nunc pro tunc that service be permitted as performed by
the Plaintiff.

17

deny CMO's Motions to Dismiss for Insufficiency of Process[6]

## LPL's MOTION FOR SANCTIONS

### I.   Parties Contentions

LPL contends that CMO and its counsel should be sanctioned for pursuing a frivolous motion to dismiss, since any reasonable inquiry would have revealed CMO's substantial contacts with this jurisdiction.  LPL contends that CMO's arguments are made in bad faith without legal basis and accordingly, CMO's motion is frivolous.

CMO contends that LPL is seeking sanctions on CMO's arguments while asserting identical arguments in seeking dismissal for lack of personal jurisdiction in a co-pending suit filed by AU Optronics Corporation in the United States District Court for the Western District of Wisconsin.  CMO contends that LPL has misstated the holding of the Federal Circuit in Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp., et al., 395 F.3d 1315 (Fed. Cir. 2005), as well as the law of personal jurisdiction, and has mis-cited its exhibits as showing facts they do not.  CMO contends that LPL's motion for sanctions should not have been filed, since its underlying motion to dismiss is supported by controlling case law, and the Court should therefore award CMO its fees in opposing this motion.

While the Court will deny CMO's motions to dismiss, the

Court does not find the litigation decisions made by CMO and its counsel were in bad faith, nor patently unmeritorious, and accordingly will deny LPL's Motion for Rule 11 Sanctions and Sanctions Pursuant to 28 U.S.C. § 1927.

### Conclusions

For the reasons discussed, the CMO's Motions to Dismiss (D.I. 19, D.I. 131 and D.I. 176) will be denied, LPL's Motion for Sanctions (D.I. 86) will be denied, and LPL's Alternative Motion for Leave to Use Discovery or, in the Further Alternative, to Conduct Jurisdictional Discovery (D.I. 80) will be denied as moot.

An appropriate order will be entered.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-176 |
| | § | |
| LG PHILIPS LCD CO., LTD., ET AL., | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Before the Court is Plaintiff's Notice of Request for Reconsideration of Order Granting LG

Display's Motion to Transfer (Dkt. No. 72) and related briefing. Though filed as a notice, the court

treats this as a motion for reconsideration. After careful consideration, this motion is DENIED. The

court reaffirms its ruling in the Memorandum Opinion and Order issued on March 31, 2008. Dkt.

No. 65.

IT IS SO ORDERED.

SIGNED this 27th day of May, 2008.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE