**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>Defendants. | Civil Action No. 2:07-cv-00176-TJW<br><br>**JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**LG.PHILIPS LCD AMERICA INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND COUNTERCLAIMS AGAINST PLAINTIFF**

Defendant LG.Philips LCD America, Inc. ("LPLA"), by and through its undersigned counsel, hereby files its Answer in Response to the Complaint For Patent Infringement of Plaintiff Chi Mei Optoelectronics Corporation ("CMO"), in the above titled action, filed on or about May 4, 2007, asserts affirmative defenses to those claims, and asserts counterclaims against CMO. A jury trial is demanded for all claims so triable.

**RESPONSE TO ALLEGATIONS AS TO JURISDICTION AND VENUE**

1. LPLA admits that CMO purports to assert claims arising under the patent laws of the United States, but denies the remaining allegations in paragraph 1 of the Complaint.

2. LPLA denies the allegations of paragraph 2 in the Complaint.

3. LPLA denies the allegations of paragraph 3 in the Complaint.

**RESPONSE TO ALLEGATIONS AS TO PARTIES**

4. LPLA admits that CMO is a Taiwanese Corporation also having its principal place of business in Taiwan, but denies the remaining allegations in paragraph 4 of the Complaint.

5. LPLA admits that LG.Philips LCD Co., Ltd. ("LPL") is a Korean corporation with its principal place of business at 20 Youido-Dong, Yongdeungpo, Seoul 150-721, the Republic of Korea and that it designs, manufactures, and distributes TFT-LCD panels and Liquid Crystal Display ("LCD") modules, but denies the remaining allegations in paragraph 5 of the Complaint.

6. LPLA admits that LPLA has sales offices in California, Texas (Austin and Houston), North Carolina, and Illinois, but denies the remaining allegations in paragraph 6 of the Complaint.

7. LPLA admits the allegations in paragraph 7 of the Complaint.

8. LPLA denies the allegations in paragraph 8 of the Complaint.

**RESPONSE TO FIRST CLAIM FOR RELIEF**

9. LPLA hereby incorporates paragraphs 1-8 above as though fully set forth herein.

10. LPLA admits that Exhibit A to the Complaint purports to be a copy of United States Patent No. 6,008,786, entitled "Method for Driving Halftone Display for a Liquid Crystal Display" ("the '786 patent"), but LPLA lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 10 of the Complaint, and therefore denies them.

11. LPLA denies the allegations in paragraph 11 of the Complaint.

12. LPLA denies the allegations in paragraph 12 of the Complaint.

13. LPLA denies the allegations in paragraph 13 of the Complaint.

14. LPLA denies the allegations in paragraph 14 of the Complaint.

15. LPLA denies the allegations in paragraph 15 of the Complaint.

16. LPLA denies the allegations in paragraph 16 of the Complaint.

## RESPONSE TO SECOND CLAIM FOR RELIEF

17. LPLA hereby incorporates paragraphs 1-16 above as though fully set forth herein.

18. LPLA admits that Exhibit B to the Complaint purports to be a copy of United States Patent No. 6,013,923 entitled "Semiconductor Switch Array with Electrostatic Discharge Protection and Method of Fabricating" ("the '923 patent"), but LPLA lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 18 of the Complaint, and therefore denies them.

19. LPLA denies the allegations in paragraph 19 of the Complaint.

20. LPLA denies the allegations in paragraph 20 of the Complaint.

21. LPLA denies the allegations in paragraph 21 of the Complaint.

22. LPLA denies the allegations in paragraph 22 of the Complaint.

23. LPLA denies the allegations in paragraph 23 of the Complaint.

24. LPLA denies the allegations in paragraph 24 of the Complaint.

### RESPONSE TO THIRD CLAIM FOR RELIEF

25. LPLA hereby incorporates paragraphs 1-24 above as though fully set forth herein.

26. LPLA admits that Exhibit C to the Complaint purports to be a copy of United States Patent No. 5,619,352 entitled "LCD Splay/Twist Compensator having Varying Tilt and/or Azimuthal Angles for Improved Gray Scale Performance" ("the '352 patent"), but LPLA lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 26 of the Complaint, and therefore denies them.

27. LPLA denies the allegations in paragraph 27 of the Complaint.

28. LPLA denies the allegations in paragraph 28 of the Complaint.

29. LPLA denies the allegations in paragraph 29 of the Complaint.

30. LPLA denies the allegations in paragraph 30 of the Complaint.

31. LPLA denies the allegations in paragraph 31 of the Complaint.

32. LPLA denies the allegations in paragraph 32 of the Complaint.

### RESPONSE TO FOURTH CLAIM FOR RELIEF

33. LPLA hereby incorporates paragraphs 1-32 above as though fully set forth herein.

34. LPLA admits that Exhibit D to the Complaint purports to be a copy of United States Patent No. 6,734,926 B2 entitled "Display Apparatus with a Reduced Thickness" ("the '926 patent"), but LPLA lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 34 of the Complaint, and therefore denies them.

35. LPLA denies the allegations in paragraph 35 of the Complaint.

36. LPLA denies the allegations in paragraph 36 of the Complaint.

37. LPLA denies the allegations in paragraph 37 of the Complaint.

38. LPLA denies the allegations in paragraph 38 of the Complaint.

39. LPLA denies the allegations in paragraph 39 of the Complaint.

40. LPLA denies the allegations in paragraph 40 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

41. As to paragraphs 1 through 11 of the Prayer For Relief, LPLA denies that CMO is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the foregoing denials, and without prejudice to LPLA's right to plead additional defenses as discovery into the facts of the matter warrants, LPLA hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

42. CMO has failed to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

43. One or more claims of the '786 patent, the '923 patent, the '352 patent and the '926 patent (collectively "the CMO Patents") are invalid for failing to meet one or more of the requisite conditions or requirements for patentability specified by 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

44. LPLA's products have not and do not infringe any claim of the CMO Patents, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

45. LPLA has not directly or indirectly contributed to infringement of, nor induced another to infringe the CMO Patents.

## FIFTH AFFIRMATIVE DEFENSE

46. Pursuant to 35 U.S.C. § 287(b), LPLA is not liable for damages for infringement under any section of 35 U.S.C. § 271 before receiving notice of CMO's allegations of infringement in this action.

## SIXTH AFFIRMATIVE DEFENSE

47. CMO's claims are barred, in whole or in part, because of the affirmative defense of license.

## LPLA'S COUNTERCLAIMS AGAINST CMO

48. By these Counterclaims and pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiff LG.Philips LCD America, Inc. ("LPLA") seeks declaratory relief against Plaintiff Chi Mei Optoelectronics Corporation ("CMO").

49. Counterclaim Plaintiff LPLA is a California corporation having its principal place of business at 150 East Brokaw Road, San Jose, California 95112-4203.

50. Counterclaim Defendant CMO is a Taiwanese corporation, having its principal place of business at 2F, No. 1, Chi-Yeh Road, Tainan Science Based Industrial Park, Hsinshih Hsiang, Tainan Hsien 710, TAIWAN 74147, R.O.C.

51. CMO claims to be the owner of United States Patent No. 6,008,786 ("the '786 Patent"), United States Patent No. 6,013,923 ("the '923 Patent"), United States

Patent No. 5,619,352 ("the '352 Patent"), and United States Patent No. 6,734,926 ("the '926 Patent") (collectively "the CMO Patents").

52. These Counterclaims are under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, based upon an actual controversy between LPLA and CMO regarding the validity and infringement of the claims of the CMO Patents, and is intended to provide appropriate and necessary declaratory relief.

53. This Court has jurisdiction over the subject matter of these Counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.

54. This Court has personal jurisdiction and venue over CMO because, *inter alia*, CMO has submitted itself to the jurisdiction of this Court.

**COUNTERCLAIM COUNT I**
**CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF**
**THE '786 PATENT, THE '923 PATENT, THE '352 PATENT,**
**AND THE '926 PATENT AGAINST CMO**

55. LPLA hereby incorporates paragraphs 48-54 above as though fully set forth herein.

56. CMO has accused LPLA of infringing the CMO Patents, as such, there is a substantial controversy between the parties having adverse legal interests.

57. Claims of the '786 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

58. Claims of the '923 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

7

59.     Claims of the '352 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

60.     Claims of the '926 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

61.     Because CMO has asserted the CMO Patents against LPLA, thereby creating an actual controversy, declaratory relief is both appropriate and necessary to establish that one or more of the claims of the '786 Patent, the '923 Patent, the '352 Patent, and the '926 Patent are invalid.

### COUNTERCLAIM COUNT II
### CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '786 PATENT, THE '923 PATENT, THE '352 PATENT, AND THE '926 PATENT AGAINST CMO

62.     LPLA hereby incorporates paragraphs 48-61 above as though fully set forth herein.

63.     LPLA's LCD modules and/or methods of driving LCD modules do not infringe any claim of the '786 Patent, either literally or under the doctrine of equivalents.

64.     LPLA's LCD modules and/or methods for forming LCD modules do not infringe any claim of the '923 Patent, either literally or under the doctrine of equivalents.

65.     LPLA's LCD modules and/or methods for forming LCD modules do not infringe any claim of the '352 Patent, either literally or under the doctrine of equivalents.

66.     LPLA's LCD modules and/or methods for forming LCD modules do not infringe any claim of the '926 Patent, either literally or under the doctrine of equivalents.

67.     Because CMO maintains that LPLA infringes the CMO Patents, thereby creating an actual controversy, a declaration of rights between LPLA and CMO is both

appropriate and necessary to establish that LPLA has not infringed and does not infringe any claim of the '786 Patent, the '923 Patent, the '352 Patent, or the '926 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, LPLA prays for judgment as follows:

A.  That the Court dismiss CMO's complaint with prejudice; post trial accounting be done as part of the monetary relief awarded to LPL;

B.  That the Court issue a declaratory judgment that LPLA does not directly or indirectly infringe any of the CMO Patents under any applicable provision of 35 U.S.C. § 271;

C.  That the Court issue a declaratory judgment that the CMO Patents are invalid;

D.  That this is an exceptional case under 35 U.S.C. § 285 and that LPLA be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

E.  That the Court award LPLA other relief as it may find appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, LG.Philips LCD Co., Ltd. respectfully demands a trial by jury on all issues so triable in this action.

        Respectfully submitted,

        Law Office of Mike C. Miller, P.C.

        <u>/s/ Mike C. Miller</u>
        Mike C. Miller
        Texas State Bar No. 14101100
        Law Office of Mike C. Miller, P.C.
        201 West Houston Street
        Marshall, Texas 75670
        Phone:  (903) 938-4395
        Facsimile:  (903) 938-3360

        *Attorneys for Defendants*
        *LG.Philips LCD Co., Ltd. and*
        *LG.Philips LCD America, Inc.*

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C.  20006
(202) 496-7500

August 13, 2007