UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>Defendants. | Civil Action No. 2:07-CV-00176-TJW<br><br>**JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation<br><br>Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**CHI MEI OPTOELECTRONICS CORPORATION'S
REPLY TO LG.PHILIPS LCD AMERICA, INC.'S COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant Chi Mei Optoelectronics Corp. ("CMO") hereby replies to the allegations of Defendant and Counterclaim Plaintiff LG.Philips LCD America, Inc. ("LPLA") set forth in Paragraphs 48-67 of its Counterclaims ("LPLA Counterclaims"). In a separate pleading filed concurrently, CMO asserts additional related counterclaims against Defendants and Counterclaim Plaintiffs LG.Philips LCD Co., Ltd. and LPLA (collectively "Defendants").

## CMO'S REPLY TO THE LPLA COUNTERCLAIMS

1. Answering Paragraph 48 of the LPLA Counterclaims, CMO admits that LPLA asserts counterclaims against CMO but denies that LPLA is entitled to any of the relief it seeks. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

2. Answering Paragraph 49 of the LPLA Counterclaims, CMO admits that Defendant LPLA is a corporation organized and existing under the laws of California, having its principal place of business at 150 East Brokaw Road, San Jose, California 95112.

3. Answering Paragraph 50 of the LPLA Counterclaims, CMO admits that it is a Taiwanese corporation having its principal place of business in Tainan, Taiwan 74147, R.O.C. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

4. Answering Paragraph 51 of the LPLA Counterclaims, CMO admits this paragraph.

5. Answering Paragraph 52 of the LPLA Counterclaims, CMO admits that LPLA purports to base its Counterclaims on 35 U.S.C. § 100 *et seq*. and that there is a justiciable controversy between LPLA and CMO regarding the validity and infringement of the claims of United States Patent Nos. 6,008,786 ("the '786 Patent"); 6,013,923 ("the '923 Patent"); 5,619,352 ("the '352 Patent"); and 6,734,926 ("the '926 Patent") (collectively "the CMO Patents"). Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

6. Answering Paragraph 53 of the LPLA Counterclaims, CMO admits that LPLA alleges that the Court has jurisdiction over the Counterclaims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331. Insofar as the allegations of this paragraph purport to state legal conclusions, no response thereto is required. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

7.  Answering Paragraph 54 of the LPLA Counterclaims, CMO admits the allegations of this paragraph, except that, insofar as the allegations of this paragraph purport to state legal conclusions, no response thereto is required. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

**RESPONSE TO COUNTERCLAIM COUNT I
CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF
THE '786 PATENT, THE '923 PATENT, THE '352 PATENT,
AND THE '926 PATENT AGAINST CMO**

8.  Answering Paragraph 55 of the LPLA Counterclaims, CMO refers to and incorporates its above responses to Paragraphs 48-54 of the LPLA Counterclaims.

9.  Answering Paragraph 56 of the LPLA Counterclaims, CMO admits the allegations of this paragraph.

10. Answering Paragraph 57 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

11. Answering Paragraph 58 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

12. Answering Paragraph 59 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

13. Answering Paragraph 60 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

14. Answering Paragraph 61 of the LPLA Counterclaims, CMO admits that it has asserted the CMO Patents against Defendants. Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

**RESPONSE TO COUNTERCLAIM COUNT II
CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
THE '786 PATENT, THE '923 PATENT, THE '352 PATENT,
AND THE '926 PATENT AGAINST CMO**

15. Answering Paragraph 62 of the LPLA Counterclaims, CMO refers to and incorporates its above responses to Paragraphs 48-61 of the LPLA Counterclaims.

16. Answering Paragraph 63 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

17. Answering Paragraph 64 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

18. Answering Paragraph 65 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

19. Answering Paragraph 66 of the LPLA Counterclaims, CMO denies the allegations of this paragraph.

20. Answering Paragraph 67 of the LPLA Counterclaims, CMO admits that it has asserted the CMO Patents against Defendants.  Except as expressly admitted herein, CMO denies each and every allegation contained in this paragraph.

## AFFIRMATIVE DEFENSES

CMO asserts the following affirmative defenses.  CMO also reserves the right to add defenses that may be supported by the facts upon the completion of discovery.

### First Affirmative Defense

21. LPLA has failed to state a claim for which relief can be granted.

## PRAYER FOR RELIEF ON LPLA'S COUNTERCLAIMS

WHEREFORE, CMO demands judgment against LPLA by:

a. An order and decree that the CMO Patents are infringed by LPLA;

b. An order and decree that the CMO Patents are not invalid;

c. Granting the relief requested in CMO's Complaint against Defendants.

d. Dismissing LPLA's Counterclaims with prejudice;

e. A determination that LPLA take nothing by reason of its Counterclaims;

f. A determination that no equitable relief issues to LPLA;

g. A determination that no monetary relief be awarded to LPLA;

h. A determination that no costs or attorneys' fees be awarded to LPLA;

      i.      A determination that CMO be awarded its costs and attorneys' fees incurred in defense against the LPLA Counterclaims; and

      j.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Counterclaimant Chi Mei Optoelectronics hereby demands trial by jury on all issues.

Dated: October 9, 2007           Respectfully submitted,

By:    /s/ Alexander C.D. Giza
      Alexander C.D. Giza

GILLAM & SMITH
Melissa Smith (Attorney-in-Charge)
303 S. Washington Ave.
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Of counsel:
IRELL & MANELLA LLP
Jonathan S. Kagan
Alexander C.D. Giza
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Attorneys for Plaintiff and Counterdefendants
Chi Mei Optoelectronics and
Chi Mei Optoelectronics USA

## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 9th day of October, 2007.

                                                        /s/ Alexander C.D. Giza