IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION and CHI MEI OPTOELECTRONICS USA, INC., | ) ) ) ) | Civil Action No. 08-355 (JJF) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS CHI MEI OPTOELECTRONICS'
MOTION TO COMPEL DEFENDANTS LG DISPLAY
<u>TO RESPOND TO INTERROGATORIES</u>**

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Alexander C.D. Giza
Adam Hoffman
Thomas C. Werner
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs
Chi Mei Optoelectronics Corporation and
Chi Mei Optoelectronics Corporation USA, Inc.*

Dated: August 15, 2008

## TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II. SUMMARY OF ARGUMENT ......................................................................................... 2

III. STATEMENT OF FACTS ................................................................................................ 3

IV. ARGUMENT ..................................................................................................................... 5

  A. This Action Remains Procedurally Untouched and Unimpeded ............................ 5

  B. LGD Cannot Use the Transfer of This Action to Avoid Responding to CMO's Interrogatories. .................................................................................................. 6

V. CONCLUSION .................................................................................................................. 7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cagle v. Cooper Cos.*,
  No. 91 CIV. 7828 (HB) et. al., 1996 WL 345771 (S.D.N.Y. June 24, 1996) .............. 7

*Chrysler Credit Corp. v. Country Chrysler, Inc.*,
  928 F.2d 1509 (10th Cir. 1991) .................................................................. 2, 5

*Devex Corp. v. Gen. Motors Corp.*,
  263 F. Supp. 17 (D. Del. 1967) ........................................................................ 5

*Edgar v. Hahnemann Univ. Hosp.*,
  No. A. 94-3515, 1995 WL 488416 (E.D. Pa. Aug. 14, 1995) ............................... 7

*Ginsburg v. Mut. Life Ins. Co.*,
  170 F. Supp. 212 (S.D.N.Y. 1958) .................................................................. 6, 7

*In re Judzewitsch*,
  No. 07-14329, 2008 WL 817108 (Bank. E.D. Tenn. March 26, 2008) ................ 6

*In re Miller*,
  485 F.2d 74 (5th Cir. 1974) ............................................................................ 7

**Statutes**

28 U.S.C. § 1404 .................................................................................................. 5

**Other Authorities**

15 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3846
  (2008) ....................................................................................................... 2, 6

**Rules**

Fed. R. Civ. P. 26 ........................................................................................ 1, 3, 6

Fed. R. Civ. P. 33 .................................................................................................. 1

Fed. R. Civ. P. 34 .................................................................................................. 1

Plaintiffs Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. ("CMO") respectfully move this Court to compel defendants LG Display Co., Ltd. and LG Display America, Inc. ("LGD") to respond to three pending interrogatories in this case, which was recently transferred from Judge Ward in the Eastern District of Texas. The Docket Control Order issued by Judge Ward on March 4, 2008, which sets forth the case schedule, authorized CMO to serve its interrogatories at any time after the Order was issued until June 2009. Despite the schedule set by Judge Ward, and the fact that the parties have commenced conducting discovery in this case pursuant to Rule 26, Rule 33, and Rule 34, LGD has refused to provide any substantive responses to CMO's interrogatories, claiming that CMO's interrogatories are "premature" because the parties are required to restart the case management process in this Court. LGD's position is contrary to the law. Judge Ward authorized CMO to serve its interrogatories between March 2008, and June 2009. The transfer of this case does not nullify Judge Ward's Order. This Court should compel LGD to immediately provide complete, substantive responses to CMO's properly served interrogatories.

## I.     NATURE AND STAGE OF PROCEEDINGS

On December 1, 2006, LGD filed suit against CMO and AU Optronics, Inc. ("AUO") for patent infringement in this Court, Case No. 06-726 (the "initial Delaware action"). Roughly six months later, on May 4, 2007, CMO sued LGD for patent infringement in the Eastern District of Texas. CMO's lawsuit was assigned to Judge Ward. The parties were not permitted to conduct general discovery in the Texas action until Judge Ward issued a Discovery Order and Docket Control Order, which he did in February and March of 2008, respectively, following a Rule 26(f) conference.

Less than a month after Judge Ward issued his Docket Control Order, Judge Ward ordered this action transferred to the District of Delaware. Both parties have moved to

consolidate this action with the initial Delaware action brought by LGD. In its motion to consolidate, CMO proposed a specific schedule for discovery in this action, should the cases be consolidated, that would harmonize the schedules in the cases. This motion is currently pending before the Court, and the cases are thus not yet formally consolidated. Unless and until the cases are formally consolidated, the transferred action and the initial Delaware action are proceeding separately, and discovery in this case is proceeding according to the schedule set by Judge Ward. LGD, however, has refused to comply with Judge Ward's Discovery and Docket Control Orders and has instead insisted that it does not yet need to provide responses to CMO's interrogatories.

## II.   SUMMARY OF ARGUMENT

1. "When an action is transferred, it remains in the posture it was in and all further proceedings in the action merely are referred to and determined by the transferee tribunal, leaving untouched whatever already has been done in the transferor court." 15 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3846 (2008); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) ("Once transferred, the action retains its procedural identity."). Consequently, the case management orders governing this action were left untouched after this case was transferred, as were LGD's obligations to respond to CMO's interrogatories.

2. The rule LGD invents—that transfer vitiates case management orders issued prior to the transfer—conflicts with established precedent and defeats the stated purpose of transfer of venue, halting discovery and wasting judicial resources by forcing the Court and the parties to restart pending cases from scratch each time a transfer occurs. LGD cannot use the transfer of this action to avoid responding to CMO's interrogatories.

III. **STATEMENT OF FACTS**

This action originated as a patent infringement litigation, brought by CMO against LGD in the Eastern District of Texas, before Judge Ward. After making required disclosures pursuant to the Local Patent Rules of the Eastern District of Texas, the parties conferenced as required under Rule 26(f) in January 2008. Following that conference, and pursuant to Rule 16, the parties reported to the Court on January 23, 2008, the results of the parties' Rule 26(f) conference in the form of a proposed Discovery Order. Ex.[1] 1. The court entered that proposed Discovery Order on February 1, 2008. Ex. 2. Judge Ward's Discovery Order set certain limitations on discovery—including a limit of forty interrogatories per side—and established a schedule for providing certain disclosures required by the Court. *See id.* Pursuant to Eastern District of Texas practice, however, the parties were not authorized to serve general discovery requests until the Court issued a Docket Control Order setting deadlines for such discovery. Judge Ward issued the Docket Control Order for this case on March 4, 2008. Ex. 3. The Docket Control Order authorized the parties to serve interrogatories until June 2009. *See id.*

Later in March, Judge Ward granted LGD's motion to transfer this action to the District of Delaware. The parties continued to conduct discovery in this action pursuant to the Discovery Order and Docket Control Order entered by Judge Ward. For example, CMO responded to LGD's fifteen interrogatories, including Interrogatory No. 14:

> **[LGD's] Interrogatory No. 14**: State with specificity the entire factual basis for each of your affirmative defenses, including stating all facts relevant to each defense, identifying all documents relevant to each defense, and identifying all persons with information or knowledge relevant to each defense, summarizing each person's knowledge.

---

[1] Exhibit references are to the exhibits attached to the Declaration of Thomas C. Werner, submitted concurrently herewith in support of this Motion ("Werner Decl.").

Ex. 4. CMO also continued to produce documents, with its most recent production occurring at the end of April 2008. Werner Decl. ¶ 10. On June 9, 2008, the transfer Order was sent to this District. *See* D.I. 75. This case was subsequently reassigned and is now pending before this Court.

Less than three weeks after the transfer to this Court was completed, on June 26, 2008, CMO served its first interrogatory in this action. This interrogatory sought the same information from LGD that LGD had sought from CMO in LGD's Interrogatory No. 14:

> **[CMO's] Interrogatory No. 1**: State with specificity the entire factual basis for each of the affirmative defenses asserted in your two August 13, 2007 answers to the complaint filed and served upon you in *Chi Mei Optoelectronics Corp. v. LG.Philips LCD Co., Ltd.*, 2:07cv176-TJW (E.D. Tex.), including stating all facts relevant to each defense, identifying all documents relevant to each defense, and identifying all persons with information or knowledge relevant to each defense, summarizing each person's knowledge.

Ex. 5. LGD, however, refused to provide a substantive response to CMO's interrogatory, claiming that CMO's interrogatory was "premature" under the Federal Rules of Civil Procedure:

> **[LGD's] Response to Interrogatory No. 1**: . . . . LG Display objects on the ground that this Interrogatory is premature. *See* Fed. R. Civ. P. 33(a) (prohibiting service of interrogatories before the time specified in Rule 26(d); Fed. R. Civ. P. 26(d) (specifying that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). There is no Scheduling Order entered by the Court in C.A. No. 08-355.[2]

*Id.* LGD also made a number of "conditional" objections outlining why it believed the interrogatories would be inappropriate if the Court consolidated this action with the initial Delaware action without expressly modifying the discovery schedule to permit discovery in this action. *See id.* Because the Court has not yet consolidated these actions, or made any adjustments to the existing schedule in this case, LGD's "conditional" objections appear immaterial.

---

[2] CMO served two additional interrogatories on July 3, 2008, to which LGD also refused to respond, based on the same objection. *See* Ex. 6.

- 4 -

On August 5, 2008, CMO requested that LGD withdraw its objection that CMO's interrogatories—which were served in accordance with the case management orders Judge Ward entered in this action—were "premature," and that LGD provide a substantive response to those interrogatories. Ex. 7. LGD refused. Werner Decl. ¶ 8. On August 6, 2008, CMO requested emergency relief from the Court, but the Court declined to hear this dispute on an emergency basis, advising the parties that it is "subject to the Court's motion day practice." Ex. 8. CMO has therefore noticed this dispute for resolution on the Court's motion day.

## IV.   ARGUMENT

LGD's argument that CMO's interrogatories in this action are "premature," and that it is therefore excused from providing a substantive response to them, is demonstrably incorrect. Following a Rule 26(f) conference, Judge Ward issued Discovery and Docket Control Orders that expressly authorized CMO to serve up to forty interrogatories anytime prior to June of 2009. Absent modification by this Court, Judge Ward's case management orders remain in full force and effect, and LGD cannot decide that it simply does not want to follow them. This Court should therefore order LGD to immediately provide substantive responses to CMO's interrogatories.

### A.   This Action Remains Procedurally Untouched and Unimpeded.

The transfer statute, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." It is well established that a transfer pursuant to Section 1404(a) merely refers the action to a different tribunal, leaving it otherwise untouched. *See, e.g., Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) ("Once transferred, the action retains its procedural identity."); *Devex Corp. v. Gen. Motors Corp.*, 263 F. Supp. 17, 23 (D. Del. 1967) ("With respect to such questions other than

- 5 -

transfer the transferee court takes the case in the same posture as if it had not been transferred."); *In re Judzewitsch*, No. 07-14329, 2008 WL 817108, at *1 (Bank. E.D. Tenn. March 26, 2008) ("The general rule is that a change of venue does not alter an action procedurally, and it arrives in its transferee court unchanged and unimpeded."); *see also* 15 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3846 (2008) ("When an action is transferred, it remains in the posture it was in and all further proceedings in the action merely are referred to and determined by the transferee tribunal, leaving untouched whatever already has been done in the transferor court.").

### B. LGD Cannot Use the Transfer of this Action to Avoid Responding to CMO's Interrogatories.

The Discovery and Docket Control Orders issued by Judge Ward permit CMO to serve interrogatories in this action now (and at any other time prior to June of 2009). *See* Exs. 2, 3. Judge Ward issued these Orders after the parties participated in a Rule 26(f) conference in January 2008. *See id.* CMO's interrogatories, which were served in June of 2008, cannot, therefore, be "premature."

Because the dates and schedules set forth in Judge Ward's Discovery and Docket Control Orders establish unequivocally that CMO's interrogatories are not "premature," LGD attempts to make excuses for its failure to comply with Judge Ward's orders. Specifically, LGD argues that Judge Ward's Order transferring this case to Delaware nullify his existing case management orders. LGD is wrong.[3] *See Ginsburg v. Mut. Life Ins. Co.*, 170 F. Supp. 212, 214 (S.D.N.Y. 1958) ("A transfer of the cause from one district to another does not vitiate orders made prior to

---

[3] LGD's position is even incompatible with Rule 26(d)(1) itself, which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), *except . . . when authorized* by these rules, by stipulation or *by court order*." Fed. R. Civ. P. 26(d)(1) (emphasis added). The parties have already conferred as required by Rule 26(f), and even if they had not, the current case management orders in this action obligate the parties to proceed with discovery. *See* Exs. 2, 3. LGD's reliance on Rule 26(d) is therefore misplaced.

the transfer."); *see also In re Miller*, 485 F.2d 74, 76 (5th Cir. 1974) ("[T]he orders issued prior to the transfer continued as though the case were still pending in the original district."). Only modification by this Court of Judge Ward's Orders can relieve LGD of its present discovery obligations under those orders. *See Cagle v. Cooper Cos.*, No. 91 CIV. 7828 (HB) et al., 1996 WL 345771, at *9 (S.D.N.Y. June 24, 1996) (denying applications to modify case schedule prior to transfer, noting that "the transferee courts can deal with any requests for modification of the dates"). Indeed, LGD's refusal amounts to contempt of a court order—conduct that may and should be sanctioned. *Edgar v. Hahnemann Univ. Hosp.*, No. A. 94-3515, 1995 WL 488416, at *3 (E.D. Pa. Aug. 14, 1995).

Because CMO was authorized to serve interrogatories in this case beginning in March of this year pursuant to Judge Ward's Discovery and Docket Control Orders, and because these Orders remain in full force and effect, CMO's interrogatories are not "premature," and this Court should order LGD to provide a complete, substantive response to CMO's interrogatories in this action.

## V.     CONCLUSION

In accordance with the case management orders governing this action, CMO respectfully requests that the Court order LGD to withdraw its objections to CMO's interrogatories as premature and to immediately provide a complete, substantive response to CMO's interrogatories.

- 8 -

|  |  |
|---|---|
| OF COUNSEL:<br><br>Morgan Chu<br>Jonathan S. Kagan<br>Alexander C.D. Giza<br>Adam Hoffman<br>Thomas C. Werner<br>Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>(310) 277-1010<br><br>Dated: August 15, 2008<br>878786 | POTTER ANDERSON & CORROON LLP<br><br>By: /s/ Philip A. Rovner<br>    Philip A. Rovner (#3215)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, Delaware 19899-0951<br>    (302) 984-6000<br>    provner@potteranderson.com<br><br>*Attorneys for Plaintiffs*<br>*Chi Mei Optoelectronics Corporation and*<br>*Chi Mei Optoelectronics Corporation USA, Inc.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 15, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY CM/ECF, HAND DELIVERY AND E-MAIL

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

I hereby certify that on August 15, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com; mbailey@mckennalong.com
lbrzezynski@mckennalong.com; cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION and CHI MEI OPTOELECTRONICS USA, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 08-355 (JJF) |

**NOTICE OF MOTION TO COMPEL DEFENDANTS LG DISPLAY TO
RESPOND TO INTERROGATORIES**

　　　　PLEASE TAKE NOTICE that, Plaintiffs Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. will present Plaintiffs' Motion To Compel Defendants LG Display To Respond to Interrogatories to the Court on Friday, September 12, 2008 at 10:00 a.m. or on any other date ordered by the Court.

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Alexander C. D. Giza
Adam Hoffman
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA 90067
(310) 277-1010

Dated: August 15, 2008
878742

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
　　　Philip A. Rovner (#3215)
　　　Hercules Plaza
　　　P. O. Box 951
　　　Wilmington, DE  19899
　　　(302) 984-6000
　　　provner@potteranderson.com

*Attorneys for Plaintiffs*
*Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION and CHI MEI OPTOELECTRONICS USA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 08-355 (JJF) |

**PLAINTIFFS CHI MEI OPTOELECTRONICS'
LOCAL RULE 7.1.1 CERTIFICATION OF COUNSEL REGARDING
MOTION TO COMPEL DEFENDANTS LG DISPLAY
TO RESPOND TO INTERROGATORIES**

I hereby certify that plaintiffs Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. ("CMO") attempted in good faith to resolve the issues raised in CMO's Motion to Compel Plaintiffs LG Display to Respond to Interrogatories (the "Motion"). As outlined in the Motion, Defendants LG Display Co., Ltd. and LG Display America, Inc. ("LGD") responded to each of the Interrogatories that CMO has served in this action only by objecting and refusing to respond. On August 5, 2008, CMO requested that LGD agree to withdraw its objection that CMO's Interrogatories were "premature," and to provide a substantive response to CMO's Interrogatories. LGD refused. On August 6, 2008, CMO requested emergency relief from the Court, but the Court declined to hear this dispute on an emergency basis, advising the parties that it is "subject to the Court's motion day practice." CMO has therefore filed this Motion.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Morgan Chu<br>Jonathan S. Kagan<br>Alexander C.D. Giza<br>Adam Hoffman<br>Thomas C. Werner<br>Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>(310) 277-1010<br><br>Dated: August 15, 2008 | By: /s/ Philip A. Rovner<br>    Philip A. Rovner (#3215)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, Delaware 19899-0951<br>    (302) 984-6000<br>    provner@potteranderson.com<br><br>*Attorneys for Plaintiffs*<br>*Chi Mei Optoelectronics Corporation and*<br>*Chi Mei Optoelectronics Corporation USA, Inc.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION and CHI MEI OPTOELECTRONICS USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 08-355 (JJF) |

### [PROPOSED] ORDER

**AND NOW**, the Court, this _____ day of _____, 2008, upon consideration of Plaintiffs Chi Mei Optoelectronics Corporation's and Chi Mei Optoelectronics USA, Inc.'s ("CMO's") Motion to Compel Defendants LG Display to Respond to Interrogatories, and Defendants LG Display Co., Ltd.'s and LG Display America, Inc.'s ("LGD's") Oppositions thereto, and all related materials, does hereby ORDER that:

LGD shall provide by the _____ day of _____, 2008, full and complete responses to CMO's interrogatories in this action.

IT IS SO ORDERED:

_____
The Honorable Joseph J. Farnan, Jr.