# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION and CHI MEI OPTOELECTRONICS USA, INC., | ) ) ) | |
| | ) | Civil Action No. 08-355 (JJF) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., | ) ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF THOMAS C. WERNER IN SUPPORT OF PLAINTIFFS CHI MEI OPTOELECTRONICS' MOTION TO COMPEL DEFENDANTS LG DISPLAY TO RESPOND TO INTERROGATORIES

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Alexander C.D. Giza
Adam Hoffman
Thomas C. Werner
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware  19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*
*Chi Mei Optoelectronics Corporation*
*and Chi Mei Optoelectronics USA, Inc.*

Dated:  August 15, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHI MEI OPTOELECTRONICS            )
CORPORATION and CHI MEI            )
OPTOELECTRONICS USA, INC.,         )        Civil Action No. 08-355 (JJF)
                                   )
        Plaintiffs,                )
                                   )
    v.                             )
                                   )
LG DISPLAY CO., LTD. and           )
LG DISPLAY AMERICA, INC.,          )
                                   )
        Defendants.                )
                                   )

## DECLARATION OF THOMAS C. WERNER IN SUPPORT OF PLAINTIFFS CHI MEI OPTOELECTRONICS' MOTION TO COMPEL DEFENDANTS LG DISPLAY TO RESPOND TO INTERROGATORIES

I, Thomas C. Werner, declare as follows:

1.    I am an attorney at the law firm of Irell & Manella LLP, counsel of record for plaintiffs Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. ("CMO"). I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to such facts under oath.

2.    Attached hereto as Exhibit 1 is a true and correct copy of the Proposed Discovery Order, filed jointly by CMO and LG Display Co., Ltd. and LG Display America, Inc. ("LGD") in *Chi Mei Optoelectronics Corp. v. LG.Philips LCD Co., Ltd.*, 2:07cv176-TJW (E.D. Tex.) ("this action") on January 23, 2008.

3.    Attached hereto as Exhibit 2 is a true and correct copy of the Discovery Order entered in this action on February 1, 2008.

4.      Attached hereto as Exhibit 3 is a true and correct copy of the Docket Control Order entered in this action on March 4, 2008.

5.      Attached hereto as Exhibit 4 is a true and correct copy of CMO's Responses and Objections to LGD's First Set of Interrogatories, served in this action on April 28, 2008.

6.      Attached hereto as Exhibit 5 is a true and correct copy of LGD's Responses and Objections to CMO's First Set of Interrogatories, served in this action on July 28, 2008.

7.      Attached hereto as Exhibit 6 is a true and correct copy of LGD's Responses and Objections to CMO's Second Set of Interrogatories, served in this action on August 4, 2008.

8.      Attached hereto as Exhibit 7 is a true and correct copy of the August 5, 2008 letter from Thomas C. Werner to Lora A. Brzezynski.  LGD did not agree to withdraw its objections and provide a substantive response to CMO's interrogatories, as CMO requested in my letter.

9.      Attached hereto as Exhibit 8 is a true and correct copy of the text of the August 12, 2008 email from Deborah L. Krett, Case Manager for the Honorable Joseph J. Farnan, Jr., to counsel for the parties in this action.

10.     I am informed and believe by staff working at my direction who are responsible for maintaining such information that CMO produced in this action documents Bates numbered CMO21576–CMO021590 on April 28, 2008.

I declare under the penalty of perjury under the laws of the United States of America and the state of Delaware that the foregoing is true and correct.

Executed on August 15, 2008 in Los Angeles, California.

_____
Thomas C. Werner

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 15, 2008, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as indicated;

and that the document is available for viewing and downloading from CM/ECF.

### BY CM/ECF, HAND DELIVERY AND E-MAIL

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

I hereby certify that on August 15, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com; mbailey@mckennalong.com
lbrzezynski@mckennalong.com; cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG PHILIPS LCD AMERICA, INC., a California Corporation, <br><br> Defendants. <br><br> LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, <br><br> Counterclaim Defendants. | Civil Action No. 2:07-cv-00176-TJW |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.  **Disclosures.** Except as provided by paragraph 1(h), and, to the extent not already disclosed, by **March 5, 2008**, each party shall disclose to every other party the following information:

    (a)    the correct names of the parties to the lawsuit;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)    any settlement agreements relevant to the subject matter of this action;

(g)    any statement of any party to the litigation;

(h)    for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

    a.    the expert's name, address, and telephone number;

    b.    the subject matter on which the expert will testify;

    c.    if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony;

    (a)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (b)    the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

    d.    for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information;

2.    **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

3.    **Additional Disclosures.** Each party, without awaiting a discovery request, shall provide, to the extent not already provided, to every other party the following:

    (a)    the disclosures required by the Patent Rules for the Eastern District of Texas;

    (b)    by **May 30, 2008**, a copy of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, including damages, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas. By written agreement of all parties, alternative forms of disclosure of documents may be provided in lieu of paper copies  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

(c)     by **May 18, 2009**, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(d)     by **not applicable**, those documents and authorizations described in Local Rule CV-34.

4.     **Discovery Limitations.**   The discovery in this cause is limited to the disclosures described in Paragraphs 1 and 3 together with 40 interrogatories per side, 40 requests for admissions per side, the depositions of the parties, depositions on written questions of custodians of business records for third parties, 60 hours of nonparty depositions per side, and 3 expert witnesses per side.   "Side" means a party or a group of parties with a common interest.  Any party may move to modify these limitations for good cause.  **The parties have discussed modifying these discovery limitations but have not yet reached agreement.  The parties are continuing their discussions in an effort to reach a mutual agreement.  If a mutual agreement cannot be reached, the parties intend to advise the Court of their respective positions through separate filings.**

5.     **Privileged Information.**   There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By **August 25, 2008**, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the

privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact by **September 25, 2008**.

6.   **Pre-trial disclosures.**  Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

    (a)   The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

    (b)   The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

    (c)   An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the Court, these disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the Court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of

a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true

9. **Disputes.**

   (a)   Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The

parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within 14 days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.** Any filings in excess of 20 pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing.

Respectfully submitted,

GILLAM & SMITH                              LAW OFFICE OF MIKE C. MILLER, P.C.


_Melissa Smith   by permission / pb_       _Mike C. Miller_
Melissa Smith, State Bar No. 24001351       Mike C. Miller, Esq., State Bar No. 14101100
303 South Washington Avenue                 201 West Houston Street
Marshall, TX 75670                          Marshall, Texas 75670
(903) 934-8450                              (903) 938-4395
(903) 934-9257 (facsimile)                  (903) 938-3360 (facsimile)
melissa@gillamsmithlaw.com                  mikem@millerfirm.com

Of Counsel:                                 Of Counsel:

IRELL & MANELLA LLP                         MCKENNA LONG & ALDRIDGE LLP
Morgan Chu                                  Gaspare J. Bono
Jonathan S. Kagan                           R. Tyler Goodwyn
Ben J. Yorks                                Lora A. Brzezynski
Alexander C. D. Giza                        1900 K Street, NW
1800 Avenue of the Stars, Suite 900         Washington, D.C. 20006
Los Angeles, CA 90067                       (202) 496-7500
(310) 277-1010                              (202) 496-7756 (facsimile)
(310) 203-7199 (facsimile)                  gbono@mckennalong.com

Attorneys for Plaintiff                     Attorneys for Defendants
Chi Mei Optoelectronics Corporation         LG.Philips LCD Co., Ltd. and
                                            LG.Philips LCD America, Inc.


SO ORDERED THIS _____ DAY OF JANUARY 2008.


_____
United States District Court Judge


DC:50521346.2

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>Defendants. | Civil Action No. 2:07-cv-00176-TJW |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>Counterclaim Defendants. |  |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.     **Disclosures.** Except as provided by paragraph 1(h), and, to the extent not already disclosed, by **March 5, 2008**, each party shall disclose to every other party the following information:

      (a)     the correct names of the parties to the lawsuit;

(b)     the name, address, and telephone number of any potential parties;

(c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action;

(g)     any statement of any party to the litigation;

(h)     for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

    a.     the expert's name, address, and telephone number;

    b.     the subject matter on which the expert will testify;

    c.     if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

2

    (a)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (b)    the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

    d.    for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information;

2.    **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

3.    **Additional Disclosures.** Each party, without awaiting a discovery request, shall provide, to the extent not already provided, to every other party the following:

    (a)    the disclosures required by the Patent Rules for the Eastern District of Texas;

    (b)    by **May 30, 2008**, a copy of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, including damages, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas. By written agreement of all parties, alternative forms of disclosure of documents may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

(c)     by **May 18, 2009**, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(d)     by **not applicable**, those documents and authorizations described in Local Rule CV-34.

4.     **Discovery Limitations.**    The discovery in this cause is limited to the disclosures described in Paragraphs 1 and 3 together with 40 interrogatories per side, 40 requests for admissions per side, the depositions of the parties, depositions on written questions of custodians of business records for third parties, 60 hours of nonparty depositions per side, and 3 expert witnesses per side.  "Side" means a party or a group of parties with a common interest.  Any party may move to modify these limitations for good cause.  **The parties have discussed modifying these discovery limitations but have not yet reached agreement.  The parties are continuing their discussions in an effort to reach a mutual agreement.  If a mutual agreement cannot be reached, the parties intend to advise the Court of their respective positions through separate filings.**

5.     **Privileged Information.**    There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By **August 25, 2008**, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the

4

privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact by **September 25, 2008**.

6.    **Pre-trial disclosures.**    Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

   (a)    The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

   (b)    The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

   (c)    An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the Court, these disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the Court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of

5

a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7.   **Signature.** The disclosures required by this order shall be made in writing signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8.   **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true

9    **Disputes.**

(a)   Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The

parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within 14 days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.     **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.     **Filings.** Any filings in excess of 20 pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing.

SIGNED this 1st day of February, 2008.

_T. John Ward_

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

7

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG PHILIPS LCD AMERICA, INC., a California Corporation, <br><br> Defendants. <hr> LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, <br><br> Counterclaim Defendants. | Civil Action No. 2:07-cv-00176-TJW |

## DOCKET CONTROL ORDER

In accordance with the case Status Conference held herein on the 8th day of January, 2008, it is hereby

**ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| August 3, 2009 | Jury Selection - 9:00 a.m. in Marshall, Texas |
| July 24, 2009 | Pretrial Conference - 9:00 a.m. in Marshall, Texas |

| July 13, 2009 | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict |
|---|---|
| July 17, 2009 | **Motions in *Limine* Due** |
| | The parties are ordered to **meet and confer** on their respective motions *in limine* and **advise the Court of any agreements in this regard by 3:00 p.m. the business day before** the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the Court could not alleviate the prejudice with appropriate instruction(s). |
| Requested | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.** If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| July 7, 2009 | Response to Dispositive Motions (including *Daubert* motions)[1] **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV-56.** |
| June 12, 2009 | Deadline for filing Dispositive Motions and any other motions that may require a hearing (not including *Daubert* motions) |
| June 22, 2009 | Deadline for filing *Daubert* Motions |
| July 7, 2009 | Mediation to be completed |
| July 17, 2009 | Parties to Identify Trial Witnesses on issues for which bears burden of proof |
| July 7, 2009 | Parties to Identify Trial Witnesses on issues for which bear burden of proof |
| July 7, 2009 | Discovery Deadline |

---

[1]     The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition."

2

| | |
|---|---|
| June 16, 2009 | Designate Rebuttal Expert Witnesses other than claims construction |
| May 25, 2009 | Expert witness report due for party with the burden of proof Refer to Discovery Order for required information. |
| May 25, 2009 | Comply with P.R. 3-7. |
| May 25, 2009 | Party with the burden of proof to designate Expert Witnesses other than claims construction Expert witness report due Refer to Discovery Order for required information. |
| May 7, 2009 | Claim construction hearing **9:00 a.m., Marshall, Texas.** |
| April 23, 2009 | Comply with P.R. 4-5(c). |
| April 9, 2009 | Comply with P.R. 4-5(b). |
| March 23, 2009 | Comply with P.R. 4-5(a). |
| March 9, 2009 | Discovery deadline-claims construction issues |
| December 15, 2008 | Respond to Amended Pleadings |
| November 15, 2008 | Amend Pleadings **(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein.)** |
| February 16, 2009 | Comply with P.R. 4-3. |
| January 19, 2009 | Comply with P.R. 4-2. |
| December 18, 2008 | Comply with P.R. 4-1. |
| August 25, 2008 | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents) |
| August 1, 2008 | Join Additional Parties |

3

### OTHER LIMITATIONS

1.   All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.   The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3.   The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   (a)   The fact that there are motions for summary judgment or motions to dismiss pending;

   (b)   The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

   (c)   The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

SIGNED this 4th day of March, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

4

# EXHIBIT 4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION


CHI MEI OPTOELECTRONICS )   Case No. 2:07-cv-00176-TJW
CORPORATION, a Taiwan Corporation, )
 )
                    Plaintiff, )
 )
          v. )
 )
LG DISPLAY CO., LTD., a Korean )
Corporation, and LG DISPLAY AMERICA, )
INC., a California Corporation, )
 )
                    Defendants. )
 )
_____ )
 )
LG DISPLAY CO., LTD. and LG DISPLAY )
AMERICA, INC., )
 )
          Counterclaim Plaintiffs, )
 )
          v. )
 )
CHI MEI OPTOELECTRONICS )
CORPORATION,; and CHI MEI )
OPTOELECTRONICS USA, INC., a )
Delaware Corporation, )
 )
          Counterclaim Defendants. )
 )
_____ )


## PLAINTIFF CHI MEI OPTOELECTRONICS CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANT LG DISPLAY CO., LTD'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Chi Mei Optoelectronics Corp. ("CMO") responds as follows to Defendants' First Set of Interrogatories for Production of Documents, served by LG Display LCD Co., Ltd. ("LG Display," "LG. Philips," "LPL" or "Defendant").

## GENERAL STATEMENT AND OBJECTIONS

1.    The following responses, while based on a diligent investigation by CMO and its counsel, are necessarily supported only by those facts and writings, presently and specifically known and readily available. Discovery in this matter is at a very early stage and is ongoing. As this action proceeds, further information or documents may be discovered, or their significance better understood, and CMO reserves the right to change, amend or supplement its responses with such pertinent information. CMO therefore makes these responses without prejudice to its right to produce at any stage of these proceedings, including at trial, evidence of any facts or information that CMO may later recall or discover. CMO further reserves the right to change, amend or supplement any or all of the matters contained in these responses with facts or information that it learns were omitted by inadvertence, mistake, excusable neglect, and as additional facts are ascertained and contentions are made in this litigation.

2.    These responses are made solely for the purposes of this action, and are subject to all objections as to competence, authenticity, relevance, materiality, privilege, and admissibility. All such objections and grounds are expressly reserved and may be interposed at the time of trial.

3.    Each and all of CMO's general objections are hereby expressly incorporated into each and all of CMO's specific responses. For particular emphasis, one or more of these general objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response is neither intended as, nor shall be construed as, a limitation or waiver of any general objection or any other specific objection made herein.

4.    No incidental or implied admissions are intended by the responses below. The fact that CMO has answered or objected to all or part of an interrogatory should not be construed or taken as an admission that CMO accepts or admits the existence of any purported facts set

forth or assumed by such interrogatory or that CMO has waived or intended to waive any part of any objection to the interrogatory.

5.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they call for information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or immunities. CMO further objects to the interrogatories to the extent that they purport to seek or call for the identification and contents of documents recording or reflecting the work product of CMO's attorneys, including their thoughts, opinions, or mental impressions in connection with the preparation, prosecution, avoidance or defense of any claim by or against CMO. CMO also objects to the interrogatories to the extent that they seek information protected by the right of privacy contained in the United States Constitution, or other applicable statutory or case law. Nothing contained in these responses is intended as, nor shall in any way be deemed, a waiver of the attorney-client privilege, attorney work product doctrine, right of privacy or other applicable privilege or immunity.

6.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they seek information concerning patent claims and claim terms that have not yet been construed by the Court.

7.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they seek confidential or proprietary information. CMO will produce confidential or proprietary information only pursuant to the Patent Rules and protective orders issued by this Court.

8.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they call for the production of information that CMO may not produce without the consent of third parties. To the extent the consent of any third party is necessary to produce any such information, CMO will not produce such information until it has received such consent.

9.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they call for the production of information that is not relevant

to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

10.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules and Patent Rules for the Eastern District of Texas, or any order or ruling by the Court in this action. CMO will comply with the requirements of the Federal Rules of Civil Procedure, the Local Rules and Patent Rules, and any order or ruling by the Court in this action in responding to the interrogatories.

11.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they purport to require CMO to search for or produce information or documents that are not within its possession, custody or control.

12.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they purport to require CMO to undertake an unduly burdensome and oppressive search and/or analysis of its documents and files.

13.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they seek information that is inadmissible pursuant to Rule 408 of the Federal Rules of Evidence.

14.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they seek information that is publicly available or equally or more readily available or accessible to Defendants.

15.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they seek information that is duplicative and redundant. CMO's response to any particular interrogatory does not in any way imply or express that such interrogatory is unique or covers subject matter different in scope from that of prior or succeeding interrogatories.

16.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they are vague and ambiguous.

17.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they call for legal conclusions.

18.    CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent they are compound and seek to evade the limit on the number of interrogatories in the Court's Discovery Order.

19.    CMO objects to the definitions of "CMO," "CMO USA," "you," and "your" in paragraphs C and D of the Definitions to the extent that they purport to impose duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules and Patent Rules, or any order or ruling by the Court in this action.  CMO also objects to these definitions as unduly burdensome, harassing, oppressive and overbroad to the extent they purport to include entities other than CMO.

20.    CMO objects to the definition of "Affiliate(s)" in paragraph E of the Definitions to the extent that it purports to impose duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules and Patent Rules, or any order or ruling by the Court in this action. CMO also objects to this definition as unduly burdensome, harassing, oppressive and overbroad to the extent it purports to include entities other than CMO.

21.    CMO objects to the definition of "CMO Product" in paragraph F of the Definitions as unduly burdensome, harassing, oppressive and overbroad, and as calling for the production of information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it include products that are not relevant to Defendants' claims.  Throughout these Responses, CMO will define "CMO Product" as those products directly shipped to the United States accused of infringement by LG Display in its infringement contentions.

22.    CMO objects to the definition of "LCD display product" in paragraph G of the Definitions as unduly burdensome, harassing, oppressive and overbroad to the extent it purports to include any device that contains an LCD module and regardless of brand name.

23.    CMO objects to the definition of "CMO Customer" in paragraph N of the Definitions as unduly burdensome, harassing, oppressive and overbroad to the extent it purports

to include "any person" ordering, purchasing, importing or using any CMO products regardless of whether that person has or has had any relationship or communication with CMO.

24.    Due to the change in Defendants' names, CMO uses herein the term "LG Display Patents" synonymously with the term "LG.Philips Patents" as defined in paragraph LL of the Definitions.

25.    CMO objects to the definition of "Identify" in paragraphs RR, SS and TT of the Definitions as unduly burdensome, harassing, oppressive and overbroad to the extent it purports to require information regarding companies, documents or persons beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules and Patent Rules, or any order or ruling by the Court in this action.

26.    CMO objects to the definition of "State" in paragraph 3 of the instructions as unduly burdensome, harassing, oppressive and overbroad to the extent that it purports to impose duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules and Patent Rules, or any order or ruling by the Court in this action, and as making each and every interrogatory in which it appears compound in an attempt to evade the limits on the number of interrogatories in the Court's Discovery Order.  CMO further objects to this definition as premature to the extent that it seeks information regarding CMO's trial witness list.  Throughout these responses, CMO will define "State" according to its plain English meaning.

27.    CMO objects to paragraph 4 of the Instructions as unduly burdensome, harassing, oppressive and overbroad to the extent that it purports to require CMO to search for or produce information or documents that are not within its possession, custody or control, and to the extent that they call for information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or immunities.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

For each CMO Product, identify all corresponding product designations, including model and part numbers, used to refer to each LCD module, LCD panel and/or TFT substrate that corresponds to that CMO Product.

**RESPONSE TO INTERROGATORY NO. 1**:

CMO objects to LG Display's definition of "CMO Product" as unduly burdensome, harassing, oppressive and overbroad, and as calling for the production of information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it include products that are not relevant to Defendants' claims. Throughout these Responses, CMO will define "CMO Product" as those products directly shipped to the United States accused of infringement by LG Display in its infringement contentions. CMO further objects to LG Display's definition of "Identify" as unduly burdensome, harassing, oppressive and overbroad to the extent it purports require information beyond that required by Federal Rule of Civil Procedure 33.

Subject to and without waiving the foregoing objections, CMO provides, as Exhibits A-1, A-2, and A-3, tables listing CMO Products by corresponding model name, finished LCD module ("LCM_PFCD"), finished LCD panel ("LCD_PFCD"), semi-finished LCD panel after assembly from TFT and CF substrates ("Product_After_Assembly"), TFT or CF substrate that will be used to manufacture an LCD panel ("Product_After_Start"), and finished TFT or CF substrate ("TFT_CF_ID").

**INTERROGATORY NO. 2**:

For each CMO Product identified in response to Interrogatory 1, identify all electronic mask files, manufacturing process specifications, TFT array specifications, and fabrication plants that are associated with the design and/or manufacture of the corresponding TFT substrate(s) for that CMO Product.

**RESPONSE TO INTERROGATORY NO. 2**:

CMO objects to LG Display's definition of "CMO Product" as unduly burdensome, harassing, oppressive and overbroad, and as calling for the production of information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it include products that are not relevant to Defendants' claims. Throughout these Responses, CMO will define "CMO Product" as those products directly shipped to the United States accused of infringement by LG Display in its infringement

contentions. CMO further objects to LG Display's definition of "Identify" as unduly burdensome, harassing, oppressive and overbroad to the extent it purports require information beyond that required by Federal Rule of Civil Procedure 33. CMO further objects to LG Display's definition of "Specification" as unduly burdensome, harassing, oppressive and overbroad, and as calling for the production of information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it purports to encompass all documents which reflect any aspect of how something is, can, or should be made, inspected or tested.

Subject to and without waiving the foregoing objections, CMO provides Exhibit B, a table correlating CMO Products to fabrication plant. In this table, the abbreviation IDT denotes the manufacturer IDTech.

In addition, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, CMO refers Defendants to documents that may contain information responsive to this interrogatory:

Mask files named by TFT product ID have been produced at CMOCD36. Manufacturing process specifications for relevant products have been produced at Bates Nos. CMO006788-007595, CMO007632-008268, CMO008318-009061, CMO014610-015499, CMO015584-016455, and CMO016748-017584. TFT array specifications for relevant products have been produced at Bates Nos. CMO016614-016747, CMO015536-015583, CMO014580-014609, CMO007608-007631, and CMO006772-006787.

**INTERROGATORY NO. 3:**

For each CMO Product identified in response to Interrogatory 1, identify all CAD files associated with the design and/or manufacture of the corresponding TFT substrate(s), the Color Filter substrate(s), and/or LCD panel(s) for that CMO Product.

**RESPONSE TO INTERROGATORY NO. 3:**

CMO objects to LG Display's definition of "CMO Product" as unduly burdensome, harassing, oppressive and overbroad, and as calling for the production of information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it include products that are not relevant to Defendants' claims.

Throughout these Responses, CMO will define "CMO Product" as those products directly shipped to the United States accused of infringement by LG Display in its infringement contentions. CMO further objects to LG Display's definition of "Identify" as unduly burdensome, harassing, oppressive and overbroad to the extent it purports to require information beyond that required by Federal Rule of Civil Procedure 33.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, CMO refers defendants to documents that may contain information responsive to this interrogatory: CAD files named by TFT product ID have been produced at CMOCD36.

**INTERROGATORY NO. 4**:

For each CMO Product identified in response to Interrogatory 1, describe in sequence the fabrication of each layer on the TFT substrate including the name and purpose of each step, step process conditions and timing, and layer characteristics such as composition, resistivity and thickness.

**RESPONSE TO INTERROGATORY NO. 4**:

CMO objects to LG Display's definition of "CMO Product" as unduly burdensome, harassing, oppressive and overbroad, and as calling for the production of information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it includes products that are not relevant to Defendants' claims. Throughout these Responses, CMO will define "CMO Product" as those products directly shipped to the United States accused of infringement by LG Display in its infringement contentions.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, CMO refers Defendants to documents that may contain information responsive to this interrogatory.

Documents that describe the fabrication of each layer of TFT substrates for relevant products have been produced at Bates Nos. CMO006758-006770, CMO007596-007607, CMO008270-008282, CMO009062-009072, CMO014554-014578, CMO015500-015534, and

CMO016456-016613. Documents disclosing layer characteristics for relevant products have been produced at Bates Nos. CMO006772-006786, CMO007608-007630, CMO008284-008317, CMO014580-014609, CMO015536-015583, and CMO016614-016747.

**INTERROGATORY NO. 5**:

For each CMO Product identified in response to Interrogatory 1, describe each step of the cell assembly fabrication process associated with the manufacture of that product including the purpose of each step, the equipment used, the sequencing of the steps within the overall cell assembly process, process conditions, and the fabrication lines within a plant used to manufacture the CMO Product, and identify each type of document in CMO's possession, custody, or control that is relevant to each of the foregoing.

**RESPONSE TO INTERROGATORY NO. 5**:

CMO objects to LG Display's definition of "CMO Product" as unduly burdensome, harassing, oppressive and overbroad, and as calling for the production of information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it include products that are not relevant to Defendants' claims. Throughout these Responses, CMO will define "CMO Product" as those products directly shipped to the United States accused of infringement by LG Display in its infringement contentions. CMO further objects to LG Display's definition of "Identify" as unduly burdensome, harassing, oppressive and overbroad to the extent it purports require information beyond that required by Federal Rule of Civil Procedure 33. CMO further objects to the interrogatory to the extent that it seeks information concerning patent claims and claim terms that have not yet been construed by the Court.

Subject to and without waiving the foregoing objections, CMO provides Exhibit B, a table correlating CMO Products to LCD fabrication lines. In this table, the abbreviation IDT denotes the manufacturer IDTech. In addition, the abbreviation "U" denotes the LCD USL (universal line) in CMO Tainan LCM Plant 2. In addition, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, CMO provides the following information and refers Defendants to documents that may contain information responsive to this interrogatory:

Documents containing responsive information have been produced at Bates Nos. CMO004959-004966, CMO009074-009077, CMO010696-010701, CMO012834-012881 and CMO017678-017782.

**INTERROGATORY NO. 6**:

For each claim of any LG.Philips Patents that you allege is not infringed as part of your claim for declaratory judgment of non-infringement specifically state, as to each CMO Product identified in response to Interrogatory 1, all claim elements that are allegedly absent as to that CMO Product.

**RESPONSE TO INTERROGATORY NO. 6**:

CMO objects to this interrogatory to the extent that it calls for information or documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or immunities. CMO objects to the interrogatories, including the definitions and instructions contained therein, to the extent that they seek information concerning patent claims and claim terms that have not yet been construed by the Court. CMO objects to LG Display's definition of "CMO Product" as unduly burdensome, harassing, oppressive and overbroad, and as calling for the production of information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it include products that are not relevant to Defendants' claims. Throughout these Responses, CMO will define "CMO Product" as those products directly shipped to the United States accused of infringement by LG Display in its infringement contentions. CMO also objects to LG Display's definition of "State" as unduly burdensome, harassing, oppressive and overbroad to the extent that it purports to impose duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules and Patent Rules, or any order or ruling by the Court in this action, and as making each and every interrogatory in which it appears compound in an attempt to evade the limits on the number of interrogatories in the Court's Discovery Order. CMO further objects to this definition as premature to the extent that it seeks information regarding CMO's trial witness list. Throughout these responses, CMO will define "State" according to its plain English meaning.

CMO objects that the interrogatory is premature as it seeks information concerning patent claims and claim terms that have not yet been construed by the Court. Nevertheless, subject to and without waiving the foregoing objections, CMO provides the following preliminary list of claim terms that are absent as to each accused CMO product. CMO will supplement as necessary based on the Court's claim constructions. CMO further reserves the right to change, amend or supplement this response as additional facts are ascertained and contentions are made in this litigation.

**LG Display's '274 patent:**

**Claim 1:**

o  a gate including a double-layered structure having a first metal layer which is a bottom layer disposed on the substrate and a second metal layer disposed on the first metal layer, the first metal layer including aluminum, the second metal layer being arranged on the first metal layer to prevent hillock at the sides of the aluminum first metal layer, the first metal layer being wider than the second metal layer by about 1 to 4 μm

**Claim 2:**

o  the second metal layer is located in a middle portion of the first metal layer so that two side portions of the first metal layer having no second metal layer disposed thereon have the same width as each other

**Claim 3:**

o  the second metal layer includes at least one of Mo, Ta, and Co

**Claim 4:**

o  a gate including a double-layered structure having a first metal layer which is a bottom layer disposed on the substrate and a second metal layer disposed on the first metal layer, the first metal layer including aluminum, the second metal layer being arranged on the first metal layer to prevent hillock at the sides of the aluminum first metal layer, the first metal layer being wider than the second metal layer by about 1 to 4 μm

**Claim 5:**

o   the second metal layer is located in a middle portion of the first metal layer so that two side portions of the first metal layer having no second layer thereon have the same width as each other

**Claim 6:**

o   the second metal layer includes at least one of Mo, Ta, and Co

**LG Display's '321 patent:**

**Claim 7:**

o   simultaneously patterning the first and second metal layers to form a double-layered metal gate, so that a total width of the first metal layer is greater than a total width of the second metal layer by about 1 to 4μm

**Claim 8:**

o   the first and second metal layers are patterned so that the first metal layer has a first and a second side portion being exposed from the second metal layer, each side portion being at least about 0.5 μm in width

**Claim 9:**

o   each side portion of the first metal layer is exposed so that each side portion is less than about 2 μm in width

**Claim 16:**

o   forming a single photoresist having predetermined width on the second metal layer; patterning the first and second metal layers simultaneously in a single etching step using the single photoresist as a mask, the first metal layer being etched to have a width greater than a width of the second metal layer by about 1 to 4 μm; and removing the photoresist

**Claim 20:**

o   the second metal layer includes Mo, Ta or Co

**Claim 22:**

o   two side portions of the first metal layer having no second metal layer deposited thereon have substantially the same width as each other

**LG Display's '489 patent:**

**Claim 1:**

o   a double-layered metal gate having a first metal layer and a second metal layer thereon, a total width of the first metal layer being greater than a total width of the second metal layer by about 1 to 4 μm

**Claim 2:**

o   the first metal layer has a first and second side portion being exposed from the second metal layer, each side portion being at least about 0.5 μm in width

**Claim 3:**

o   each side portion of the first metal layer is less than about 2 μm in width

**LG Display's '374 patent:**

**Claim 1:**

o   an auxiliary sealant

o   main sealant

o   A dummy region

o   contiguous

**Claim 11:**

o   is covered with a mask

**Claim 20:**

o   contacts

**Claim 21:**

o   UV sealant

o   auxiliary UV sealant

- o   main UV sealant

- o   contacts

- o   a dummy region

- o   extends outside from

- o   applying a liquid crystal

**LG Display's '984 patent:**

**Claim 1:**

- o   a first substrate,

- o   a second substrate,

- o   a single production process line

- o   a sealing material coating portion

- o   in serial order

- o   with the first substrate being passed through the sealing material coating portion

- o   a liquid crystal dispensing portion

- o   pixel region

- o   with the other one of the first and second substrates being passed through the liquid crystal dispensing portion without dispensing liquid crystal thereon

**Claim 3:**

- o   liquid crystal dispensing portion is provided before the sealing material coating portion in the single production process line

**Claim 4:**

- o   the first substrate

**Claim 5:**

- o   at the same time that the second substrate is disposed in the sealing material coating portion

**Claim 10:**

- o   a same cleaning unit

**INTERROGATORY NO. 7**:

For each CMO Product identified in response to Interrogatory No. 1, in spreadsheet or summary format with subtotals and totals, identify all offers to sell and sales regarding such products, on a monthly or quarterly basis since December 1, 2000, including for each offer to sell and sale, the transaction date, customer, product model, quantity, price, and shipment or delivery destination.

**RESPONSE TO INTERROGATORY NO. 7**:

CMO objects to LG Display's definition of "CMO Product" as unduly burdensome, harassing, oppressive and overbroad, and as calling for the production of information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it include products that are not relevant to Defendants' claims. Throughout these Responses, CMO will define "CMO Product" as those products directly shipped to the United States accused of infringement by LG Display in its infringement contentions. CMO objects to the request for information regarding "all offers to sell" as unduly burdensome, harassing, oppressive and overbroad. CMO further objects to LG Display's definition of "Identify" as unduly burdensome, harassing, oppressive and overbroad to the extent it purports require information beyond that required by Federal Rule of Civil Procedure 33. CMO objects to this interrogatory to the extent that it calls for the production of information that CMO may not produce without the consent of third parties. To the extent the consent of any third party is necessary to produce any such information, CMO will not produce such information until it has received such consent. CMO objects to this interrogatory to the extent that it seeks confidential or proprietary information. CMO will produce confidential or proprietary information only pursuant to the Patent Rules and protective orders issued by this Court. CMO objects to this interrogatory to the extent it demands the production of information in a format different from that required under Federal Rule of Civil Procedure 33.

Subject to an without waiving the foregoing objections, CMO provides Exhibit C, a spreadsheet showing sales of CMO Products, with subtotals and totals by month and year,

including the transaction date, customer, product model, quantity, price, and shipment or delivery destination.

**INTERROGATORY NO. 8:**

For each CMO Patent, identify all persons who presently hold, or at any time in the past have held, any right, title, or interest in or to the patent, including, but not limited to, full or partial ownership, equity interest, security interest, other collateral interest, contingency interest, or license rights, including their names and addresses, their relationship with CMO, a detailed explanation of the interest held, when that person(s) obtained each interest, the current status of that interest, and the consideration provided in exchange for that interest.

**RESPONSE TO INTERROGATORY NO. 8:**

CMO objects to this interrogatory to the extent that it calls for information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or immunities. CMO further objects to LG Display's definition of "Identify" as unduly burdensome, harassing, oppressive and overbroad to the extent it purports to require information beyond that required by Federal Rule of Civil Procedure 33.

Subject to and without waiving the foregoing objections, CMO responds as follows:

| CMO Patents | Assignor/assignee | Addresses | Executive Date |
|---|---|---|---|
| '926 | FAN, KUO-SHU | Miao-Li Hsien, TW | N/A |
| | TING, CHIN-LUNG | Taipei, TW | N/A |
| | CHI MEI OPTOELECTRONICS CORPORATION | NO. 1, CHI-YEH ROAD TAINAN SCIENCE-BASED INDUSTRIAL PARK TAINAN COUNTY, TAIWAN 74147 | 04/15/2002 |
| '923 | HUANG, ZHONG SHOU | Mississauga, CA | N/A |
| | LITTON SYSTEMS CANADA LIMITED | 25 CITYVIEW DRIVE TORONTO, ONTARIO, CANADA M9W 5 | 04/15/1998 |
| | 1294339 ONTARIO, INC. | P.O. BOX 100, 1 FIRST CANADIAN PLAZA C/O FRASER & BEATTY TORONTO, ONTARIO, CANADA M5X 1 | 06/12/1998 |
| | WESTAIM EL CANADA INC. | 10102 - 114 STREET FORT SASKATCHEWAN, ALBERTA, CANADA T8L 3 | 06/16/1998 |
| | WESTAIM ADVANCED | FORT SASKATCHEWAN | 06/29/1998 |

| | | | |
|---|---|---|---|
| | DISPLAY TECHNOLOGIES CANADA INC. | 10102-114 STREET ALBERTA, CANADA T8L 3 | |
| | WESTAIM ADVANCED DISPLAY TECHNOLOGIES, INC. | 10102-114 STREET FORT SASKATCHEWAN, ALBERTA, CANADA | 11/05/1998 |
| | WESTAIM ADVANCED DISPLAY TECHNOLOGIES INCORPORATED | 10102-114 STREET FORT SASKATCHEWAN, ALBERTA, CANADA T8L 3 | 10/01/1999 |
| | IFIRE TECHNOLOGY INC. | 10102-114 STREET FORT SASKATCHEWAN, ALBERTA, CANADA T8L 3 | 01/31/2000 |
| | CHI MEI OPTOELECTRONICS CORPORATION | NO. 1, CHI-YEH ROAD TAINAN SCIENCE-BASED INDUSTRIAL PARK TAINAN COUNTY, TAIWAN 74147 | 07/26/2004 |
| '786 | KIMURA, YASUHIRO | Yamato, JP | N/A |
| | MATINO, HARUHIRO | Kanagawa-ken, JP | N/A |
| | INTERNATIONAL BUSINESS MACHINES CORPORATION | OLD ORCHARD ROAD ARMONK, NEW YORK 10504 | 03/25/1997 |
| | CHI MEI OPTOELECTRONICS CORPORATION | NO. 1, CHI-YEH ROAD TAINAN SCIENCE-BASED INDUSTRIAL PARK TAINAN COUNTY, TAIWAN 74147 | 03/20/2003 |
| '352 | ROCKWELL INTERNATIONAL CORPORATION | Seal Beach, CA | N/A |
| | ROCKWELL SCIENCE CENTER, INC. | 1049 CAMINO DOS RIOS THOUSAND OAKS, CALIFORNIA 91360 | 11/15/1996 |
| | ROCKWELL SCIENCE CENTER LLC | 1049 CAMINO DOS RIOS THOUSAND OAKS, CALIFORNIA 91360 | 08/27/1997 |
| | ROCKWELL TECHNOLOGIES, LLC | 1049 CAMINO DOS RIOS THOUSAND OAKS, CALIFORNIA 91360 | 03/30/2000 |
| | INNOVATIVE TECHNOLOGY LICENSING, LLC | 1049 CAMINO DOS RIOS THOUSAND OAKS, CALIFORNIA 91360 | 06/28/2001 |
| | CHI MEI OPTOELECTRONICS CORPORATION | NO. 1, CHI-YEH ROAD TAINAN SCIENCE-BASED INDUSTRIAL PARK TAINAN COUNTY, TAIWAN 74147 | 12/06/2002 |
| '179 | HSU, HSIN-YI | Tainan County, TW | N/A |
| | TSAI, SHANG-TAI | Tainan County, TW | N/A |
| | CHI MEI OPTOELECTRONICS CORPORATION | NO. 1, CHI-YEH ROAD TAINAN SCIENCE-BASED INDUSTRIAL PARK TAINAN COUNTY, TAIWAN 74147 | 08/10/2004 |
| '092 | PELKA, DAVID G. | Los Angeles, CA | N/A |

| | POPOVICH, JOHN M. | Del Mar, CA | N/A |
|---|---|---|---|
| | DOWLAND, THOMAS W., JR. | Fountain Valley, CA | N/A |
| | TELEDYNE LIGHTING AND DISPLAY PRODUCTS, INC. | 12525 DAPHNE AVENUE, 2ND FLOOR HAWTHORNE, CALIFORNIA 90250 | 06/24/1998 |
| | CHI MEI OPTOELECTRONICS CORPORATION | NO. 1, CHI-YEH ROAD TAINAN SCIENCE-BASED INDUSTRIAL PARK TAINAN COUNTY, TAIWAN 74147 | 06/27/2007 |

In addition, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, CMO refers Defendants to documents that may contain information responsive to this interrogatory: relevant assignment agreements Bates numbered CMO021576-21590. CMO will produce additional assignment agreements in its possession after complying with the confidentiality provisions therein.

**INTERROGATORY NO. 9**:

Describe in detail all communications and transactions concerning the license, transfer, or receipt of any interest in any of the CMO Patents, including without limitation the time frame, parties involved, any communications regarding royalty rates, payment, or other terms, and whether and when any parties entered into any license agreements, cross-license agreements, joint venture agreements, purchase agreements, covenants not to sue, or other agreements.

**RESPONSE TO INTERROGATORY NO. 9**:

CMO objects to this interrogatory to the extent that it calls for information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or immunities. CMO objects to this interrogatory to the extent that it calls for the production of information that CMO may not produce without the consent of third parties. To the extent the consent of any third party is necessary to produce any such information, CMO will not produce such information until it has received such consent. CMO objects to this interrogatory to the extent that it seeks confidential or proprietary information. CMO will produce confidential or proprietary information only pursuant to the Patent Rules and protective orders issued by this Court.

1834661

- 19 -

Subject to and without waiving the foregoing objections, CMO responds as follows: the chart provided in response to Interrogatory No. 8 above lists all assignments of the CMO Patents. In addition, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, CMO refers Defendants to documents that may contain information responsive to this interrogatory: relevant assignment agreements Bates numbered CMO021576-21590. CMO will produce additional assignment agreements in its possession after complying with the confidentiality provisions therein.

In addition, CMO provided its patent portfolio, including the '352 patent, to LG Display at a meeting on December 13, 2002. LG Display's attendees at the meeting were Mr. Song K. Jung of McKenna, Long & Aldridge LLP, Mr. Nathan W. McCutcheon of Morgan Lewis, and Messrs. Ho Lee, Jung Hwan Lee, and Mr. Won-Jun Choi of LG Display. CMO attendees included Dr. Robert Chen, Mr. Sean Chen, and Ms. Tina Huang. LG Display was provided patent specifications of CMO's patent portfolio, including the '352 patent, and took these specifications with them.

**INTERROGATORY NO. 10**:

Identify each person and product that CMO believes infringes any CMO Patents, including as to each the specific product Brand and Part Number, the infringed patents and claims, when and how you first learned of that infringement or potential infringement, and the names of CMO employees who learned of or investigated the alleged infringement.

**RESPONSE TO INTERROGATORY NO. 10**:

CMO objects that this interrogatory calls for information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or immunities. CMO will not produce any such information. CMO further objects that this interrogatory seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding infringement by third parties unrelated to this suit. CMO will only provide information on infringing LG Display products. CMO further objects to LG Display's definition of "Identify" as unduly burdensome, harassing, oppressive and overbroad to the extent it purports require

information beyond that required by Federal Rule of Civil Procedure 33. CMO objects to this interrogatory to the extent that it seeks confidential or proprietary information. CMO will produce confidential or proprietary information only pursuant to the Patent Rules and protective orders issued by this Court.

Subject to and without waiving the foregoing objections, CMO responds as follows:

| CMO Patents | Infringing LG Display products |
|---|---|
| '926 | LC370W01, LC550W01, LC520WU2, LC520WU1, LC470WUF, LC470WUN, LC470WXN, LC420W02, LC420WXN, LC420WXD, LC420WU1, LC420WUN, LC420WUF, LC370WX1, LC370WXN, LC370WU1, LC370WUN, LC370WUF, LC320W01, LC320WXD, LC320WXN, LC260WX2, LC230WX3 |
| '923 | LC550W01, LC470WU1, LC420W02, LC420WU1, LC370WX1, LC370WU1, LC320W01, LC260WX2, LC230WX3, LC201V02, LC171W03, LC150X02, LM300WQ3, LM300WQ5, LM260WU1, LM240WU1, LM240WU3(TN), LM230WU3, LM220WE1, LM220WE3, LM201WE2, LM201WE3(TN), LM201U05, LM190WX1, LM190E05, LM190E06, LM190E08, LM171WX3, LM170E03, LM170E02, LM150X08, LP048WV1, LP201WE1, LP171WU1, LP171WP4, LP171WP7, LP171WE2, LP154WX4, LP154WP2, LP154WP1, LP154WE2, LP154WU1, LP150X09, LP150X08, LP150E06, LP141WX3, LP141WP1, LP133WX1, LP121WX1, LH152J02, LH190Q01, LH200J02, LH200Q06-A, LH200Q04, LH220J01, LH220Q12, LH220Q13, LH240Q31, LH250Q01, LB065WQ2, LB065WQ4, LB070WQ3, LB070WQ4, LB070WV3, LB080WV4(A), LB080WV4(B), LB350Q02, LB043WQ1, LB050WQ2, LB065WQ4, LB070W02, LB070WV1, LB104V03, LB104S01, LB121S03(B), LB121S03(A), LC150X01, LB190E01, LM190E05, LB064V02, LB080WV3, LB084S01 |
| '786 | LM220WE1, LM150X08, LM170E03, LM170E02, LM190E08, LM190E06, LM171WX3, LM201WE3, LM240WU3 |

| | |
|---|---|
| '352 | LM240WU3(TN), LM220WE1, LM220WE3, LM201WE3(TN), LM190WX1, LM190E06, LM190E08, LM171WX3, LM170E03, LM170E02, LM150X08, LP048WV1, LP201WE1, LP171WU1, LP171WP7, LP171WE2, LP154WP2, LP154WP1, LP154WE2, LP154WU1, LB065WQ2, LB065WQ4, LB070WQ3, LB070WQ4, LM150X08, LM170E03, LM170E02, LM190E08, LM190E06, LM201U05, LM171WX3, LM201W01, LM201WE3, LM220WE1, LM240WU1, LM240WU3, LM260WU1, LM260WU2, LM300WO3, LM300W05, LP154WP1, LP154WP2, LP154WU1, LP171WP4, LP171WP7, LP171WU3, LP171WU5, LP201WE1, LB064V02, LB070WQ3, LB070WV1, LB080WV4(A), LB080WV4(B), LB084S01, LB104S01, LB121S03, LB150X01, LB170X01, LH200Q30, LH240Q29, LH240V01, LH280WQ1, LH280WV1, LH300WV1, LH350V01, LB043WQ1, LB043WV1, LB050W02, LB084S02 |
| '179 | LC320W01, LC420WX5, LD420WUB, LD470WUN, LM170E03, LM170E02, LM190E08, LM190E06, LM201U05, LM171WX3, LM201W01, LM201WE3, LM220WE1, LM240WU1, LM240WU3, LM260WU1, LM260WU2, LM300WO3, LM300W05, LP171WP4, LP171WP7, LP171WU3, LP171WU5, LP201WE1, LB170X01, LB190E01, LB208T01, LC550W01, LC470WU1, LC420W02, LC420WU1, LC370WX1, LC370WU1, LC320W01, LC260WX2, LC230WX3, LC201V02, LC171W03, LM300WQ3, LM300WQ5, LM260WU1, LM240WU1, LM240WU3(TN), LM230WU3, LM220WE1, LM220WE3, LM201WE2, LM201WE3(TN), LM201U05, LM190WX1, LM190E05, LM190E06, LM190E08, LM171WX3, LM170E03, LM170E02, LP201WE1, LP171WU1, LP171WP4, LP171WP7, LP171WE2, LB190E01, LM190E05 |
| '092 | LP133WX2, LP154WP2, LP171WU5, LH152J02, LH190Q01, LH200J02, LH200J04, LH200Q06-A, LH200Q04, LH200Q30, LH220J01, LH220Q12, LH220Q13, LH240Q29, LH240Q31, LH240V01, LH250Q01, LH260WQ1, LH280WQ1, LH280WV1, LH300WQ1, LH300WV1, LH350V01, LB060S01, LB065WQ2, LB065WQ4, LB070WQ3, LB070WQ4, LB070WV3, LB080WV4(A), LB080WV4(B), LB350Q02, LB043WQ1, LB043WV1, LB050WQ2, LB065WQ4, LB070W02, LB070WV1, LB064V02, LB080WV3, LB084S01, LB084S02, LB104S01 |

- 22 -

**INTERROGATORY NO. 11**:

State the date that CMO first became aware of each of the LG.Philips Patents and describe in detail the circumstances surrounding your first knowledge of each of the LG.Philips Patents, including, but not limited to, identifying the person employed by you who first learned of each of the LG.Philips Patents and from what source, explaining the manner in which that person learned of the patent and identifying all documents concerning when and how you learned of the patents.

**RESPONSE TO INTERROGATORY NO. 11**:

CMO objects that this interrogatory calls for information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or immunities. CMO further objects to LG Display's definition of "Identify" as unduly burdensome, harassing, oppressive and overbroad to the extent it purports to require information beyond that required by Federal Rule of Civil Procedure 33. CMO also objects to LG Display's definition of "State" as unduly burdensome, harassing, oppressive and overbroad to the extent that it purports to impose duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules and Patent Rules, or any order or ruling by the Court in this action, and as making each and every interrogatory in which it appears compound in an attempt to evade the limits on the number of interrogatories in the Court's Discovery Order. Throughout these responses, CMO will define "State" according to its plain English meaning.

Subject to and without waiving the foregoing objections, CMO responds as follows:

CMO first became aware of the '274 Patent from a meeting with LG Display in Taiwan on March 16, 2001, at which LPL provided CMO with an infringement claim chart of the '274 patent. CMO's attendees at this meeting included Ms. Tina Huang and Mr. Cheng-Tai Chang. CMO first became aware of the '321 Patent and '489 Patent from a counterclaim in Case No. 07-357 in the District of Delaware, on June 11, 2007. CMO first became aware of '984 Patent, and '374 Patent from LG Display's August 8, 2007 First Amended Answer and Amended and Additional Counterclaims in Case No. 07-726 in the District of Delaware.

**INTERROGATORY NO. 12**:

State the dates that CMO first informed LG.Philips of each of the CMO Patents, including how, when, and where LG.Philips was informed of each patent and by whom, including by correspondence, marking, or otherwise, identify each document from CMO to LG.Philips that refers to any CMO Patents and state the first date that CMO alleges that damages against LG.Philips and LPLA began to accrue for each of the CMO Patents.

**RESPONSE TO INTERROGATORY NO. 12**:

CMO objects to this interrogatory to the extent that it calls for information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or immunities. CMO further objects to LG Display's definition of "Identify" as unduly burdensome, harassing, oppressive and overbroad to the extent it purports require information beyond that required by Federal Rule of Civil Procedure 33. CMO also objects to LG Display's definition of "State" as unduly burdensome, harassing, oppressive and overbroad to the extent that it purports to impose duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules and Patent Rules, or any order or ruling by the Court in this action, and as making each and every interrogatory in which it appears compound in an attempt to evade the limits on the number of interrogatories in the Court's Discovery Order. Throughout these responses, CMO will define "State" according to its plain English meaning. CMO objects that LG Display's inquiry regarding the date upon which damages began to accrue for each CMO Patent is premature, as damages disclosures are not due under the Court's Discovery Order until May 18, 2009.

Subject to and without waiving the foregoing objections, CMO responds as follows:

CMO informed LG Display of the '926, '923, and '786 patents in CMO's May 4, 2007 Complaint for Patent Infringement. CMO informed LG Display of the '092 and '179 patents in CMO's October 9, 2007 Reply to LG Display's Counterclaims. CMO provided the patent specifications for the '352 Patent to LG Display at a meeting on December 13, 2002. LG Display's attendees at the meeting were Mr. Song K. Jung of McKenna, Long & Aldridge LLP, Mr. Nathan W. McCutcheon of Morgan Lewis, and Messrs. Ho Lee, Jung Hwan Lee, and Mr.

Won-Jun Choi of LG Display. CMO attendees included Dr. Robert Chen, Mr. Sean Chen, and Ms. Tina Huang. At this meeting CMO raised the issue of LPL products possibly infringing the '352 patent.

**INTERROGATORY NO. 13**:

Identify each investigation concerning the LG.Philips Patents undertaken by or for CMO (including, for example, prior art searches, tests, reverse engineering or analysis related to patent scope, validity, and infringement) and describe in detail each such investigation, including the date(s), the person(s) involved, the scope of the investigation, information gathered, the results and conclusions of the investigation, and identify all documents used or created concerning the investigation.

**RESPONSE TO INTERROGATORY NO. 13**:

CMO objects that this interrogatory calls for information protected by the attorney-client privilege and attorney work-product doctrine. CMO further objects that this interrogatory is premature as the deadline for compliance with Local Patent Rule 3-7 is May 25, 2009. CMO objects to LG Display's definition of "Identify" as unduly burdensome, harassing, oppressive and overbroad to the extent it purports to require information beyond that required by Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 14**:

State with specificity the entire factual basis for each of your affirmative defenses, including stating all facts relevant to each defense, identifying all documents relevant to each defense, and identifying all persons with information or knowledge relevant to each defense, summarizing each person's knowledge.

**RESPONSE TO INTERROGATORY NO. 14**:

CMO objects to this interrogatory to the extent that it calls for information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or immunities. CMO further objects to LG Display's definition of "Identify" as unduly burdensome, harassing, oppressive and overbroad to the extent it purports to require information beyond that required by Federal Rule of Civil Procedure 33. CMO also objects to LG Display's

definition of "State" as unduly burdensome, harassing, oppressive and overbroad to the extent that it purports to impose duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules and Patent Rules, or any order or ruling by the Court in this action, and as making each and every interrogatory in which it appears compound in an attempt to evade the limits on the number of interrogatories in the Court's Discovery Order. Throughout these responses, CMO will define "State" according to its plain English meaning. CMO objects to LG Display's demand that CMO summarize each identified person's knowledge as being improper under Federal Rule of Civil Procedure 33 and representing an attempt to obtain a deposition by written question pursuant to Federal Rule of Civil Procedure 31 without proper service. CMO further objects that this interrogatory is compound in the extreme, and seeks to evade the limit on the number of interrogatories in the Court's Discovery Order. CMO will treat its response in regard to each affirmative defense as a separate subpart of this interrogatory, and count each subpart against the discovery limits in the Court's Discovery Order, pursuant to Federal Rule of Civil Procedure 33(a)(1) (limit on number of interrogatories "include[es] all discrete subparts."). CMO objects that the interrogatory is premature as it seeks information concerning patent claims and claim terms that have not yet been construed by the Court. Nevertheless, subject to and without waiving the foregoing objections, CMO provides the following preliminary responses:

**Response to Interrogatory 14a,** regarding CMO's First Affirmative Defense (LG Display has failed to state a claim for which relief can be granted).

LG Display has failed to state a claim for which relief can be granted for the reasons described in the responses to subparts 14b-14g below, and CMO's response to Interrogatory No. 6 above, all of which are incorporated into the response by reference.

**Response to Interrogatory 14b,** regarding CMO's Second Affirmative Defense (Counterdefendants do not infringe and have not infringed any claims of the '274 Patent, the '321 Patent, the '489 Patent, the '984 Patent, or the '374 Patent (collectively "the LG Display Patents"), either literally or under the doctrine of equivalents).

CMO has stated the defense of non-infringement against LG Display's counterclaims of direct and indirect infringement of LG Display Patents. *See* CMO's October 9, 2007 Reply to

LPL's Counterclaims ("CMO Reply"). Further, in CMO's response to Interrogatory No. 6 above, CMO has preliminarily listed the claim elements of LG Display's Patents absent as to all CMO Products. CMO incorporates herein by reference its Reply and all defenses asserted therein and its response to Interrogatory No. 6.

Mr. Chia-Chi Ho is likely to have information supportive of CMO's non-infringement defenses, including information regarding the structure of TFT substrate of the LCD products identified in LG Display's infringement contentions, the processes and materials used during the manufacture of TFT substrate, and sources of these materials.

Mr. Man-Hsing Hsu is also likely to have information supportive of CMO's non-infringement defenses, including information regarding the cell assembly processes of the LCD products identified in LG Display's infringement contentions, the materials used during these processes, and sources of these materials.

**Response to Interrogatory 14c,** regarding CMO's Third Affirmative Defense (The claims of the LG Display Patents are invalid for failing to comply with one or more provisions of the Patent Laws of the United States of America, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112).

CMO has stated defenses of invalidity against LG Display's counterclaims of direct and indirect infringement of the LG Display Patents. *See* CMO Reply. Pursuant to Local Patent Rule 3-3, CMO has detailed the legal and factual bases for its invalidity defenses in its December 27, 2007 Preliminary Invalidity Contentions ("December 27, 2007 Disclosures"). CMO incorporates herein by reference its Reply and all defenses asserted therein and its December 27, 2007 Disclosures.

**Response to Interrogatory 14d,** regarding CMO's Fourth Affirmative Defense (Counterdefendants have not directly or indirectly contributed to infringement of, nor induced another to infringe, the LG Display Patents).

CMO has stated the defense of non-infringement against LG Display's counterclaims of direct and indirect infringement of the LG Display Patents. *See* CMO Reply. CMO has further preliminarily listed the claim elements absent as to all CMO Products in CMO's response to

Interrogatory No. 6 above. CMO incorporates herein by reference its Reply and all defenses asserted therein and its response to Interrogatory No. 6. Moreover, LG Display cannot show indirect infringement by CMO because it cannot show the necessary element of intent.

**Response to Interrogatory 14e,** regarding CMO's Fifth Affirmative Defense (On information and belief, LG Display has failed properly to mark commercial embodiments of its patented products in accordance with 35 U.S.C. § 287, and therefore is precluded from recovering damages pursuant to Section 287).

LG Display is precluded from recovering damages for the period prior to its assertion of its counterclaims in the present litigation, because LG Display failed to mark commercial embodiments of its patented products in accordance with 35 U.S.C. Section 287. In LG Display's November 7, 2007 Disclosure of Asserted Claims and Infringement Contentions, LG Display listed numerous LG Display products practicing the LG Display Patents. Many of these products are not properly marked, and LG Display has therefore failed to mark substantially all of its products with the patents–in-suit. For example:

LG Display's initial disclosures list LG Display model LM220WE1 as practicing LG Display patents '321, '984, and '374, but this product is not marked with these patents;

LG Display's initial disclosures list LG Display model LM170E01 as practicing LG Display patents '984 and '374, but this product is not marked with these patents;

LG Display's initial disclosures list LG Display model LP154WP2 as practicing LG Display patents '274, '321, '489, 984, and '374, but this product is not marked with these patents.

LG Display's initial disclosures list LG Display model LC370W01 as practicing LG Display patents '274, '321, '489, 984, and '374, but this product is not marked with these patents.

LG Display's initial disclosures list LG Display model LM201U04 as practicing LG Display patents '274, '321, '489, 984, and '374, but this product is not marked with these patents.

**Response to Interrogatory 14f,** regarding CMO's Sixth Affirmative Defense (LG Display's claims for relief are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and acquiescence).

LG Display's '274 Patent issued May 18, 1999. LG Display did not assert this patent against CMO until over six years later, in a counterclaim in Case No. 07-357-UNA in the District of Delaware, on June 11, 2007. Furthermore, at a meeting on March 16, 2001, LPL provided CMO with an infringement claim chart of the '274 patent. Thereafter, while LG Display filed patent claims against multiple other parties in September 2002, LG Display did not file suit against CMO on any patent until December 2006, and waited until June 2007 to file suit on the '274 patent or any of the other LG Display Patents.

**Response to Interrogatory 14g,** regarding CMO's Seventh Affirmative Defense (LG Display is not entitled to injunctive relief because, among other things, any injury to it is not immediate or irreparable, and LG Display has an adequate remedy at law).

CMO has not and does not directly or indirectly infringe the LG Display Patents. Moreover, the infringement of the LG Display Patents alleged in this action would not, even if said infringement existed, represent irreparable harm to LG Display, as is shown by the fact that, despite meeting with LG Display regarding the '274 patent and certain other of LG Display's patents on March 16, 2001 and December 13, 2002, it was not until June 11, 2007 that LG Display asserted against CMO the '274 patent, along with the '321 and '489 patents, in Case No. 07-357 in the District of Delaware. LG Display did not assert the '374 and '984 patents until August 8, 2007, in Case No. 06-726 in the District of Delaware. All of these patents were asserted as counterclaims after litigation between LG Display and CMO was already underway. That the infringement of the LG Display Patents alleged by in this action would not, if it existed, represent irreparable harm to LG Display is further shown by the fact that LG Display has not requested a preliminary injunction against this alleged infringement in either this or the Delaware action.

## INTERROGATORY NO. 15:

As to each CMO Patent for which you contend there are secondary considerations that tend to show the CMO Patents to be non-obvious (for example, long-felt need, commercial success, copying, etc.), state with specificity the entire factual basis for such a contention,

including, but not limited to, identifying as to each patent all relevant secondary considerations, all facts and documents relevant to each consideration, and persons with relevant knowledge.

## RESPONSE TO INTERROGATORY NO. 15:

CMO objects to this interrogatory to the extent that it calls for information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or immunities. CMO further objects to LG Display's definition of "identify" as unduly burdensome, harassing, oppressive and overbroad to the extent it purports require information beyond that required by Federal Rule of Civil Procedure 33. CMO also objects to LG Display's definition of "State" as unduly burdensome, harassing, oppressive and overbroad to the extent that it purports to impose duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules and Patent Rules, or any order or ruling by the Court in this action, and as making each and every interrogatory in which it appears compound in an attempt to evade the limits on the number of interrogatories in the Court's Discovery Order. Throughout these responses, CMO will define "State" according to its plain English meaning.

Subject to and without waiving the above objections, CMO responds that there are secondary considerations of non-obviousness, including:

| CMO Patents | Secondary Consideration |
|---|---|
| '926 | Col. 2, line 7-11 in '926: "existing technology is implemented in such a way that the control elements are installed between reflecting plate and lower frame, so that the thickness of the LCD apparatus is increased, which causes inconveniences in using and installing." |
| '923 | Col. 2, line 10-17 in '923: "Although the above ESD damage protection circuit is widely used, once the shorting bars have been removed, to ESD damage protection remains. This poses problems since ESD damage often occurs during testing of the TFT switches and during bonding of the gate and source lines to peripheral equipment. This is in view of the fact that at this stage, the TFT switch array is handled by individuals and contacted with electronic measuring equipment." |

| | |
|---|---|
| '786 | Col. 2, line 51-57 in '786: "That is, in accordance with the offset voltage method, correction is carried out by applying a uniform offset voltage for all applied voltages, and thus the correction cannot be effectively performed unless the gradients of the curves showing the transmissivity/applied voltage characteristics are the same over the whole applied voltage range." |
| '352 | Col. 10, lines 17-25 in '352: "The intuitive approach to compensator development has been that like compensatates like, i. e., compensators should have similar or complementary optical symmetries to the liquid crystal layers they are intended to compensate. Based on this idea and the analysis in the above paragraghs it was decided to investigate splayed and twisted O-plate structures with the idea that they could be substituted into the existing O-plate configurations described above with resulting improved performance." |
| '179 | Col. 1, line 56 to col. 2, line 5: "However, the usage amount of the sealant for forming this overlapping segment is generally more than that for forming other parts. Besides, at the beginning of applying the sealant, the applied amount of the sealant is not easily controlled resulting in that the applied amount of the initial end being too large. Therefore, after dispensing the liquid crystal material and superposing the two substrates, the shape of the initial end of the sealant is usually larger than its predetermined size and thus overlapped by a light-shielding matrix of the substrate. Consequently, in the step of curing the sealing member by radiation (e.g. ultraviolet), the part of the sealant covered (overlapped) by the light-shielding matrix will not be completely cured due to not obtaining rays from the radiation. Further, the incured part of the sealant will react with the liquid crystal material and thus adversely affect the performance of the liquid crystal material." |
| '092 | Col. 1, line 19-23: "However, in prior art, the intensity of the light from the light sources tends to decrease as the distance from the light source increases, thereby causing undesirable bright spots along the periphery of the display where the light sources are mounted."<br>Col. 1, line 27-34, "Solid state point light sources, such as LEDs, are relatively bright, but have relatively small thermal mass which causes a relatively high amount of heat build-up. Such heat build-up can cause the level of light output of the LEDs to significantly decrease over time after the LED is initially energized. Consequently, the brightness of the illumination is degraded." |

Date:  April 28, 2008

By:  /s/ Adam Hoffman

Adam Hoffman

Melissa R. Smith
LEAD ATTORNEY
State Bar No. 24001351
Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Of Counsel:*

Jonathan S. Kagan (Pro Hac Vice)
Alexander C.D. Giza (Pro Hac Vice)
Adam Hoffman (Pro Hac Vice)
E-mail:  agiza@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

**ATTORNEYS FOR PLAINTIFF,
CHI MEI OPTOELECTRONICS
CORPORATION**

1834661

- 32 -

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On April 28, 2008, I served the foregoing document described as **PLAINTIFF CHI MEI OPTOELECTRONICS CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANT LG DISPLAY CO., LTD'S FIRST SET OF INTERROGATORIES** on:

> R. Tyler Goodwyn, Esq.
> Lora Brzezynski, Esq.
> Gaspare J. Bono, Esq.
> Cass Christenson, Esq.
> McKenna Long & Aldridge
> 1900 K Street, NW
> Washington, DC 20006-1108
>
> Jennifer Parker Ainsworth
> jainsworth@wilsonlawfirm.com

[X]　　(BY ELECTRONIC MAIL) I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es), as stated on the attached service list, and the transmission was reported as complete and no error was reported.

Executed on April 28, 2008, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Adam Hoffman (ahoffman@irell.com) | /s/ Adam Hoffman |
|---|---|
| (Type or print name) | (Signature) |

# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CHI MEI OPTOELECTRONICS<br>CORPORATION and CHI MEI<br>OPTOELECTRONICS USA, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LG DISPLAY CO., LTD. and<br>LG DISPLAY AMERICA, INC.,<br><br>    Defendants. | Civil Action No. 08-355 (JJF) |

### LG DISPLAY CO. LTD.'S OBJECTIONS AND RESPONSE TO CHI MEI OPTOELECTRONICS USA, INC.'S FIRST SET OF INTERROGATORIES (NO. 1)

Defendant LG Display Co., Ltd. ("LG Display") objects and responds as follows to Plaintiff Chi Mei Optoelectronic USA, Inc.'s ("CMO USA") First Set of Interrogatories (No. 1) ("CMO USA's First Set of Interrogatories" and "Interrogatories").

### PRELIMINARY STATEMENT

1.    The Court has not entered any separate Scheduling Order in this case, C.A. No. 08-355. CMO has moved to consolidate this action with the pending related case, C.A. No. 06-726-JJF, including with respect to discovery. To the extent that CMO USA propounds this discovery for use in the consolidated action, the Scheduling Order in that action (C.A. No. 06-726) applies. To the extent that CMO USA seeks discovery to be used in C.A. No. 08-355 if consolidation is denied, then CMO's discovery requests are premature.

2.    In providing these Responses, LG Display does not waive any objections or claims of privilege.

## GENERAL OBJECTIONS

These General Objections apply to each Interrogatory and therefore are incorporated into each Answer.

1.    In responding to the Interrogatories, LG Display will comply to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware (collectively, "the Rules") and therefore objects to the Interrogatories—including their "Definitions of Terms and Instructions"—to the extent they seek to impose obligations not in the Rules.

2.    LG Display objects to the Interrogatories to the extent they seek information not relevant to any claims or defenses.

3.    LG Display objects to the Interrogatories to the extent they call for the identification of "all" or "each" fact, document, or person as being overly broad and unduly burdensome.

4.    LG Display objects to the Interrogatories to the extent they seek discovery of information protected by the attorney-client privilege, attorney work-product doctrine, the joint defense or common interest privilege, or any other applicable privilege. LG Display will not disclose any such information. Any inadvertent disclosure or inadvertent identification or production of any document shall not constitute the waiver of any applicable privilege.

5.    LG Display objects to the Interrogatories to the extent they seek discovery of trade secrets or other confidential research, development, or commercial information. LG Display will only produce such information in accordance with the protective order to be entered in this case.

6.    LG Display objects to the Interrogatories to the extent they seek discovery of third-party information from LG Display and/or LG Display America that is subject to a

2

confidentiality agreement or is proprietary/confidential to that third party. If LG Display possesses any such responsive information, LG Display shall attempt to obtain the consent of the third party prior to disclosure. If LG Display cannot obtain such consent, LG Display will not disclose the information.

7.    LG Display objects to the Interrogatories to the extent they seek information (1) not possessed by LG Display; (2) possessed by the CMO Defendants; (3) in the public domain; and/or (4) more easily obtainable from other sources by the exercise of ordinary due diligence.

8.    LG Display objects to the Interrogatories to the extent they seek information related to any LG Display product in or under development. Such information is neither relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence.

9.    LG Display objects to the Interrogatories, and the Definitions, to the extent that they include, or seek information regarding, a time period or products not relevant or reasonably calculated to lead to discovery of admissible evidence.

10.    LG Display objects to Definition 1 of "LG Display," "you," and "your" as overly broad and ambiguous. For purposes of these Answers, LG Display will construe these terms to mean LG Display Co., Ltd., formerly known as LG.Philips LCD Co., Ltd.

11.    LG Display objects to Definition 2 of "LGDA" as overly broad and ambiguous. For purposes of these Answers, LG Display will construe this term to mean LG Display America, Inc. ("LG Display America"), formerly known as LG.Philips LCD America, Inc.

12.    LG Display objects to Definition 14 of "Communication" to the extent it is inconsistent with (1) any agreements reached by the parties and/or (2) the provisions of the protective order to be entered in this case.

13.    LG Display objects to Definition 17 of "Document" to the extent it is inconsistent with (1) any agreements reached by the parties, (2) the protective order to be entered in this case, and/or (3) the Federal Rules of Civil Procedure.

14.    LG Display objects to Definition No. 22 of "Prior Art" as overly broad and ambiguous.

15.    LG Display objects to Definition 25 of "Foreign Counterparts of the LGD Patents" as overly broad and ambiguous.

16.    LG Display objects to Instructions 27-34 to the extent they purport to impose burdens or procedures not required by the Rules.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

State with specificity the entire factual basis for each of the affirmative defenses asserted in your two August 13, 2007 answers to the complaint filed and served upon you in *Chi Mei Optoelectronics Corp. v. LG.Philips LCD Co, Ltd.*, 2:07cv176-TJW (E.D. Tex.), including stating all facts relevant to each defense, identifying all documents relevant to each defense, and identifying all persons with information or knowledge relevant to each defense, summarizing each person's knowledge.

**Response to Interrogatory No. 1:**

In addition to its General Objections, LG Display objects to this Interrogatory as premature to the extent that it seeks information that LG Display may rely on to support its contentions, including because further discovery would be needed. LG Display further objects to this Interrogatory to the extent that it seeks information that is protected by either the attorney-client privilege and/or work product immunity.

4

LG Display objects to purported Interrogatory No. 1 because CMO has moved to consolidate this case with a pending case (C.A. No. 06-726), and CMO USA already has served more than the maximum of thirty interrogatories allowed under the Court's Scheduling Order in the consolidated action (C.A. No. 06-726). In addition, this Interrogatory is untimely under the Scheduling Order in C.A. No. 06-726, with which CMO is seeking to consolidate this case, as contention interrogatories were required to be served by May 28, 2008. CMO has moved to consolidate this action with Case No. 06-726, and CMO's request to modify the Scheduling Order in that case is opposed by LG Display and has not been ruled on by the Court. If the Court's consolidation of this action and C.A. 06-726 includes a modification of the Scheduling Order that requires a further response by LG Display, then LG Display will respond to this Interrogatory accordingly.

In addition, to the extent that consolidation is denied or this interrogatory otherwise is not subject to the Scheduling Order in Case No. 06-726, then LG Display objects on the ground that this Interrogatory is premature. *See* Fed. R. Civ. P. 33(a) (prohibiting service of interrogatories before the time specified in Rule 26(d); Fed. R. Civ. P. 26(d) (specifying that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). There is no Scheduling Order entered by the Court in C.A. No. 08-355.

July 28, 2008

BAYARD, P.A.

/s/ Richard D. Kirk (rk0922)

OF COUNSEL:

Richard D. Kirk
Ashley B. Stitzer

Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
R. Tyler Goodwyn, IV
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000

*Attorneys for Defendans LG Display Co., Ltd. and
LG Display America, Inc.*

6

# EXHIBIT 6

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION and CHI MEI OPTOELECTRONICS USA, INC., | |
| Plaintiffs, | |
| v. | Civil Action No. 08-355 (JJF) |
| LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., | |
| Defendants. | |

## LG DISPLAY CO. LTD.'S RESPONSES TO
## CHI MEI OPTOELECTRONICS USA, INC.'S
## SECOND SET OF INTERROGATORIES (NOS. 2-3)

LG Display Co., Ltd. ("LG Display") responds as follows to Plaintiff Chi Mei Optoelectronic USA, Inc.'s ("CMO USA") Second Set of Interrogatories (Nos. 2-3) ("CMO USA's Second Set of Interrogatories" and "Interrogatories").

### PRELIMINARY STATEMENT

1.    The Court has not entered any separate Scheduling Order in this case, C.A. No. 08-355. CMO has moved to consolidate this action with the pending related case, C.A. No. 06-726-JJF, including with respect to discovery. To the extent that CMO USA propounds this discovery for use in the consolidated action, the Scheduling Order in that action (C.A. No. 06-726) applies. To the extent that CMO USA seeks discovery to be used in C.A. No. 08-355 if consolidation is denied, then CMO's discovery requests are premature.

2.    In providing these Responses, LG Display does not waive any objections or claims of privilege.

## GENERAL OBJECTIONS

These General Objections apply to each Interrogatory and therefore are incorporated into each Answer.

1.      In responding to the Interrogatories, LG Display will comply to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware (collectively, "the Rules") and therefore objects to the Interrogatories -- including their "Definitions of Terms and Instructions" -- to the extent they seek to impose obligations not in the Rules.

2.      LG Display objects to the Interrogatories to the extent they seek information not relevant to any claims or defenses.

3.      LG Display objects to the Interrogatories to the extent they call for the identification of "all" or "each" fact, document, or person as being overly broad and unduly burdensome.

4.      LG Display objects to the Interrogatories to the extent they seek discovery of information protected by the attorney-client privilege, attorney work-product doctrine, the joint defense or common interest privilege, or any other applicable privilege. LG Display will not disclose any such information. Any inadvertent disclosure or inadvertent identification or production of any document shall not constitute the waiver of any applicable privilege.

5.      LG Display objects to the Interrogatories to the extent they seek discovery of trade secrets or other confidential research, development, or commercial information. LG Display will only produce such information in accordance with the protective order to be entered in this case.

6.      LG Display objects to the Interrogatories to the extent they seek discovery of third-party information from LG Display and/or LG Display America that is subject to a

{BAY:01093955v1}

2

confidentiality agreement or is proprietary/confidential to that third party. If LG Display possesses any such responsive information, LG Display shall attempt to obtain the consent of the third party prior to disclosure. If LG Display cannot obtain such consent, LG Display will not disclose the information.

7.    LG Display objects to the Interrogatories to the extent they seek information (1) not possessed by LG Display; (2) possessed by the CMO Defendants; (3) in the public domain; and/or (4) more easily obtainable from other sources by the exercise of ordinary due diligence.

8.    LG Display objects to the Interrogatories to the extent they seek information related to any LG Display product in or under development. Such information is neither relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence.

9.    LG Display objects to the Interrogatories, and the Definitions, to the extent that they include, or seek information regarding, a time period or products not relevant or reasonably calculated to lead to discovery of admissible evidence.

10.    LG Display objects to Definition 1 of "LG Display," "you," and "your" as overly broad and ambiguous. For purposes of these Answers, LG Display will construe these terms to mean LG Display Co., Ltd., formerly known as LG.Philips LCD Co., Ltd.

11.    LG Display objects to Definition 2 of "LGDA" as overly broad and ambiguous. For purposes of these Answers, LG Display will construe this term to mean LG Display America, Inc. ("LG Display America"), formerly known as LG.Philips LCD America, Inc.

12.    LG Display objects to Definition 12 of "Communication" to the extent it is inconsistent with (1) any agreements reached by the parties and/or (2) the provisions of the protective order to be entered in this case.

13.    LG Display objects to Definition 15 of "Document" to the extent it is inconsistent with (1) any agreements reached by the parties, (2) the protective order to be entered in this case, and/or (3) the Federal Rules of Civil Procedure.

14.    LG Display objects to Instructions 20-26 to the extent they purport to impose burdens or procedures not required by the Rules.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 2:**

Describe with specificity any tests, including any tests relating to double layered gates, performed relating to U.S. Patent Nos., 5,905,274; 6,815,321; 7,176,489; or any related patents.

**Response to Interrogatory No. 2:**

In addition to its General Objections, LG Display objects to this Interrogatory as vague and ambiguous with respect to what type of testing is addressed and which if any patents are "related patents". LG Display further objects to this Interrogatory to the extent that it seeks information that is protected by either the attorney-client privilege and/or work product immunity.

LG Display objects to purported Interrogatory No. 2 because CMO has moved to consolidate this case with a pending case (C.A. No. 06-726), and CMO USA already has served more than the maximum of thirty interrogatories allowed under the Court's Scheduling Order in the consolidated action (C.A. No. 06-726). In addition, this Interrogatory is untimely under the Scheduling Order in C.A. No. 06-726, with which CMO is seeking to consolidate this case, as contention interrogatories were required to be served by May 28, 2008. CMO has moved to consolidate this action with Case No. 06-726, and CMO's request to modify the Scheduling Order in that case is opposed by LG Display and has not been ruled on by the Court. If the Court's consolidation of this action and C.A. 06-726 includes a modification of the Scheduling

{BAY:01093955v1}

4

Order that requires a further response by LG Display, then LG Display will respond to this Interrogatory accordingly.

In addition, to the extent that consolidation is denied or this interrogatory otherwise is not subject to the Scheduling Order in Case No. 06-726, then LG Display objects on the ground that this Interrogatory is premature. *See* Fed. R. Civ. P. 33(a) (prohibiting service of interrogatories before the time specified in Rule 26(d); Fed. R. Civ. P. 26(d) (specifying that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). There is no Scheduling Order entered by the Court in C.A. No. 08-355.

**Interrogatory No. 3:**

For each integrated circuit device, optical film (including polarizers and compensators), backlight assembly, lamp assembly, and LED device (including LED housings) used in LGD's Products, identify for each part:  the LGD part number, the suppliers, the suppliers' part numbers and contact information, and the product numbers of all the LGD Products that incorporate the part.

**Response to Interrogatory No. 3**

In addition to its General Objections, LG Display objects to this Interrogatory as vague and ambiguous with respect to which LGD Products and component parts are the subject of the requested information.  LG Display further objects to this Interrogatory as overly broad and unduly burdensome, including because it seeks discovery regarding products and parts that are not relevant to any claim or defense, and such discovery is not reasonably calculated to lead to discovery of admissible evidence.  Compiling all of the requested information would require substantial effort and expense that outweighs any relevance or benefit and is contrary to Fed. R. Civ. P. 26(b)(2)(C)(iii).  LG Display further objects to this Interrogatory to the extent that it seeks information that is protected by either the attorney-client privilege and/or work product

{BAY:01093955v1}

5

immunity. LG Display also objects to purported Interrogatory No. 3 because CMO has moved to consolidate this case with a pending case (C.A. No. 06-726), and CMO USA already has served more than the maximum of thirty interrogatories allowed under the Court's Scheduling Order in the consolidated action (C.A. No. 06-726). In addition, this Interrogatory is untimely under the Scheduling Order in C.A. No. 06-726, with which CMO is seeking to consolidate this case, as contention interrogatories were required to be served by May 28, 2008. CMO has moved to consolidate this action with Case No. 06-726, and CMO's request to modify the Scheduling Order in that case is opposed by LG Display and has not been ruled on by the Court. If the Court's consolidation of this action and C.A. 06-726 includes a modification of the Scheduling Order that requires a further response by LG Display, then LG Display will respond to this Interrogatory accordingly.

In addition, to the extent that consolidation is denied or this interrogatory otherwise is not subject to the Scheduling Order in Case No. 06-726, then LG Display objects on the ground that this Interrogatory is premature. *See* Fed. R. Civ. P. 33(a) (prohibiting service of interrogatories before the time specified in Rule 26(d); Fed. R. Civ. P. 26(d) (specifying that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). There is no Scheduling Order entered by the Court in C.A. No. 08-355.

AS TO OBJECTIONS ONLY:

                                    BAYARD P.A.

OF COUNSEL:                         /s/ Stephen B. Brauerman (sb4952)
                                    Richard D. Kirk (rk0922)
Gaspare J. Bono                     Ashley B. Stitzer (as3891)
Matthew T. Bailey                   Stephen B. Brauerman (sb4952)
Lora A. Brzezynski                  222 Delaware Avenue, 9th Floor
Cass W. Christenson                 P.O. Box 25130
R. Tyler Goodwyn, IV                Wilmington, DE  19899-5130
McKenna Long & Aldridge LLP         (302) 655-5000
1900 K Street, N.W.
Washington, D.C.  20006             *Attorneys for Plaintiffs LG Display Co., Ltd. and*
(202) 496-7500                      *LG Display America, Inc.*


Dated: August 4, 2008

# EXHIBIT 7

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

August 5, 2008

**VIA E-MAIL**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
lbrzezynski@mckennalong.com

Re:    *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726,
       08-355 (D. Del.)
       *Chi Mei Optoelectronics Corp. v. LG Display Co., Ltd.*, CV No. 08-355
       (D. Del.)

Dear Lora:

I write regarding your refusal during our meet and confer today to discuss LGD's refusal to respond to the interrogatories CMO served in the case transferred from Texas (08-355). The basis for your refusal was lack of notice. At the same time, you insisted that CMO discuss issues regarding CMO's responses to LGD's Interrogatories, despite that LGD had not noticed any CMO Interrogatories for discussion during the meet and confer. Your refusal to discuss any aspect of LGD's improper objections is not well taken.

In response to each of CMO's 08-355 Interrogatories Nos. 1–3, LGD claims that, despite that the parties conferenced pursuant to Rule 26(f) prior to the case's transfer, the parties must do so again, and LGD refused to provide any substantive responses to CMO's interrogatories. CMO requests that LGD immediately withdraw that objection and provide substantive responses.

As you requested, CMO agreed to provide LGD until tomorrow at 10:00 a.m. PDT to reconsider its position. Unless LGD withdraws by that time its objection that the parties must again conference pursuant to Rule 26(f) and agrees to provide substantive responses to CMO's interrogatories within five days, CMO will seek relief from the Court. If we do not

1909307

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
August 5, 2008
Page 2

receive confirmation that LGD withdraws its objection and agrees to provide substantive responses by 10:00 a.m. PDT tomorrow, we will assume that LGD maintains its objection.

Very truly yours,

Thomas C. Werner

cc:     Christian Platt, Esq. (christianplatt@paulhastings.com)
        Brian Range, Esq. (brange@wsgr.com)

1909307

# EXHIBIT 8

From: Deborah_Krett@ded.uscourts.gov <Deborah_Krett@ded.uscourts.gov>
To: Richard Kirk <RKirk@bayardlaw.com>; Rovner, Philip A.
Cc: Pascale, Karen <kpascale@ycst.com>
Sent: Tue Aug 12 14:20:46 2008
Subject: Re: LG Display Co. Ltd. v. Chi Mei Optoelectronics, C.A.
No. 06-726 and 07-357-JJF, and Chi Mei Optoelectronics v. LG Display
Co., Ltd., et al., C.A. No. 08-355-JFF

Dear Counsel:

The dispute outlined in your emails, to the Court dated August 6, 2008 and August 7, 2008,
is subject to the Court's motion day practice as the Court finds that the dispute is not an
"Emergency."

Deborah L. Krett
Case Manager for
The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
(302) 573-6168