IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION and CHI MEI OPTOELECTRONICS USA, INC., | ) ) ) ) | Civil Action No. 08-355 (JJF) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., | ) ) ) | |
| Defendants. | ) ) | |

REPLY BRIEF IN SUPPORT OF PLAINTIFFS CHI MEI OPTOELECTRONICS'
MOTION TO COMPEL DEFENDANTS LG DISPLAY
TO RESPOND TO INTERROGATORIES

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Alexander C.D. Giza
Adam Hoffman
Thomas C. Werner
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market St.
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*Chi Mei Optoelectronics Corporation*

Dated: September 5, 2008

TABLE OF CONTENTS

Page

I.      INTRODUCTION.............................................................................................................1

II.     ARGUMENT ..................................................................................................................2

        A.      CMO's Interrogatories Are Proper Under The Current Docket Control
                Order And LGD Must Respond To Them..........................................................2

        B.      LGD's Opposition Fails To Justify Its Refusal To Respond To
                Discovery.............................................................................................................4

III.    CONCLUSION ...............................................................................................................6

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Biosystems, Inc. v. Cruachem, Inc.*,
   1990 WL 495458 (D. Del. Aug. 3, 1990) ..................................................................... 4

*Cagle v. Cooper Cos.*,
   1996 WL 345771 (S.D.N.Y. June 24, 1996) ................................................................. 3

*In re Judzewitsch*,
   2008 WL 817108 (Bank. E.D. Tenn. March 26, 2008) ................................................ 2

*In re Miller*,
   485 F.2d 74 (5th Cir. 1974) .......................................................................................... 2

*Sandata Technologies, Inc. v. Infocrossing Inc.*,
   2007 WL 2609440 (S.D.N.Y. July 19, 2007) ............................................................. 3

*Sherr v. Johnston*,
   216 F. Supp. 123 (S.D.N.Y. 1963) .............................................................................. 3

*Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*,
   707 F. Supp. 1429 (D. Del. 1989) ................................................................................ 4

**Other Authorities**

15 CHARLES ALAN WRIGHT ET AL.,
   FEDERAL PRACTICE AND PROCEDURE § 3846 (2008) ................................................... 2

**Rules**

Fed. R. Civ. P. 26(d) ........................................................................................................... 1

## I.    INTRODUCTION

As Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. ("CMO") explained in its opening brief, defendants LG Display Co., Ltd. and LG Display America, Inc. ("LGD") have refused to provide any substantive response to the three interrogatories CMO served in this case pursuant to the Docket Control Order issued by Judge Ward. The basis for LGD's refusal is its opinion that CMO's three interrogatories are "premature." *See, e.g.*, D.I. 99-1 Ex.[1] 6, at 5 (Interrogatory response) ("LG Display objects on the ground that this Interrogatory is premature.") (citing Fed. R. Civ. P. 26(d)); Ex. 9 (arguing that "LGD properly objected that the three recent interrogatories are premature in the transferred case (08-355-JJF)"). CMO's motion thus raises a simple, straightforward issue of law: when a Court issues a discovery order in a case that it later transfers to another district—and the discovery order is not modified by the transferee Court—may the parties ignore the Order from the transferring Court? LGD argues that the parties are free to ignore the Order. It is wrong.

It took CMO a mere seven pages to fully analyze this question, and to cite to the dispositive case authority explaining that, unless and until the transferee Court modifies the Orders of the transferring Court, those Orders remain in effect. In a meandering 30-page opposition, LGD provided a laundry list of reasons why it feels justified in ignoring Judge Ward's Order. One thing it does not do, however, is cite to any authority even suggesting that it has the option of ignoring Judge Ward's Order simply because it feels justified in doing so.

LGD cites to no such authority because there is none. As CMO explained in its opening brief, a transfer between districts has no impact on the procedural posture of that case; the case arrives in the transferee Court "unchanged and unimpeded." All of LGD's arguments about how

---

[1] Exhibit references are to the Exhibits attached to CMO's Motion. CMO also attaches Exhibit 9 to this Reply, the text of the August 7, 2008 email from Richard Kirk to the Court.

and when the schedule in this case should or should not be modified, whether this case should be consolidated, what dates should appear on a consolidated schedule, and whether LGD may preserve various objections are true red herrings. While CMO agrees that this case should eventually be consolidated, with a modified discovery schedule, this belief does not grant CMO the authority to ignore Judge Ward's Order unless and until this Court agrees with CMO. Likewise, LGD does not have the authority to ignore Judge Ward's Order. For some reason, however, LGD believes that it does.

## II.    ARGUMENT

### A.    CMO's Interrogatories Are Proper Under The Current Docket Control Order And LGD Must Respond To Them

LGD cannot ignore interrogatories that it does not want to answer. CMO served these disputed interrogatories pursuant to Judge Ward's March 4, 2008 Docket Control Order. This Order, which CMO and LGD jointly proposed while a motion to transfer this action was pending, authorized the parties to serve interrogatories at any time through June 2009. *See* D.I. 99-1 Ex. 3. Pursuant to this Order, both LGD and CMO have served and responded to discovery. On June 9, 2008, the Order transferring this action in its entirety was sent to this District.

When this case was transferred from Texas, Judge Ward's Docket Control Order came with it. *See, e.g.,* 15 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3846 (2008) ("When an action is transferred, it remains in the posture it was in and all further proceedings in the action merely are referred to and determined by the transferee tribunal, leaving untouched whatever already has been done in the transferor court."); *In re Miller*, 485 F.2d 74, 76 (5th Cir. 1974); (holding that a deadline was not "rendered nugatory" by a transfer, because "the orders issued prior to the transfer continued as though the case were still pending in the original district"); *In re Judzewitsch*, 2008 WL 817108, at *1 (Bank. E.D. Tenn. March 26,

2008) (holding that a deadline for filing a creditor's claim remained in effect after transfer, under the rule that "a change of venue does not alter an action procedurally, and it arrives in its transferee court unchanged and unimpeded"). Because this Court has not modified the Docket Control Order, it remains in force to this day.

In 30 pages of briefing, LGD cites a mere three cases, none of which can or do provide any exceptions to this rule. LGD cites *Sherr v. Johnston,* 216 F. Supp. 123, 124 (S.D.N.Y. 1963), for the unremarkable proposition that "all proceedings [in a transferred action] are now under this Court's control," D.I. 100 at 25. LGD further relies on *Cagle v. Cooper Cos.*, 1996 WL 345771, at *9 (S.D.N.Y. June 24, 1996), for the similarly non-controversial point that "the transferee courts *can* deal with any requests for modification of the dates." *Id.* at 27 (emphasis added). Indeed, CMO cited *Cagle* for the very same proposition in its opening brief. D.I. 98 at 7. Both cases confirm what CMO explained in its opening brief—that the transferee Court *may* modify the Docket Control Order, and adjust the schedule in this action, if and when it chooses. In this case, however, there have been no modifications to Judge Ward's Docket Control Order.

LGD cites *Sandata Technologies, Inc. v. Infocrossing Inc.*, 2007 WL 2609440 (S.D.N.Y. July 19, 2007) to support its argument that it may refuse to comply with Judge Ward's Docket Control Order. But LGD has overlooked the critical fact of this case: in *Sandata* the transferring *court had not yet issued an order permitting discovery at the time of the transfer*. The *Sandata* court expressly noted "[n]o Scheduling Order in the [transferred] New Jersey case was sought or issued." *Id.* at *2. Here, in contrast, LGD and CMO *did* seek and obtain an order from Judge Ward permitting discovery that was in effect at the time of the transfer. Thus, this case came to this Court with a valid discovery Order in effect. Under the reasoning of the *Sandata* court—

which is consistent with every other case on point—the transfer of this action from Texas to
Delaware did not alter CMO's ability or right to take discovery.

### B.    LGD's Opposition Fails To Justify Its Refusal To Respond To Discovery

Because LGD is unable to cite to any authority to refute the simple issue raised by CMO's
motion, LGD attempts to divert attention with a number of irrelevant arguments. The Court
should not be misled.

LGD argues that the parties' pending motions to consolidate this action with the initial
Delaware action operate to suspend discovery in this action. *See* D.I. 100 at 14 ("[A]ny
discovery sought specifically for this case only should await the entry of a Scheduling Order for
this case that takes into account the pending Consolidated action . . . ."). But the law is clear that
a party cannot avoid responding to discovery simply by filing a motion, even a motion explicitly
seeking to stay that discovery; unless and until this Court issues an order that relieves LGD of its
discovery obligations, it is required to respond to CMO's discovery requests. *See, e.g., Willemijn
Houdstermaatschaapij BV v. Apollo Computer Inc.,* 707 F. Supp. 1429, 1441 (D. Del. 1989)
(ordering defendant to respond to interrogatories: "Defendant's argument assumes that the
moment it has filed a motion to stay discovery on the damages issue, it need no longer obey basic
discovery rules. . . . [U]nless and until it is granted a stay, defendant should be required to
conduct discovery as if no motion had been filed at all."); *see also Applied Biosystems, Inc. v.
Cruachem, Inc.,* 1990 WL 495458, *2 (D. Del. Aug. 3, 1990) ("[T]he fact that ABIO has pending
a motion to sever antitrust issues from patent issues does not impact upon its duty under the
Federal Rules of Civil Procedure and under the stipulated order to conduct discovery on all
issues in this case."). LGD in essence argues for a "unilateral stay" of discovery, which is
improper. *See Applied Biosystems,* 1990 WL 495458 at *1.

LGD also argues that "the Scheduling Order in the Consolidated Action governs CMO's transferred claims." D.I. 100 at 22; *see also id.* at 20 ("The Scheduling Order in the Consolidated Action, therefore, should apply to the overlapping discovery.") But this action has not yet been consolidated with any other cases—although there are pending motions to consolidate this case and make appropriate modifications to the scheduling order in the initial Delaware action to permit the necessary discovery in this case. *See* 06-726 D.I. 296 at 6–8 (Opening Brief in Support of CMO's Motion to Consolidate) (explaining why specific discovery extensions are needed if consolidation is granted); 06-726 D.I. 359 (Reply Brief in Support of CMO's Motion to Consolidate) (same). Again, CMO does not dispute that this Court has the authority to modify the scheduling order in this case to accommodate consolidation with other cases, and, in fact, CMO has moved this Court to do just that. Unless and until this Court issues a modified scheduling order, however, Judge Ward's existing Order remains in place, and LGD cannot simply choose to ignore it. Indeed, by doing so, LGD risks sanctions.

LGD also argues that CMO does not have the right to serve discovery in this action because it could have served similar discovery in the initial Delaware action. LGD claims that CMO's three interrogatories are improper because "[t]he Consolidated Action involves CMO's patents and CMO should have asserted its infringement claims in the Consolidated Action." D.I. 100 at 24; *see also id.* at 29-30 ("LG Display objects to CMO seeking in the transferred case discovery that CMO . . . could and should have sought, in the Consolidated Action."). LGD, however, does not cite to a single legal authority suggesting that LGD, not CMO, may determine what discovery CMO can serve in which case. Moreover, LGD ignores the fact that this case has not yet been consolidated with any other case, and the issues on which CMO sought discovery are largely unique to this case. For example, CMO's infringement claims are pending only in this

action (and not in the initial Delaware action). Thus the two CMO Interrogatories that seek discovery regarding those claims could only be served properly in this action. *See* D.I. 99-1, Exs. 5, 6 (interrogatories seeking information on LGD products accused of infringement and the basis for LGD's affirmative defenses). And, while LGD is correct that CMO's Interrogatory No. 3 is directed at the patents that LGD asserted against CMO, *see id.* at Ex. 6, LGD fails to note that LGD asserted infringement of those patents as counterclaims *in this action*. CMO's Interrogatory No. 2 therefore is entirely appropriate and proper.

Finally, LGD contends that CMO's motion to compel would force LGD to "essentially waive all of the other objections" LGD raised to CMO Interrogatories. D.I. 100 at 16. That is incorrect. By this motion CMO is not seeking to force LGD to waive or abandon all of its objections. Rather, LGD must provide a complete, substantive answer which it can make *subject to each of its objections*. The parties can argue over the propriety of these objections when admissibility of the answers becomes an issue. This is standard practice for responding to interrogatories. For now, CMO simply needs a complete, substantive answer, not merely a series of objections.

**III.    CONCLUSION**

In accordance with the case management orders governing this action, CMO respectfully requests that the Court order LGD to immediately provide a complete, substantive response to CMO's Interrogatories (which it can provide subject to its objections).

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Alexander C.D. Giza
Adam Hoffman
Thomas C. Werner
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010

Dated:  September 5, 2008
881277

POTTER ANDERSON & CORROON LLP


By:  _____

     Philip A. Rovner (#3215)
     Hercules Plaza
     1313 N. Market St.
     P.O. Box 951
     Wilmington, Delaware  19899-0951
     (302) 984-6000
     provner@potteranderson.com

*Attorneys for Plaintiff*
*Chi Mei Optoelectronics Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on September 5, 2008, the within

document was filed with the Clerk of the Court using CM/ECF which will send notification of

such filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY CM/ECF, HAND DELIVERY AND E-MAIL

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

I hereby certify that on September 5, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com; mbailey@mckennalong.com
lbrzezynski@mckennalong.com; cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT 1

From: Richard Kirk
Sent: Thursday, August 07, 2008 1:41 PM
To: jjf_civil@ded.uscourts.gov
Cc: Rovner, Philip A.; Pascale, Karen
Subject: LG Display Co. Ltd. v. Chi Mei Optoelectronics, C.A. No. 06-726 and 07-357-JJF, and Chi Mei
Optoelectronics v. LG Display Co., Ltd., et al., C.A. No. 08-355-JFF

RE:  LG Display Co., Ltd. v. Chi Mei Optoelectronics, et al., C.A. No. 06-726-JJF and 07-357-JJF and Chi
Mei Optoelectronics v. LG Display Co., Ltd., et al., C.A. No. 08-355-JFF

Dear Judge Farnan:

        I write on behalf of plaintiff LG Display Co., Ltd. ("LGD") in response to Mr. Rovner's August 6,
2008 e-mail to the Court on behalf of Chi Mei Optoelectronics Corporation ("CMO").  LGD objects to
CMO's use of the Court's emergency procedures for a dispute that should have been raised
through standard motion procedures.  LGD has several important discovery issues of its own to raise,
including CMO's failure to produce essential technical and sales information.  LGD believes that requests
to compel discovery, however, should be the subject of properly filed motions and responses.
Accordingly, LGD requests that the Court either deny CMO's request outright or order CMO to file an
appropriate motion to which LGD can fully respond.

        CMO recently served these three interrogatories in the Texas case **after it was transferred here**,
even though interrogatories were permitted as early as October 2007.  CMO did not serve any
interrogatories in Texas prior to transfer in May 2008.  Instead, CMO waited until after the case was
transferred to this Court, and then attempted to avoid scheduling and discovery limitations in Delaware by
serving these interrogatories in the transferred Texas case.  This was improper because CMO could not
have served these interrogatories in the already pending Delaware case as (i) the deadline for service of
contention interrogatories had already expired, and (ii) CMO USA had already served two sets of
interrogatories on LGD and has exceeded the permissible number of interrogatories permitted by the
Scheduling Order.

        LGD properly objected that the three recent interrogatories are premature in the transferred case
(08-355-JJF).  *See* Fed. R. Civ. P. 33(a) and Fed. R. Civ. P. 26(d).  LGD also asserted other appropriate
objections, including that the interrogatories (i) are untimely under the Scheduling Order in the Delaware
case, (ii) exceed the permissible number of interrogatories, (iii) are vague and ambiguous, and (iv) are
overly broad and burdensome such that compiling all of the requested information would require
substantial effort and expense that outweighs any relevance or benefit and is contrary to Fed. R. Civ. P.
26(b)(2)(C)(iii).  If CMO wishes to pursue responses in the face of those objections, the proper procedure
is to file a motion.

        Because all of the patents at issue in Texas have been at issue in the Delaware case for several
months, there is no excuse for CMO's failure to serve these interrogatories sooner (other than to seek a
tactical advantage and obtain additional interrogatories by serving them after the Texas case was
transferred to Delaware).  Significantly, CMO's motion to consolidate and extend discovery deadlines did
not seek additional interrogatories.  Thus, if the Court consolidates the Texas case with the Delaware
case, CMO will not be permitted to serve these additional contention interrogatories.

Respectfully submitted,

Richard D. Kirk (rk0922)
Bayard
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130 (19801 for couriers)

(302) 655-5000 (main)
(302) 429-4208 (direct)