IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**REDACTED**

| | |
|---|---|
| LG DISPLAY CO., LTD., ) | |
| ) | C.A. No. 06-726-JJF |
| Plaintiff, ) | C.A. No. 07-357-JJF |
| v. ) | C.A. No. 08-355-JJF |
| ) | |
| AU OPTRONICS CORPORATION; ) | **CONSOLIDATED CASES** |
| AU OPTRONICS CORPORATION ) | |
| AMERICA; CHI, MEI OPTOELECTRONICS ) | **\*\*\*\* FILED UNDER SEAL \*\*\*\*** |
| CORPORATION; and CHI MEI ) | **Contains Confidential and Highly** |
| OPTOELECTRONICS USA, INC., ) | **Confidential Information Subject to** |
| ) | **Protective Order** |
| Defendants. ) | |

**AUO'S MOTION *IN LIMINE* NO. 7 TO PRECLUDE LGD'S RELIANCE ON
CERTAIN PRIOR ART PRODUCTS AND FOREIGN LANGUAGE REFERENCES**

OF COUNSEL:

Vincent K. Yip
Peter J. Wied
Terry D. Garnett
PAUL HASTINGS JANOFSKY & WALKER LLP
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071


WILSON SONSINI GOODRICH & ROSATI

Ron E. Shulman
Monica Mucchetti Eno
650 Page Mill Road
Palo Alto, CA 94304

Julie M. Holloway
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105

M. Craig Tyler
Brian D. Range
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759

Richard H. Morse (#531)
John W. Shaw (#3362)
Karen L. Pascale (#2903)
Andrew A. Lundgren (#4429)
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kpascale@ycst.com

*Attorneys for AU Optronics Corporation*

May 15, 2009

Redacted Version: May 22, 2009

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. FACTS ..... 2

    A. AUO Timely Sought LGD's Invalidity Contentions ..... 2

    B. LGD's Identification of New Prior Art References in Its Invalidity Expert Reports ..... 3

    C. LGD Relies on Inadmissible Hearsay and Unauthenticated Documents in an Effort to Establish the "Prior" Nature of the iPAQ, Godzilla and LGD LC151X01 Product ..... 3

        1. Evidence Related to the iPAQ Physical Samples ..... 4

        2. Evidence Related to the Godzilla Module Assembly ..... 5

        3. Evidence Related to the LC151X01 Product ..... 6

III. ARGUMENT ..... 6

    A. AUO Has Been Prejudiced By Its Inability to Take Discovery on Any of the Newly Asserted Prior Art Products ..... 6

        1. LGD's Foreign Prior Art References ..... 8

    B. LGD Has No Admissible Evidence From Which It Can Establish the "Prior" Nature of the iPAQ, Godzilla and LGD LC151X01 Products ..... 9

        1. The Documentation Relied Upon by Smith-Gillespie Regarding the Godzilla and iPAQ Physical Samples Has Not Been Authenticated ..... 9

        2. Documentation Relied on By Mr. Smith-Gillespie Regarding the Godzilla, iPAQ Physical Samples, and LC151X01 Is Inadmissible Hearsay ..... 10

V. CONCLUSION ..... 12

## TABLE OF AUTHORITIES

**Page**

**CASES**

*3M Innovative Props. Co. v. Barton Nelson, Inc.*, No. Civ. 02-3591 PAMRLE,
2004 WL 2453049 (D. Minn. Oct. 24, 2004) .................................................................. 8-9

*Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272 (Fed. Cir. 2000) .......................... 8

*AstraZeneca AB v. Mutual Pharm. Co.*, 278 F. Supp. 2d 491 (E.D. Pa. 2003),
aff'd, 384 F.3d 1333 (Fed. Cir. 2004) (same) .................................................................. 8

*Edizone, L.C. v. Cloud Nine*, No. 1:04-CV-117,
2008 WL 584991 (D. Utah Feb. 29, 2008) ...................................................................... 8

**RULES**

Fed. R. Evid. 801, 802 ............................................................................................................. 10

Fed. R. Evid. 901 ........................................................................................................................ 9

Fed. R. Civ. P. 26(e) ............................................................................................................... 1, 2

## I. INTRODUCTION

Defendants AU Optronics Corporation and AU Optronics Corporation America (collectively "AUO") move *in limine*, pursuant to Federal Rules of Civil Procedure 26(e) and 37(c)(1), to prevent plaintiff LG Display Co. and LG Display America, Inc. ("LGD") from relying on any of the prior art products or foreign language references it did not identify in its invalidity contentions. Specifically, AUO seeks to exclude prior art products and foreign language references that LGD did not identify as potentially-invalidating references until two months after the close of fact discovery. These include three of LGD's own products, four third-party products, one Korean-language reference and six Japanese-language references.

LGD should be precluded from relying on these references because AUO has been substantially prejudiced by LGD's failure to timely disclose them. With respect to the prior art products, AUO had no meaningful opportunity to take fact discovery from the companies to whom LGD alleges sold these products: LGD, Hewlett Packard, Palm, Inc., Fossil, Inc. and Three Five Systems, Inc. Thus, AUO was unable to confirm the design and operation of these products or even test LGD's claim that they constitute prior art. With respect to the foreign language references, because of the delays inherent in translation, AUO was unable to obtain its own English translations for these references in sufficient time to have them all reviewed and considered by its expert. LGD has never come forward with a justifiable excuse for failing to identify these alleged prior art references earlier. For these reasons, LGD should be precluded from relying on them.

LGD should also be precluded from relying on the late-identified prior art products for an additional reason. LGD has only advanced unauthenticated documents and hearsay evidence as alleged support for the prior nature of the LGD, HP and Godzilla products. The evidence LGD seeks to rely upon to establish that these products are "prior" art is not admissible under the

Federal Rules of Evidence. Because LGD cannot establish that the LGD and third-party products are even prior art, LGD will not be prejudiced by their exclusion.

## II. FACTS

### A. AUO Timely Sought LGD's Invalidity Contentions

AUO's March 28, 2008 Second Set of Interrogatories to LGD requested, among other things, information concerning LGD's invalidity contentions. Specifically, Interrogatory No. 15 asked LGD to identify all prior art references on which it relied in seeking a declaratory judgment of invalidity together with a claim chart identified where each element is disclosed in each reference. Declaration of Monica Mucchetti Eno ("Eno Decl.") Ex. 1. In addition, Interrogatory No. 17 sought the same information for any of the prior art references which LGD contends in this lawsuit invalidate any AUO Patent in Suit. *Id.* Pursuant to the June 24, 2008 Stipulation and Order Regarding Extension of Document Production Deadline and Extension of Time to Respond to Interrogatories (hereafter "Court's June 24, 2008 Order"), the deadline for LGD to provide its response to these contention interrogatories was July 18, 2008.[1] *See* D.I. 293.

LGD served its first substantive response to Interrogatory No. 15 on July 21, 2008 and a further supplemental response to that interrogatory on October 24, 2008. *See* Eno Decl. Exs. 2-3. LGD's responses included approximately fifty pages of claim charts covering each of the asserted AUO patents and identified – by Bates Number – some 28 prior art references that LGD might rely on to invalidate the asserted claims of AUO's patents. *See id.* LGD never served a supplemental response to Interrogatory No. 17 nor did it supplement or further refine its invalidity contentions before fact discovery closed on December 17, 2008, or before the extended party deposition deadline of January 23, 2009.

---

[1] Although the Court deadline for completion of contention interrogatories was July 18, 2008, the parties served only the Rule 11 basis for their contentions at that time and were to supplement their responses in accordance with Rule 26(e).

### B. LGD's Identification of New Prior Art References in Its Invalidity Expert Reports

LGD served its invalidity expert reports on February 27, 2009. In its reports, LGD identified 31 new prior art references that LGD had never previously identified – much less laid out in claim charts. Those references included, *inter alia*, three of LGD's own products (the LGD Product LC151X01, LGD Product LT060V1 and LGD Product LT071V1), four third-party products (the HP iPAQ h2210 and HP iPAQ h1910 device, a Palm Pilot 5000 device and the Godzilla Product) and seven foreign language references (Korean Patent 10-0676092, the Haniyu reference, Shimada reference, Hayashi reference, Mori reference, Yokota reference and Iwamoto reference). To make matters even worse, six of these fourteen references were produced for the first time only days before the expert report deadline. Moreover, LGD did not produce complete translations for *any* of the seven foreign-language references until February 18, 2009.

In contrast to LGD's hide-the-ball tactics, AUO supplemented its own invalidity contentions on five separate occasions between July 18, 2008 and the close of fact discovery on December 17, 2008. *See* Eno Decl. Exs. 4-7. In fact, AUO served supplemental invalidity contentions (as well as infringement contentions) on December 17, 2008, to ensure that its contentions were full and complete as of the date discovery closed. *See* Eno Decl. Ex. 8. As a result, LGD had prior notice of the prior art references relied on by AUO's invalidity experts.

### C. LGD Relies on Inadmissible Hearsay and Unauthenticated Documents in an Effort to Establish the "Prior" Nature of the iPAQ, Godzilla and LGD LC151X01 Products

In his expert report on the validity of AUO's U.S. Patent No. 7,090,506 (the "'506 patent") and U.S. Patent No. 6,976,781 (the "'781 patent"), LGD's expert Mr. Smith-Gillespie relies on various items of "evidence" to establish the alleged prior nature of the iPAQ products, "Godzilla" module assembly, LGD's LC151X01 product. This purported evidence on which

LGD relies is no "evidence" at all since it is inadmissible hearsay and/or based on unauthenticated documents.

### 1. Evidence Related to the iPAQ Physical Samples

REDACTED

There is not, however, any testimony from Hewlett Packard regarding the iPAQ physical samples, let alone testimony that authenticates or explains these specific documents.

While LGD subpoenaed Hewlett Packard for information regarding Hewlett Packard's iPAQ products (Eno Decl. Ex. 11), LGD narrowed the scope of its subpoena to exclude discovery on those devices. Eno Decl. Ex. 12. And, while LGD eventually deposed Hewlett Packard in this matter, none of the aforementioned documents relied upon by Mr. Smith-Gillespie were authenticated or otherwise raised by LGD at the deposition. Thus, there is no basis for either LGD or its expert Mr. Smith-Gillespie to rely on these purported documents as evidence.

REDACTED

REDACTED

REDACTED

In short, Mr. Smith-Gillespie has no relevant personal knowledge regarding the alleged iPAQ products.

### 2. Evidence Related to the Godzilla Module Assembly

REDACTED

REDACTED

REDACTED

REDACTED

3. Evidence Related to the LC151X01 Product

REDACTED

## III. ARGUMENT

### A. AUO Has Been Prejudiced By Its Inability to Take Discovery on Any of the Newly-Asserted Prior Art Products

LGD's failure to timely identify the prior art products on which its expert now relies has imposed substantial prejudice on AUO. Because LGD did not identify the LGD, HP, Palm and Godzilla products as alleged prior art until only three months before trial, AUO had no

---

[3] Other than the hearsay testimony of Mr. Glinski, LGD has no other witness who could potentially establish the date of first use of the Godzilla module assembly.

opportunity to obtain fact discovery regarding these products—fact discovery which might have conclusively established that the products are not prior art as LGD contends. AUO would have needed significant discovery on these products, including at least information on the following:

- whether the drawings provided for the various alleged prior art products depicts the configuration/design actually sold to customers;

- when the drawings for the alleged prior art products were finalized;

- who manufactured the alleged prior art products;

- whether the manufacturer might have used a prior or different design for the product than shown in the drawings produced by LGD;

- the details (including especially dates and model information) surrounding the alleged sale or use of the LGD or third party product into the United States;

- in those instances where LGD has produced sales data, what the dates in the sales spreadsheet represent and whether they are accurate;

- whether the alleged shipments were destined and ended up in the United States and at what date;

- who were the individuals most knowledgeable about the products so that AUO could consider bringing them to trial as a live witness;

- whether the products actually included the patented elements; and

- whether there were changes, cancellations, or modifications to the sales orders.

LGD's tactics have denied AUO any chance of obtaining this necessary discovery from the four third-parties whose products LGD now relies upon: Hewlett Packard, Palm, Inc., Fossil, Inc.,[4] and Three Five Systems, Inc.[5] LGD's opening invalidity expert reports were served on

---

[4] The Godzilla Product relied on by LGD is allegedly used in a personal digital assistant ("PDA") watch sold by Fossil, Inc. under the Fossil brand.

[5] The drawings for the Godzilla Product indicate that the product was made by a company called Three Five Systems, Inc. However, according to Three Five's 8-K filings with the Securities and Exchange Commission, Three Five Systems filed for bankruptcy in September 2005 and is now defunct. *See* Eno Decl. Exs. 13-14. Therefore, it would take AUO far longer

*(Footnote cont'd on next page.)*

February 27, 2009. Thus, even if AUO had been able to obtain an extension of the discovery deadline within one week of LGD's opening invalidity reports and quickly secure third-party depositions within three weeks thereafter (an extremely unlikely outcome), AUO could not have obtained third party deposition testimony until late March at the earliest. This would have left AUO and its experts with no time to analyze the testimony before rebuttal expert reports were due and expert depositions and pretrial submissions were well under way.

AUO would have faced similar hurdles in trying to hurriedly schedule, prepare for, and take the depositions of LGD witnesses relating to LGD's three newly asserted prior art products of its own. Thus, there is no way AUO could have performed the fact discovery and analysis needed to meaningfully rebut these references without postponement of the trial date. The case law is clear that this constitutes severe prejudice. *Edizone, L.C. v. Cloud Nine*, No. 1:04-CV-117 TS, 2008 WL 584991, at *5 (D. Utah Feb. 29, 2008) (finding prejudice where introduction of late-disclosed art would have required reopening of discovery and likely continuance of trial date); *AstraZeneca AB v. Mutual Pharm. Co.*, 278 F. Supp. 2d 491, 507 (E.D. Pa. 2003), *aff'd*, 384 F.3d 1333 (Fed. Cir. 2004) (same).

### 1. LGD's Foreign Prior Art References

LGD's late-asserted foreign references also pose an incurable challenge to AUO at this late juncture. In order to effectively analyze foreign references asserted by LGD, AUO had to obtain its own translations of these references.[6] Unless AUO had paid significantly more for

---

*(Footnote cont'd from previous page.)*

than one month to locate and subpoena even one former employee of Three Five with knowledge of the Godzilla product.

[6] In order to invalidate a given claim, a reference must – alone or in combination – possess each and every element of that claim. *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000); *3M Innovative Props. Co. v. Barton Nelson, Inc.*, No. Civ. 02-3591

*(Footnote cont'd on next page.)*

expediting, it took AUO's translation company approximately four weeks to turn around the translations for the late-disclosed foreign references. Therefore, as with the prior art products, AUO could not have had the information it needed regarding the foreign references, *i.e.*, its own certified translations, to have made meaningful use of that information in its rebuttal briefing or expert discovery period.

### B. LGD Has No Admissible Evidence From Which It Can Establish the "Prior" Nature of the iPAQ, Godzilla and LGD LC151X01 Products

#### 1. The Documentation Relied upon by Smith-Gillespie Regarding the Godzilla and iPAQ Physical Samples Has Not Been Authenticated

As a condition precedent to the admissibility of evidence, there must first be evidence sufficient to show that the matter in question is what its proponent claims. Fed. R. Evid. 901. None of the documentation upon which Mr. Smith-Gillespie seeks to rely regarding the prior art status of the iPAQ physical samples or the Godzilla module assembly has been authenticated. Indeed, although LGD deposed a Hewlett Packard corporate representative, LGD deliberately chose not to authenticate a Hewlett Packard produced spreadsheet purporting to show that iPAQ h2210 devices were on sale prior to August 19, 2003, or otherwise obtain testimony on either of the physical samples it now seeks to rely. Similarly, LGD chose not to take discovery from Three-Five Systems, Inc., Fossil, Abacus or Mr. Glinski – Mr. Smith Gillespie's "contact" at Three-Five Systems.

**REDACTED**

---

*(Footnote cont'd from previous page.)*

PAMRLE, 2004 WL 2453049, at *4 (D. Minn. Oct. 24, 2004). The degree to which elements of the asserted claims are, or are not, disclosed in a given reference could very well turn on the translation of one or two words. So could whether the reference "teaches away" from the claimed invention, making it unavailable for use in an obviousness combination. Thus, no matter how well-intentioned or credentialed the translation company used by LGD may be, AUO must be afforded an opportunity to secure its own certified translations of any foreign references.

REDACTED

Thus, there can be no dispute that each and every piece of documentation upon which LGD relies to establish the prior art status of the iPAQ physical sample and the Godzilla module assembly has not met the condition precedent for admissibility.

### 2. Documentation Relied on by Mr. Smith-Gillespie Regarding the Godzilla, iPAQ Physical Samples, and LC151X01 Is Inadmissible Hearsay

It is fundamental that, absent an exception, a statement, other than one made by the declarant while testifying at trial or a hearing, offered in evidence to prove the truth of the matter asserted, is not admissible. Fed. R. Evid. 801, 802.

REDACTED

REDACTED

When used in this manner, this documentation is inadmissible as hearsay.

REDACTED

REDACTED

When used in this manner, this documentation and the conversation also constitutes inadmissible hearsay.

REDACTED

# REDACTED

Based on their content and the purpose for which Mr. Smith-Gillespie relies on them, the aforementioned documentation and alleged conversation offered in support of the iPAQ products, Godzilla module assembly, and LC151X01 is inadmissible as hearsay.

## V. CONCLUSION

Accordingly, for the foregoing reasons, AUO respectfully requests that the Court grant AUO's motion *in limine* number 7 and issue an order preventing LGD from relying on the aforementioned prior art references.

Dated: May 15, 2009

OF COUNSEL:

Vincent K. Yip
Peter J. Wied
Terry D. Garnett
PAUL HASTINGS JANOFSKY & WALKER LLP
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071

WILSON SONSINI GOODRICH & ROSATI

Ron E. Shulman
Monica Mucchetti Eno
650 Page Mill Road
Palo Alto, CA 94304

Julie M. Holloway
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105

M. Craig Tyler
Brian D. Range
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Richard H. Morse (# 531)
John W. Shaw (# 3362)
Karen L. Pascale (# 2903)
Andrew A. Lundgren (#4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kpascale@ycst.com

*Attorneys for AU Optronics Corporation and AU Optronics Corporation America*

## **CERTIFICATE OF SERVICE**

I, Karen L. Pascale, Esquire, hereby certify that on May 22, 2009, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard D. Kirk [rkirk@bayardfirm.com]
>Stephen P. Brauerman [sbrauermsan@bayardfirm.com]
>THE BAYARD FIRM
>222 Delaware Avenue, Suite 900
>P.O. Box. 25130
>Wilmington, DE 19899-5130
>   *Attorneys for LG Display Co., Ltd. and LG Display America, Inc.*

>Philip A. Rovner [provner@potteranderson.com]
>David E. Moore [dmoore@potteranderson.com]
>POTTER, ANDERSON & CORROON
>6th Floor, Hercules Plaza
>1313 N. Market Street
>Wilmington, DE 19801
>   *Attorneys for Chi Mei Optoelectronics Corporation
>   and Chi Mei Optoelectronics USA, Inc.*

I further certify that I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>***By E-mail***

>Gaspare J. Bono [gbono@mckennalong.com]
>R. Tyler Goodwyn [tgoodwyn@mckennalong.com]
>Lora A. Brzezynski [lbrzezynski@mckennalong.com]
>Cass W. Christenson [cchristenson@mckennalong.com]
>John W. Lomas, Jr. [jlomas@mckennalong.com]
>MCKENNA LONG & ALDRIDGE LLP
>1900 K Street, NW
>Washington, DC 20006
>   *Attorneys for LG Display Co., Ltd. and LG Display America, Inc.*

    Jonathan S. Kagan [jkagan@irell.com]
    Alexander C.D. Giza [agiza@irell.com]
    Adam S. Hoffman [ahoffman@irell.com]
    Thomas C. Werner [twerner@irell.com]
    Richard E. Lyon [rlyon@irell.com]
    Maclain Wells [mwells@irell.com]
    IRELL & MANELLA LLP
    1800 Avenue of the Stars
    Suite 900
    Los Angeles, CA 90067

*Attorneys for Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc.*

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

May 22, 2009

Richard H. Morse (No. 531) *[rmorse@ycst.com]*
John W. Shaw (No. 3362) *[jshaw@ycst.com]*
Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
Andrew A. Lundgren (No. 4429) *[alundgren@ycst.com]*
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

*Attorneys for AU Optronics Corporation and AU Optronics Corporation America*

2